IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDWARD A. BERMAN, on behalf of himself and all others similarly situated, ) ) ) | |
| ) | Case No. 08 C 325 |
| Plaintiff, ) ) | |
| ) | Judge Amy J. St. Eve |
| v. ) ) | |
| ) | Magistrate Judge Morton Denlow |
| IMNY, CHICAGO, LLC d/b/a Il Mulino, ) ) | |
| Defendant. ) | |

## **DEFENDANT IMNY, CHICAGO, LLC'S MOTION TO DISMISS**

Defendant, IMNY, CHICAGO, LLC (herein "IMNY"), through its attorneys Regas, Frezados & Dallas, LLP, requests this Court to Dismiss the Plaintiff's, Edward A. Berman's (herein "Berman"), First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and in support thereof states as follows:

Defendant requests that this Court dismiss Count I of First Amended Complaint because Plaintiff fails to allege facts which support the legal conclusion that Defendant's alleged conduct violative of FACTA was "willful", and requests that this Court dismiss Count II of First Amended Complaint with prejudice because Plaintiff lacks standing to seek injunctive relief under FACTA.

### Introduction

IMNY requests that this Court dismiss Count I of First Amended Complaint because Berman fails to allege facts which support the legal conclusion that IMNY's alleged conduct violative of FACTA was "willful", and further requests that this Court dismiss Count II of First Amended Complaint with prejudice because Plaintiff lacks standing to seek injunctive relief under FACTA.

Berman brings this action alleging that IMNY has "willfully" violated the FCRA as amended by FACTA. 15 U.S.C. §1681c(g)(1). The allegations plead in Count I of First Amended Complaint fail to raise the possibility of relief above the speculative level that IMNY's alleged conduct was willful because Berman fails to give notice whether he is alleging a knowing or reckless violation. Berman makes multiple allegations regarding the actions of non-parties to this suit, and congress' intent behind amending the FCRA, but makes no allegations concerning the *scienter* of IMNY. Based on this lack of notice of the grounds underlying his claim, Count I of First Amended Complaint should be stricken.

The FCRA defines and creates three remedies available to consumer plaintiffs which do not include the injunctive relief sought by Berman in Count II of First Amended Complaint. The statute at bar and the existing case-law are clear that Berman does not have standing to seek injunctive relief under the FCRA, and therefore Count II of First Amended Complaint should be dismissed with prejudice.

**Background**

IMNY operates a restaurant under the name "Il Mulino" located at 1150 North Dearborn Street, in Chicago, Illinois. On February 1, 2008, Berman filed his First Amended Complaint, alleging that IMNY "willfully" violated the FCRA as amended by FACTA by including the expiration date of the credit card used by Berman on a receipt tendered to Berman at the point of sale. 15 U.S.C. §1681c(g)(1). (Attached as Exhibit A is a copy of Berman's First Amended Complaint). Berman seeks statutory and punitive damages from IMNY pursuant to the FCRA, certification of a class of Plaintiffs, and injunctive relief. (Compl. at ¶¶ 1-26 (Count I); ¶¶s 1-32 (Count II)).

The gravamen of Berman's complaint is that IMNY "willfully" violated the FCRA by printing the expiration date of his credit card on his copy of the receipt at the point of sale. (Compl.

2

at ¶¶s 23-26).  Berman claims that IMNY's conduct was willful because the FACTA amendment to the FCRA was widely publicized in 2003, because "the vast majority of merchants accepting credit cards" complied with FACTA, and because certain credit card companies have imposed *similar* truncation guidelines.   (Compl. at ¶¶s11-13, 25-26).

FACTA creates a civil cause of action for citizens to sue for either negligent or willful violations of FACTA. 15 U.S.C. §1681n(a)(2).  Section 1681c(g)(1) of the FCRA provides a cause of action for "willful" violations of its provisions and entitles the plaintiff to recover "any actual damages sustained by the consumer as a result of the failure or damages of "not less that $100 and not more than $1000" plus the cost of suit and reasonable attorney's fees. 15 U.S.C. §1681n(a)(1)(A), (a)(3). Additionally, the statute entitles a plaintiff to seek punitive damages for a willful violation of FACTA.  15 U.S.C. §1681n(a)(2).

### ARGUMENT.

### I.
### STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Triad Assocs. v. Chicago Housing Authority*, 892 F.2d 583, 586 (7th Cir. 1989). A motion to dismiss will be granted when it is clear that the plaintiff can prove no set of facts entitling it to the relief requested. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).[1] A motion to dismiss pursuant to Federal Rule 12(b)(6) should be granted if the challenged pleading fails to state a claim upon which relief can be granted. *Corcoran v. Chicago Park District*, 875 F.2d 609, 611

---

[1] Defendant raises no fact issues for the purposes of this motion for the simple reason that the challenge presented herein is purely a question of law with no relevant fact component.  As such, Defendants specifically reserve the right to challenge any fact allegations raised by Plaintiff.  The presentation of facts, other than the statutory language and legislative history surrounding 15 U.S.C. §1681c(g)(1) presented in this motion is provided for background purposes only.

3

(7th Cir. 1989). Such a motion tests the sufficiency of the complaint, not the merits of the suit. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).

Although when considering a motion to dismiss a court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom (*see Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005)), a court is not obligated to accept a complaint that merely raises the possibility of relief. *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). In addition, a court should not strain to find inferences not plainly apparent from the face of the complaint. *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984).

Rather, to survive a 12(b)(6) motion to dismiss, the complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" (*see* Fed.R.Civ.P. 8(a)(2)), such that the defendant is given "fair notice" of what the "claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1959 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)). *See also Kyle v. Morton High School*, 144 F.3d 448 (7th Cir. 1998) (*citing Leatherman v. Tarrant County Narcotics*, 507 U.S. 163, 168, 113 S. Ct. 1160, 1163 (1993)). Additionally, while "a complaint attacked by a 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaints' allegations are true." *Twombly*, 127 S. Ct. 1955 at 1559. (Citations omitted).

## II.
## COUNT I OF PLAINTIFF'S COMPLAINT FAILS TO GIVE NOTICE OF THE CONDUCT AND FACTS THAT FORM THE BASIS BEHIND HIS CLAIM

Berman's Complaint contains no allegations that IMNY's conduct was negligent, and clearly makes no allegations that Berman suffered any actual damages from IMNY's alleged

4

conduct. Therefore, Berman has standing to file his claim only if he properly pleads that IMNY's alleged conduct was willful for purposes of FACTA. Berman's sole allegation that IMNY's conduct was willful is the following:

> "In light of the information supplied by credit card companies and organizations, as well as any contractual obligations imposed on Defendant, Defendant's failure to comply with FACTA's truncation requirement was willful." (Compl. at ¶25).

Berman places the entire weight of his legal standing to seek relief under FACTA upon this single conclusory paragraph. Count I of Berman's complaint is vague and deficient as to even the most fundamental factual allegations; IMNY cannot reasonably be required to frame a responsive pleading without a more definite statement from Berman. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).

"Willfulness" as used in the FCRA is defined to include both reckless and knowing violations of the statute. *Follman v. Hospitality Plus of Carpentersville*, 532 F.Supp.2d 960, 962 (N.D. Ill. 2007) Citing *Safeco Ins. Co. v. Burr*, 127 S.Ct. 2201 (2007). See also *Ehrheart v. Lifetime Brands, Inc*. 498 F.Supp.2d 753 (E.D. Penn. 2007).

The court in *Follman* held that the plaintiff plausibly plead that the Defendant's conduct was willful because the Plaintiff alleged that (1) "FACTA was enacted in 2003 and gave merchants three years in which to comply with the law's requirements", (2) "defendant ***knew*** of the requirements because VISA, MasterCard and the PCI Security Standards Council **informed defendant** about FACTA,  (3) "the card-issuing organizations proceeded to **require compliance with FACTA** in their contracts before the mandatory compliance date, and (4) "**most of defendant's** business peers and competitors readily brought their processes into compliance. *Id*. at 963. (Emphasis added). In

5

fact, given the allegations that have defeated 12(b)(6) motions, Berman's silence is significant.[2] Berman has made **none** of these allegations in his complaint.

### A. Complaint Does Not Specify Whether IMNY's Alleged Conduct Was Knowing Or Reckless.

Berman's complaint is additionally silent on whether IMNY's alleged conduct is willful because IMNY acted knowingly, recklessly or both. Either properly plead allegation would lend plausibility to the legal conclusion that "Defendant's failure to comply with FACTA's truncation requirement was willful." (Compl. at ¶25). In fact, the court in *Follman* suggests that general allegations of a person's state of mind may be alleged generally. *Id.* Berman never alleges either that IMNY "knowingly" violated FACTA, or that IMNY "recklessly" violated FACTA.

Berman relies only on the generally plead facts in his complaint as notice to IMNY of whether its conduct is allegedly knowing and/or reckless. Berman's complaint, therefore, fails to give IMNY the fair notice of the claim and the grounds upon which it rests required by the court in *Twombly*, 127 S. Ct. 1955 at 1559. Berman's complaint fails under *Twombly* because it does nothing more that recite the formulaic elements of a cause of action under FACTA. *Id.* at 1559.

### B. Complaint Does Not Plead Facts Sufficient To Give Notice Or Conclude Alleged Conduct Was Knowing or Reckless Violation.

As discussed above, Berman never directly alleges that IMNY's alleged conduct was a ***knowing*** or a ***reckless*** violation of FACTA. Therefore, for Berman to be basing his conclusion of willfulness upon a knowing or reckless violation of FACTA his factual allegations must reasonably give fair notice of this ground to IMNY. However, to do this, the facts alleged must raise a right to relief "above the speculative level." *Id.* Berman concludes that "In light of the information supplied by credit card companies and organizations, as well as any contractual obligations imposed on

---

[2] The court should note that plaintiff's in similar actions in many other districts have defeated 12(b)(6) motions by making very specific allegations – none of which are made by the plaintiff herein. See *Ehrheart v. Lifetime Brands, Inc*. 498 F.Supp.2d 753 (E.D. Penn. 2007); *Miller v. Sonoco*, 2008 WL 623806 (E.D. Pa. 2008);

6

Defendant, Defendant's failure to comply with FACTA's truncation requirement was willful." (Compl. at ¶25). Berman pleads only three factual allegations to support this conclusion contained in paragraphs 25-27. (Compl. at ¶¶25-27).

### 1. Paragraph 25 Does Not Raise a Right Above the Speculative Level.

Plaintiff's first factual allegation allegedly supporting his conclusory statement provides as follows:

> "After FACTA was enacted, its requirements were widely publicized among merchants accepting credit cards. For example, Visa, MasterCard, the PCI Standards Council . . . and companies selling credit card processing equipment informed their customers of FACTA and its truncation requirement." (Compl. at ¶25).

Berman does not thereafter allege that IMNY was among those who were informed of FACTA's truncation requirements. Further, Berman does not allege that IMNY was a "merchant accepting credit cards" during the time period while FACTA's "requirements were widely publicized." For example, if IMNY was not doing business during this time period, the facts plead in paragraph 25 are irrelevant and of no consequence. For the same reasons, this allegation does not suggest that "defendant knew a high risk of harm would result from its actions or that such a high risk was so obvious that defendant should have known of it" (Definition of "reckless"). *Follman v. Hospitality Plus of Carpentersville*, 532 F.Supp.2d 960, 963 (N.D. Ill. 2007). The allegations in paragraph 25 do not give IMNY fair notice of the grounds underlying Berman's claim. Any inferences drawn from this allegation about IMNY must be pure speculation.

### 2. Paragraph 26 Does Not Raise a Right Above the Speculative Level.

Plaintiff's second factual allegation allegedly supporting his conclusory statement provides as follows:

> "In addition, credit card companies such as Visa, MasterCard and American Express imposed truncation requirements similar to FACTA's on merchants accepting their cards as early as July 2003. By contract, card issuing organizations also required merchants to truncate credit info well before FACTA took effect." (Compl. at ¶26).

7

Berman does not thereafter allege that IMNY was a "merchant accepting their cards as far back as July 2003." Further, alleging an unspecified contractual arrangement between merchants accepting credit cards and credit card companies does not reasonably inform IMNY whether its grounds rely on knowing or reckless conduct. In fact, Berman only alleges that these unspecified contractual arrangements were *similar* to the requirements imposed by FACTA. This reasonably gives both IMNY and Court notice that these contractual arrangements were *not identical* to the requirements imposed by FACTA.

Berman does not allege (1) that credit card companies required the truncation of the expiration date, or (2) that IMNY is a party to any such contracts, or (3) that IMNY has violated any contracts between itself and credit card companies. Further, there is no nexus of *scienter* between violating a contract with a credit card company and "willfully" violating a statute. This paragraph only has any relevance to Berman's right to action if these contracts both required expiration date truncation and informed the parties of the existence of a comparable statute. Reviewing any such terms in a contract without notice that they mirror a federal statute may even lead the reviewer to presume that such contract terms are necessary only in the absence of a mirroring statute. However, under any reading, this allegation brings Berman's complaint no closer to providing notice to IMNY whether Berman is alleging knowing and/or reckless conduct, and fails to plead either one.

### 3. Paragraph 27 Does Not Raise a Right Above the Speculative Level.

Plaintiff's final factual allegation allegedly supporting his conclusory statement provides as follows:

> "On information and belief, the vast majority of merchants accepting credit and debit cards replaced or programmed their equipment to comply with FACTA's truncation requirements." (Compl. at ¶27).

The first problem with this allegation is that it provides no time-frame for the merchant's alleged compliance, and does not relate in any way to IMNY. Berman makes reference only to

replacing or programming the credit card equipment and this allegation therefore refers to merchants that were already doing business during the time period that FACTA was enacted. As stated above, Berman never alleges that IMNY is among this class of merchants or alleges any facts that reasonably lead to this conclusion. Berman makes no allegations which connect IMNY's conduct with the conduct of this class of merchants that are allegedly in compliance.

### 4. Berman Makes No Specific Allegations Relating To IMNY.

Berman never once in his complaint alleges any facts that tie IMNY to any of the 'others' he refers to throughout. In fact, the only factual allegation specific to IMNY is that they printed a receipt with the credit card's expiration date included. Taking all of Berman's allegations as true provides no indication as to whether Berman is alleging knowing or reckless conduct. In fact, none of the facts alleged, if true, can lead to the assumption that IMNY's alleged conduct was knowing or reckless, and Count I of Berman's complaint should be dismissed.

### III.
### COUNT II FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED BECAUSE BERMAN LACKS STANDING.

Berman's cannot seek injunctive relief, as requested in Count II of his complaint, because he lacks standing under the FCRA. As discussed, the FCRA creates a private right of action for consumers against FCRA violators that otherwise would not exist. The FCRA, therefore, controls all remedies available to a consumer and does not provide for a consumer to seek injunctive relief. In fact, Congress vested the power to seek injunctive relief solely with the FTC. *Miller v. Sunoco*, 2008 WL 623806, 3 (E.D. Pa.) Citing *Washington v. CSC Credit Servs. Inc.*, 199 F.3d 263, 268 (5th Cir. 2000). The court has clearly held that:

> "The affirmative grant of power to the FTC to pursue injunctive relief, coupled with the absence of a similar grant to private litigants when they are expressly granted the right to obtain damages and other relief, persuasively demonstrates that **Congress vested the power to obtain injunctive relief solely with the FTC.** *Miller v. Sunoco*, 2008 WL 623806, 3 (E.D. Pa.) Citing *In re Trans Union Corp. Privacy Litig.* 211 F.R.D. 328, 339 (N.D. Ill. 2002). (Emphasis added).

Therefore, Count II of Berman's complaint should be dismissed with prejudice.

**WHEREFORE**, Defendant, IMNY, CHICAGO, LLC, prays that this Court enter an Order:

1. Dismissing Counts I;

2. Alternatively, order plaintiffs to provide a more definite statement concerning the factual circumstances underlying their claims;

3. Dismissing Count II with prejudice; and,

4. Any other relief this Court deems fair and just.

Dated: April 28, 2008

                                              IMNY, CHICAGO, LLC

                                              By:  s/ John B. Wolf _____
                                              Regas, Frezados & Dallas, LLP
                                              Attorney for Defendant
                                              111 W. Washington St., Suite 1525
                                              Chicago, Illinois 60602

John B. Wolf (ARDC No. 6287700)
William D. Dallas (ARDC No. 618678)
Regas, Frezados & Dallas, LLP
Attorneys for Defendant
111 W. Washington St., Suite 1525
Chicago, Illinois 60602
Phone (312) 236-4400

## SERVICE OF DOCUMENTS BY ELECTRONIC MEANS

The undersigned hereby certifies that on April 25, 2008 he caused the foregoing document to be filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, by using its Electronic Case Filing System which will send a Notice of Electronic Filing to the following Filing Users:

**William D. Dallas**

**John B. Wolf**

**Terrence Buehler**

**Jeffrey J. Halldin**

The undersigned also certifies that on the above date he caused the foregoing document to be mailed by United States Postal Service to the following non-Filing Users:

Not Applicable

By:   s/ John B. Wolf        
Regas, Frezados & Dallas, LLP
Attorney for Defendant
111 W. Washington St., Suite 1525
Chicago, Illinois 60602
Phone: (312) 236-4400
Fax: (312) 236-1129
Email: jwolf@rfd-law.com
