IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| EDWARD A. BERMAN, on behalf of himself and all others similarly situated, </br></br>             Plaintiff, </br></br> v. </br></br> IMNY, CHICAGO, LLC d/b/a Il Mulino, </br></br>             Defendant. | Case No. 08 C 325 </br></br> Judge Amy J. St. Eve </br></br> Magistrate Judge Morton Denlow |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT IMNY, CHICAGO, LLC'S MOTION TO DISMISS**

Plaintiff EDWARD A. BERMAN, by his attorneys, for his response in opposition to Defendant IMNY, Chicago, LLC's Motion to Dismiss, states as follows:

**INTRODUCTION**

Berman alleges in this putative class action that Il Mulino willfully violated the Fair Credit Reporting Act ("FCRA") as amended by the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681c(g), by printing prohibited information on its customers' credit and debit card receipts. In its Rule 12(b)(6) motion to dismiss, Il Mulino argues that Berman has not pled "willfulness" with sufficient particularity and that he may not seek an injunction to prevent further violations of the FCRA. Berman voluntarily withdraws Count II of his complaint seeking injunctive relief[1] but, for the reasons that follow, the Court should deny Il Mulino's motion to dismiss Count I for statutory damages.

---

[1] Recognizing a split among district courts, the Fifth Circuit held in 2000 that private litigants may not seek injunctive relief under the FCRA. *Washington v. CSC Credit Services*, 199 F.3d 263 (5th Cir. 2000). The issue reached the Seventh Circuit three years later but was not resolved because the court lacked jurisdiction to hear the appeal. *Albert v. Trans Union Corp.*, 346 F.3d 734 (7th Cir. 2003). Hopefully, Il Mulino has stopped printing prohibited information on its customers' receipts effectively mooting any claim for injunctive relief; if it has not, the restaurant's continuing violations of FACTA are plainly willful.

**ARGUMENT**

When considering a Rule 12(b)(6) motion to dismiss, the Court accepts the complaint's factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). Thus, a complaint should not be dismissed if it asserts the "operative facts" upon which each claim is based, *Kyle v. Morton High Sch.*, 144 F.3d 448, 454-55 (7th Cir. 1998), and provides allegations that "plausibly suggest that the plaintiff has a right to relief," *E.E.O.C. v. Concentra Health Serv.*, 496 F.3d 773 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007)). Under this standard, a plaintiff is not required to plead all facts establishing his or her cause of action and "receives the benefit of imagination, so long as the hypotheses are consistent with the complaint." *Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994). In fact, the federal notice pleading standard even allows a plaintiff to plead conclusions so long as they "provide the defendant with at least minimal notice of the claim." *Kyle,* 144 F.3d at 455; *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).

The only issue raised by Il Mulino's motion is whether the complaint sufficiently alleges that it "willfully" violated FACTA. Il Mulino argues that the complaint falls short of Rule 8's pleading requirements because it alleges a willful violation of FACTA in a "single conclusory paragraph." (*Mot. Dismiss*, p. 5). Whether Il Mulino willfully violated the FCRA turns on its state of mind because both knowing and reckless violations of the statute are considered willful. *Safeco Ins. Co. v. Burr*, 127 S. Ct. 2201, 2208-10 (2007). Because a conclusory allegation should satisfy even Rule 9's heightened pleading standards, FED. R. CIV. P. 9(b) ("[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally"), it should also meet Rule 8's notice pleading standard. But the complaint here alleges much more.

The complaint alleges that Il Mulino's violation of FACTA's truncation requirement was willful for several reasons. After enacting FACTA, Congress gave merchants three years to bring their credit and debit card processing equipment into compliance with the statute's new truncation requirement. (*Compl.* ¶ 10). During this phase-in period, FACTA's requirements were widely publicized among merchants like Il Mulino, and card issuers such as VISA and MasterCard required merchants to comply with them by contract. (*Compl.* ¶¶ 11-12). Due to this publicity and these contractual provisions, most merchants accepting credit and debit cards brought their processing equipment into compliance before FACTA's deadline. (*Compl.* ¶ 13). Berman submits that from these allegations one could reasonably infer that Il Mulino either knew of FACTA's truncation requirement or, at least, recklessly disregarded it.

Every district court that has considered the issue has held that these allegations state a claim under FACTA. *See*, *e.g.*, *Follman v. Hospitality Plus of Carpentersville, Inc.*, 532 F. Supp. 2d 960 (N.D. Ill. 2007); *Korman v. Walking Co.*, 503 F. Supp. 2d 755 (E.D. Pa. 2007); *Arcilla v. Adidas Promotional Retail Operations, Inc.*, 488 F. Supp. 2d 965 (C.D. Cal. 2007); *Troy v. Home Run Inn, Inc.*, No. 07 C 4331, 2008 WL 1766526, 2 (N.D. Ill. April 14, 2008); *Follman v. Village Squire, Inc.*, No. 07 C 3767, 2007 WL 4522614, 3 (N.D. Ill. Dec. 18, 2007); *Iosello v. Leiblys, Inc.*, No. 07 C 2454, 2007 WL 2398474 (N.D. Ill. Aug. 22, 2007); *Miller v. Sunoco, Inc.*, No. 07-1456, 2008 WL 623806 (E.D. Pa. March 4, 2008); *Ehrheart v. Verizon Wireless*, No. 07-1165, 2007 WL 4377681 (W.D. Pa. Dec. 11, 2007); *Ehrheart v. Lifetime Brands, Inc.*, No. CIV. A. 07-1433, 2007 WL 2141979 (E.D. Pa. July 20, 2007); *Lopez v. Gymboree Corp.*, No. C 07-0087 SI, 2007 WL 1690886 (N.D. Cal. June 9, 2007); *Leowardy v. Oakley, Inc.*, No. SACV 07-53 CJCANX, 2007 WL 1113984 (C.D. Cal. April 10, 2007); *Pririan*

*v. In-N-Out Burgers*, No. SACV061251DOCMLGX, 2007 WL 1040864 (C.D. Cal. April 5, 2007); *Blanco v. El Pollo Loco, Inc.*, No. SACV 07-54 JVSRNBX, 2007 WL 1113997 (C.D. Cal. April 3, 2007); *Aeschbacher v. California Pizza Kitchen, Inc.*, No. CV 07-215VBFJWX, 2007 WL 1500853 (C.D. Cal. April 3, 2007); *Clark v. Marshalls of MA, Inc.*, No. CV 06-8135 ABC (SHx), 2007 WL 1100412 (C.D. Cal. Mar. 12, 2007); *Eskandari v. Ikea U.S. Inc.*, No. SACV061248JVS(RNBX), 2007 WL (C.D. Cal. Mar. 12, 2007). All unreported opinions are collected in the Appendix attached hereto.

Il Mulino addresses one of these cases, *Follman v. Hospitality Plus of Carpentersville, Inc.*, 532 F. Supp. 2d 960 (N.D. Ill. 2007), but argues that it is distinguishable on the following grounds:

- In *Follman*, the plaintiffs alleged that "FACTA was enacted in 2003 and gave merchants three years in which to comply with the law's requirements" (*Mot. Dismiss*, p. 5), whereas Berman quoted the relevant phase-in provision (*Compl.* ¶ 10).

- In *Follman*, the plaintiffs alleged that "defendant **knew** of the requirements because VISA, MasterCard and the PCI Security Standards Council **informed defendant** about FACTA" (*Mot. Dismiss*, p. 5 (emphasis in Il Mulino's brief)), whereas Berman alleges that card issuers "imposed truncation requirements similar to FACTA's on merchants accepting their cards" (*Compl.* ¶ 12).

- In *Follman*, the plaintiffs alleged that "the card-issuing organizations proceeded to **require compliance with FACTA** in their contracts before the mandatory compliance date" (*Mot. Dismiss*, p. 5 (emphasis in Il Mulino's brief)), whereas Berman alleges that "[b]y contract, card issuing organizations also required merchants to truncate credit info well before FACTA took effect" (*Compl.* ¶ 12).

- In *Follman*, the plaintiffs alleged that "**most of defendant's** business peers and competitors readily brought their processes into compliance" (*Mot. Dismiss*, p. 5 (emphasis in Il Mulino's brief)), whereas Berman alleges that "the vast majority of merchants accepting credit and debit cards replaced or reprogrammed their equipment to comply with FACTA's truncation requirements" (*Compl.* ¶ 13).

Berman submits that these are distinctions without a difference and that the level of factual detail in his complaint is not "so sketchy that [it] does not provide the type of notice of the claim to

4

which the defendant is entitled under Fed. R. Civ. P. 8." *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 619 (7th Cir. 2007).

Finally, Il Mulino observes that there is no allegation that the restaurant accepted credit or debit cards in 2003, apparently implying that it did not and, therefore, did not recklessly disregard the publicity surrounding FACTA's enactment. (*Mot. Dismiss*, p. 8). Berman does not know whether Il Mulino accepted credit or debit cards in 2003 but observes that the restaurant has been in business over twenty years (*see*, www.ilmulinonewyork.com/welcome.html) and likely accepted credit and debit cards since it opened. More to the point, this argument is an affirmative defense which may not be considered on a Rule 12(b)(6) motion to dismiss and, by making it, Il Mulino demonstrates that it is on notice of the claims asserted in the complaint and prepared to frame a responsive pleading.

## CONCLUSION

For the foregoing reasons, Berman withdraws Count II of the complaint and the Court should deny Il Mulino's motion to dismiss Count I.

Dated:  May 8, 2008                                         Respectfully submitted,

                                                            EDWARD A. BERMAN, on behalf of himself and
                                                            all others similarly situated, Plaintiff


                                                            By:    /s/ Jeffrey J. Halldin
                                                                   BUEHLER & WILLIAMS
                                                                   Attorney for Plaintiff
                                                                   161 North Clark Street
                                                                   Suite 2210
                                                                   Chicago, Illinois 60601
                                                                   Phone: (312) 372-2209
                                                                   Fax:    (312) 456-3838
                                                                   Email: jhalldin@touhylaw.com

**SERVICE OF DOCUMENTS BY ELECTRONIC MEANS**

The undersigned hereby certifies that on May 8, 2008 he caused the foregoing document to be filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, by using its Electronic Case Filing System which will send a Notice of Electronic Filing to the following Filing Users:

**John B. Wolf**

**Terrence Buehler**

**Jeffrey J. Halldin**

The undersigned also certifies that on the above date he caused the foregoing document to be mailed by United States Postal Service to the following non-Filing Users:

Not Applicable

    /s/   Jeffrey J. Halldin
BUEHLER & WILLIAMS
Attorney for Plaintiff
161 North Clark Street
Suite 2210
Chicago, Illinois 60601
Phone: (312) 372-2209
Fax:     (312) 456-3838
Email: jhalldin@touhylaw.com