# APPENDIX

## Unreported Opinions

*Troy v. Home Run Inn, Inc.*,
No. 07 C 4331, 2008 WL 1766526, 2 (N.D. Ill. April 14, 2008) ...............................App. 000001

*Follman v. Village Squire, Inc.*,
No. 07 C 3767, 2007 WL 4522614, 3 (N.D. Ill. Dec. 18, 2007) ...............................App. 000004

*Iosello v. Leiblys, Inc.*,
No. 07 C 2454, 2007 WL 2398474 (N.D. Ill. Aug. 22, 2007)....................................App. 000011

*Miller v. Sunoco, Inc.*,
No. 07-1456, 2008 WL 623806 (E.D. Pa. March 4, 2008)..........................................App. 000014

*Ehrheart v. Verizon Wireless*,
No. 07-1165, 2007 WL 4377681 (W.D. Pa. Dec. 11, 2007) .......................................App. 000017

*Ehrheart v. Lifetime Brands, Inc.*,
No. CIV. A. 07-1433, 2007 WL 2141979 (E.D. Pa. July 20, 2007)...........................App. 000019

*Lopez v. Gymboree Corp.*,
No. C 07-0087 SI, 2007 WL 1690886 (N.D. Cal. June 9, 2007)................................App. 000022

*Leowardy v. Oakley, Inc.*,
No. SACV 07-53 CJCANX, 2007 WL 1113984 (C.D. Cal. April 10, 2007)..............App. 000026

*Pririan v. In-N-Out Burgers*,
No. SACV061251DOCMLGX, 2007 WL 1040864 (C.D. Cal. April 5, 2007) ...........App. 000028

*Blanco v. El Pollo Loco, Inc.*,
No. SACV 07-54 JVSRNBX, 2007 WL 1113997 (C.D. Cal. April 3, 2007) .............App. 000034

*Aeschbacher v. California Pizza Kitchen, Inc.*,
No. CV 07-215VBFJWX, 2007 WL 1500853 (C.D. Cal. April 3, 2007) ...................App. 000038

*Clark v. Marshalls of MA, Inc.*,
No. CV 06-8135 ABC (SHx), 2007 WL 1100412 (C.D. Cal. Mar. 12, 2007) ............App. 000043

*Eskandari v. Ikea U.S. Inc.*,
No. SACV061248JVS(RNBX), 2007 WL (C.D. Cal. Mar. 12, 2007).........................App. 000045



Slip Copy                                                                                                    Page 1
Slip Copy, 2008 WL 1766526 (N.D.Ill.)
**(Cite as: Slip Copy, 2008 WL 1766526)**

Troy v. Home Run Inn, Inc.
N.D.Ill.,2008.
Only the Westlaw citation is currently available.
United States District Court,N.D. Illinois,Eastern
Division.
Steven TROY, individually and on behalf of a class,
Plaintiff,
v.
HOME RUN INN, INC., and Does 1-10, Defendants.
**No. 07 C 4331.**

April 14, 2008.

Daniel A. Edelman, Cathleen M. Combs, James O.
Latturner, Zachary A. Jacobs, Edelman, Combs,
Latturner & Goodwin LLC, Chicago, IL, for Plaintiff.
Michael Bryant Stillman, Querrey & Harrow, Ltd.,
Joliet, IL, Terrence Franklin Guolee, Dominick L.
Lanzito, Kevin Mark Casey, Querrey & Harrow,
Ltd., Chicago, IL, for Home Run Inn, Inc.

### *MEMORANDUM OPINION AND ORDER*

MATTHEW F. KENNELLY, District Judge.
**\*1** On January 11, 2007, Steven Troy visited a Home
Run Inn Pizza Corp. restaurant. Home Run Inn gave
Troy a receipt printed with his credit card's expiration
date. Troy filed a putative class action against Home
Run Inn alleging that it violated the Fair and
Accurate Credit Transactions Act (**FACTA**), an
amendment to the Fair Credit Reporting Act
(FCRA).**FACTA** prohibits businesses from printing
more than the last five digits of a credit card number
or the card's expiration date on a cardholder's receipt.
15 U.S.C. § 1681c(g). Home Run Inn has moved to
dismiss Troy's complaint for failure to state a claim.
For the reasons set forth below, the Court denies
Home Run Inn's motion.

### Discussion

When considering a **motion** to **dismiss**, a court
accepts as true the complaint's factual allegations and
draws reasonable inferences in favor of the plaintiff.
*See, e.g., Killingsworth v. HSBC Bank Nevada, N.A.,*
*507 F.3d 614, 617 (7th Cir.2007).* Home Run Inn first
argues that dismissal is appropriate because **FACTA**

does not authorize a private right of action. The
provision of FCRA that establishes a private right of
action for willful violations states that "[a]ny person
who willfully fails to comply with any requirement
imposed under this subchapter with respect to any
consumer is liable to that consumer in an amount
equal to the sum of ... any actual damages sustained
by the consumer as a result of the failure or damages
of not less than $100 and not more than $1,000."15
U.S.C. § 1681 n(a)(1)(A). Under **FACTA**, which is
part of FCRA, "no person that accepts credit cards or
debit cards for the transaction of business shall print
more than the last 5 digits of the card number or the
expiration date upon any receipt provided to the
cardholder at the point of the sale or transaction."*Id.*
*§ 1681* c(g). Home Run Inn argues that because
section 1681c(g) protects "cardholders," while
section 1681 n(a) provides a private right of action
only for "consumers," no private right of action exists
for **FACTA** violations.

Home Run Inn's second argument is that Troy has
failed to plead sufficient facts to state a claim for a
willful violation of section 1681 c(g), which section
1681 n requires as a prerequisite to recovery of
damages. Home Run Inn cites *Bell Atlantic Corp. v.*
*Twombly, --- U.S. ----, ----, 127 S.Ct. 1955, 1969,*
*167 L.Ed.2d 929 (2007),* for the proposition that
Troy's complaint does not include enough facts to
state a plausible claim. Home Run Inn also contends
that section 1681c(g) is so vague and open to
multiple interpretations that Home Run Inn cannot be
held liable for a willful violation. Home Run Inn
further contends that any misinterpretation of the law
was no more than careless and that Troy has not
sufficiently alleged that it acted with knowing or
reckless disregard of the law as required to show a
willful violation of section 1681c(g). Home Run Inn
argues that to claim willfulness, Troy's allegations
must be based on more than "information and belief"
and that Troy's allegations of willfulness are
speculative and thus insufficient.

**\*2** Finally, Home Run Inn argues that its actions did
not cause Troy to suffer any actual harm and thus an
award of statutory damages would violate due
process and established principles of tort law.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

The Court rejects Home Run Inn's arguments. First, the Court agrees with Troy that a private right of action exists for violations of section 1681 c(g), consistent with the decisions of every district court to address the issue. See, e.g., *Arcilla v. Adidas Promotional Retail Operations, Inc.,* 488 F.Supp.2d 965, 969 n. 1 (C.D.Cal.2007) (citing district court cases that have addressed this issue). This same issue was recently addressed in *Follman v. Village Squire, Inc.,* No. 07 C 3767, 2007 WL 4522614 (N.D.Ill.Dec.18, 2007), in which Judge Virginia Kendall rejected the defendant's argument that no private right of action exists for willful violations of section 1681 c(g).*Id.,* at *2. The Court agrees with the reasoning in *Village Squire.*FCRA unambiguously states that if a person willfully fails to comply with the statute, he is liable to the consumer. 15 U.S.C. § 1681 n(a). It is beyond question that Troy is a consumer with respect to his transaction with Home Run Inn. Though section 1681c(g) protects "cardholders" and does not use the term "consumer," that does not make an individual credit card holder like Troy any less a consumer within the meaning of section 1681 n(a), nor does it suggest that Congress intended to impose in section 1681 c(g) a prohibition that cardholders who are also consumers cannot enforce via a private suit. Because Troy alleges that Home Run Inn willfully failed to comply with section 1681 c(g) with respect to Troy, a consumer, he can assert a claim under section 1681 n(a).

Troy's complaint is also sufficient to state a claim for a willful violation of section 1681c(g). Both reckless and knowing violations suffice to establish willfulness under FCRA. *Safeco Ins. Co. of Amer. v. Burr,* ---U.S. ----, ---- - ----, 127 S.Ct. 2201, 2208-09, 167 L.Ed.2d 1045 (2007). Home Run Inn argues that Troy's allegation of willfulness does not meet the pleading requirements established in *Bell Atlantic.*The Supreme Court held in *Bell Atlantic* that a viable complaint must include "enough facts to state a claim to relief that is plausible on its face."*Bell Atlantic,* 127 S.Ct. at 1969. The Court stated, however, that it did not intend to "require heightened fact pleading of specifics."*Id.* Three judges in this district have, after *Bell Atlantic,* found allegations similar to those in this case sufficient to state a claim for a willful violation of *Section 1681c(g).See Village Squire,* 2007 WL 4522614, at *3;*Follman v. Hospitality Plus of Carpentersville, Inc.,* 532 F.Supp.2d 960, 963 (N.D.Ill.2007); *Iosello v. Leiblys,*

*Inc.,* 502 F.Supp.2d 782, 784-85 (N.D.Ill.2007).

In his complaint, Troy alleges that Home Run Inn had three years to comply with **FACTA's** requirements after the statute was enacted; credit card issuers like VISA, MasterCard, Discover, and American Express informed Home Run Inn about **FACTA's** requirements and required compliance via contract; the statute's requirements were widely publicized among retailers; and most of Home Run Inn's business peers and competitors brought their credit card receipts into compliance with **FACTA**. Troy's complaint alleges that notwithstanding all of this, Home Run Inn failed to comply with section 1681 c(g). Accepting these allegations as true, as the Court must at this stage of the proceedings, the Court cannot say that Troy has failed to assert a claim of willfulness that is plausible on its face. See *Iosello,* 502 F.Supp.2d at 785.

**\*3** Home Run Inn's argument that section 1681c(g) is so vague that a willful violation is impossible is unpersuasive. Home Run Inn contends that the statutory prohibition against printing the last five digits of the credit card or the expiration date can be interpreted in the following ways: 1) no person shall print: a) more than the last five digits of the card number on the receipt; or b) the expiration date on the receipt; 2) no person shall print: a) more than the last five digits of the card number on the receipt; and b) more than the last five numbers of the expiration date on the receipt; and 3) no person shall print: a) more than the last five digits of the card number on the receipt; and b) the expiration date on the receipt.

Home Run Inn relies on *Safeco* for its holding that a careless reading of a statute cannot constitute a willful violation of the law. *Safeco,* 127 S.Ct. at 2215. Several courts in this district have held, however, that unlike the statutory provision at issue in *Safeco,* the text of section 1681c(g) is unambiguous. See *Village Squire,* 2007 WL 4522614, at *3;*Hospitality Plus,* 532 F.Supp.2d at 964;*Iosello,* 502 F.Supp.2d at 785-86. Indeed, the court in *Hospitality Plus* rejected the same argument that Home Run Inn has presented here. *Id.* This Court agrees. Section 1681c(g) unambiguously prohibits a person from printing more than the last five digits of a credit card on a receipt and from printing the expiration date on a receipt. In other words, if a person prints either the expiration date or more than

Slip Copy                                                                                                    Page 3
Slip Copy, 2008 WL 1766526 (N.D.Ill.)
**(Cite as: Slip Copy, 2008 WL 1766526)**

the last five digits of the card number, he violates section 1681c(g).

Home Run Inn next argues that an award of statutory damages in the absence of actual injury violates due process and established principles of tort law. This argument is likewise unpersuasive. Judge Kendall rejected the same argument in *Village Squire.*As in that case, Home Run Inn argues that an award of statutory damages to over 100 class members could create a ratio of statutory to actual damages that Home Run Inn characterizes as outlandish. Even assuming this might be an appropriate basis to ignore Congress' determination regarding an appropriate award in a situation in which actual losses are likely hard to quantify, the best time to apply any claimed constitutional limitation on damages is after a class is certified, *see Murray v. GMAC Mortgage Corp., 434 F.3d 948, 853 (7th Cir.2006)*, not at the **motion** to **dismiss** stage.

Home Run Inn cites *Doe v. Chao, 540 U.S. 614, 124 S.Ct. 1204, 157 L.Ed.2d 1122 (2004),* for its argument that established tort law principles require Troy to "show proof of some harm for which damages can reasonably be assessed."*Id. at 621.*But as Judge Kendall pointed out in *Village Squire,* the Court in *Doe,* which was considering statutory damages under the Privacy Act, required a showing of actual damages only because the statute called for it.*Village Squire,* 2007 WL 4522614, at *4-5. Section 1681 n(a)(1)(A), by contrast, clearly permits a plaintiff to seek either actual or statutory damages.

**\*4** Finally, Home Run Inn mistakenly contends that Troy must allege actual injury to establish a willful violation of section 1681 c(g). The plain language of the applicable provisions of FCRA undermines this argument. Section 1681o, the section of FCRA that allows a plaintiff to sue for negligent violations of the statute, provides relief only if the plaintiff can show actual damages. By contrast, section 1681 n(a)(1)(A), the provision that permits an action for willful violations of FCRA, expressly permits both actual and statutory damages. Thus, the plain language of the statute makes it clear that actual damages are not a prerequisite to recovery of statutory damages. *Accord, Ramirez v. Midwest Airlines, Inc., No. 07-2173-JWL, 2008 WL 682438, at *6-7 (D.Kan. Mar.12, 2008).RuffinThompkins v. Experian Info. Solutions, Inc., 422 F.3d 603 (7th Cir.2005)*, which

Home Run Inn cites for the proposition that a plaintiff must allege actual injury to recover under section 1681 n, is inapposite; that case involved a claim of violation of a provision of FCRA that has been interpreted to require proof of actual harm. *See Murray v. Sunrise Chevrolet, Inc., 441 F.Supp.2d 940, 949 (N.D.Ill.2006).Section 1681* n(a)(1)(A) does not require actual injury as a precondition of suit.*Killingsworth, 507 F.3d at 622.*

### Conclusion

The Court denies Home Run Inn's **motion** to **dismiss** for the reasons stated above [docket no. 27]. The Court directs Home Run Inn to answer the complaint by no later than April 28, 2008. The Court sets the case for a status hearing on May 5, 2008 at 9:30 a.m. Counsel should be prepared at that time to set schedules for briefing Troy's motion for class certification and for completing discovery, and to discuss the possibility of settlement.

N.D.Ill.,2008.
Troy v. Home Run Inn, Inc.
Slip Copy, 2008 WL 1766526 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

--- F.Supp.2d ----                                                                                Page 1
--- F.Supp.2d ----, 2007 WL 4522614 (N.D.Ill.)
**(Cite as: --- F.Supp.2d ----, 2007 WL 4522614)**

**C** Follman v. Village Squire, Inc.
N.D.Ill.,2007.
Only the Westlaw citation is currently available.
United States District Court,N.D. Illinois,Eastern
Division.
Larry FOLLMAN, Individually and on behalf of a
class, Plaintiff,
v.
VILLAGE SQUIRE, INC., and Does 1-10,
Defendants.
**No. 07 C 3767.**

Dec. 18, 2007.

**Background:** Consumer filed putative class action
alleging that merchant's inclusion of his credit card's
expiration date on cash register receipt violated Fair
and Accurate Credit Transactions Act's (FACTA)
truncation requirement. Merchant moved to dismiss.

**Holdings:** The District Court, Kendall, J., held that:
(1) consumers had private right of action under
FACTA;
(2) consumer adequately alleged that merchant's
FACTA violation was willful; and
(3) award of statutory damages would not violate
merchant's right to due process.

Motion denied.

**[1] Statutes 361 ☞188**

361 Statutes
    361VI Construction and Operation
        361VI(A) General Rules of Construction
            361k187 Meaning of Language
                361k188 k. In General. Most Cited
Cases

**Statutes 361 ☞190**

361 Statutes
    361VI Construction and Operation
        361VI(A) General Rules of Construction
            361k187 Meaning of Language
                361k190 k. Existence of Ambiguity.
Most Cited Cases

When statute's words are unambiguous, statutory
construction begins and ends with statute's plain
language; when statute's words are unambiguous,
judicial inquiry is complete.

**[2] Action 13 ☞3**

13 Action
    13I Grounds and Conditions Precedent
        13k3 k. Statutory Rights of Action. Most
Cited Cases

**Consumer Credit 92B ☞18**

92B Consumer Credit
    92BI In General
        92Bk18 k. Actions. Most Cited Cases
Consumers had private right of action to enforce Fair
and Accurate Credit Transactions Act's (FACTA)
truncation requirement. Consumer Credit Protection
Act, §§ 605(g), 616, 15 U.S.C.A. §§ 1681c(g),
1681n.

**[3] Consumer Credit 92B ☞37**

92B Consumer Credit
    92BII Federal Regulation
        92BII(A) In General
            92Bk37 k. Limitations on Credit Card
Liability. Most Cited Cases
Consumer adequately alleged that merchant's
inclusion of his credit card's expiration date on cash
register receipt was willful, as required to establish
violation of Fair and Accurate Credit Transactions
Act's (FACTA) truncation requirement, where
consumer claimed that merchant accepted credit
cards, that credit card issuer required it to comply
with FACTA's requirements, that most of merchant's
business peers and competitors readily brought their
receipt printing processes into compliance with
FACTA, but that merchant failed to do so. Consumer
Credit Protection Act, § 605(g), 15 U.S.C.A. §
1681c(g).

**[4] Constitutional Law 92 ☞4426**

92 Constitutional Law

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----                                                              Page 2
--- F.Supp.2d ----, 2007 WL 4522614 (N.D.Ill.)
**(Cite as: --- F.Supp.2d ----, 2007 WL 4522614)**

92XXVII Due Process
    92XXVII(G) Particular Issues and Applications
       92XXVII(G)19 Tort or Financial Liabilities
        92k4426 k. Penalties, Fines, and Sanctions in General. Most Cited Cases
Statutory penalty violates due process only where it is so severe and oppressive as to be wholly disproportionate to offense and obviously unreasonable. U.S.C.A. Const.Amends. 5, 145.

**[5] Constitutional Law 92 ☞4426**

92 Constitutional Law
    92XXVII Due Process
       92XXVII(G) Particular Issues and Applications
        92XXVII(G)19 Tort or Financial Liabilities
         92k4426 k. Penalties, Fines, and Sanctions in General. Most Cited Cases

**Consumer Credit 92B ☞67**

92B Consumer Credit
    92BII Federal Regulation
       92BII(C) Effect of Violation of Regulations
        92Bk64 Actions for Violations
         92Bk67 k. Judgment and Relief; Attorney Fees. Most Cited Cases
Statutory damages of $100 to $1000 per violation, requested by consumer in class action against merchant, for alleged violation of provision of Fair and Accurate Credit Transactions Act (FACTA) requiring merchants to truncate information on consumers' credit card receipts, would not so excessive as to violate merchant's right to due process. U.S.C.A. Const.Amends. 5, 14; 5 U.S.C.A. § 552a(g)(4).

**[6] Consumer Credit 92B ☞67**

92B Consumer Credit
    92BII Federal Regulation
       92BII(C) Effect of Violation of Regulations
        92Bk64 Actions for Violations
         92Bk67 k. Judgment and Relief; Attorney Fees. Most Cited Cases
Showing of actual harm is not necessary to pursue statutory damages for violations of Fair and Accurate Credit Transactions Act (FACTA) provision

requiring merchants to truncate information on consumers' credit card receipts. Consumer Credit Protection Act, § 616, 15 U.S.C.A. § 1681n.

Cathleen M. Combs, Daniel A. Edelman, James O. Latturner, Thomas Everett Soule, Edelman, Combs, Latturner & Goodwin, LLC, Chicago, IL, for Plaintiff.
Robert Thomas Shannon, Virginia Brette Bensinger, Hinshaw & Culbertson LLP, Chicago, IL, for Defendant.

**MEMORANDUM OPINION AND ORDER**

VIRGINIA M. KENDALL, District Judge.
**\*1** Plaintiff Larry Follman ("Follman") has filed a putative class action against Village Squire, Inc. alleging that Defendant Village Squire, Inc. ("VSI") provided Follman with a computer-generated cash register receipt that displayed Follman's credit card expiration date.[FN1] Follman alleges that the inclusion of the expiration date on the cash register receipt violates the truncation requirement of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA"), codified at 15 U.S.C. § 1681c(g).Section 1681c(g) provides, in pertinent part, that:

> [N]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the *cardholder* at the point of the sale or transaction.

(emphasis added). Follman alleges that VSI violated § 1681c(g) by providing him with a receipt that included his card's expiration date. Follman's Complaint includes no allegations regarding actual damages; instead, Follman seeks statutory damages, attorneys' fees, expenses and costs, and punitive damages.

Now before the Court is VSI's Motion to Dismiss. VSI advances three arguments in support of its Motion: (1) there is no private right of action to enforce § 1681 c(g); (2) Follman's Complaint does not plead facts sufficient to state a plausible claim for a willful violation of § 1681 c(g); and (3) Follman's request for statutory damages in the absence of actual injury violates principles of due process and recognized tort law. None of these arguments has

--- F.Supp.2d ----
--- F.Supp.2d ----, 2007 WL 4522614 (N.D.Ill.)
**(Cite as: --- F.Supp.2d ----, 2007 WL 4522614)**

merit. Indeed, each of VSI's arguments has been repeatedly reject by a number of federal district courts. Accordingly, and for all of the reasons set forth herein, VSI's Motion to Dismiss is denied.

### STANDARD

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal, not factual, sufficiency of a complaint. *See Szabo v. Bridgeport Machs., Inc.,* 249 F.3d 672, 675-76 (7th Cir.2001). When reviewing a motion to dismiss, courts must accept all well-pleaded factual allegations in the complaint and must draw reasonable inferences from those facts in favor of the Plaintiff.*Richards v. Kiernan,* 461 F.3d 880, 882 (7th Cir.2006). In general, a complaint filed in federal court need only provide enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and the allegations therein must demonstrate that the plaintiff's entitlement to relief is plausible, rather than merely speculative. *Lang v. TCF Nat'l Bank,* No. 07-1415, 2007 U.S.App. LEXIS 22588, *5 (7th Cir. Sep. 20, 2007) (citing *Bell Atlantic Corp. v. Twombly,* --- U.S. ----, ----, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (additional citations omitted)). The Seventh Circuit has read the Supreme Court's decisions in *Bell Atlantic* and *Erickson v. Pardus,* --- U.S. ----, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (decided two weeks after *Bell Atlantic* )"to be saying only that at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under [Fed.R.Civ.P.] 8."*Killingsworth v. HSBC Bank Nev., Nevada, N.A.,* No. 06-1616, 06-2178, 2007 U.S.App. LEXIS 26124, *8 (7th Cir. Nov. 9, 2007) (citing *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC,* 499 F.3d 663, 667 (7th Cir.2007).

### DISCUSSION

**I. 15 U.S.C. § 1681n Confers a Private Right of Action to Enforce 15 U.S.C. § 1681c(g).**

**\*2** The FACTA provides a private right of action for willful noncompliance at 15 U.S.C. § 1681n, which provides that:

(a) Any person who willfully fails to comply with any requirement imposed under this subchapter

with respect to any *consumer* is liable to that *consumer* in an amount equal to the sum of-

(1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1000; ...

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

(emphasis added)."That with these words Congress created a private right of action for *consumers* cannot be doubted."*Nelson v. Chase Manhattan Mortg. Corp.,* 282 F.3d 1057, 1059 (9th Cir.2002) (emphasis added). What this Court is called upon to determine first in this case is whether § 1681n permits a consumer to sue for violation of § 1681c(g), which establishes requirements for cash register receipts provided to "cardholders" as opposed to "consumers."

Follman alleges that VSI failed to comply with the Truncation Requirement when it provided him with a receipt that included his card's expiration date. VSI argues that there can be no private right of action to enforce the requirements of § 1681 c(g) because that section establishes requirements with respect to "cardholders," while § 1681n creates a private right of action in favor of "consumers" (not "cardholders") for the failure to comply with requirements "with respect to any consumer" (not with respect to "cardholders"). VSI argues that if Congress had intended to establish a private right of action for a violation of § 1681 c(g), it would have drafted that section's prohibitions to apply to consumers or would have amended § 1681n to provide a private right of action in favor of cardholders as well as consumers.

[1][2] When the words of a statute are unambiguous, statutory construction begins and ends with the plain language of the statute; when the words of a statute are unambiguous, "judicial inquiry is complete." *Barnhart v. Sigmon Coal Co.,* 534 U.S. 438, 461-62, 122 S.Ct. 941, 151 L.Ed.2d 908 (2002). In this case, the unambiguous language of the statutory sections at issue provides a private right of action for consumers

to enforce the requirements of § 1681 c(g). Follman, an individual, is a "consumer" under the FACTA. *See* 15 U.S.C. § 1681a(c). And the FACTA, at § 1681n, provides a right of action for consumers to enforce requirements of the FACTA so long as the suit concerns a failure to comply with the requirements of the FACTA "with respect to any consumer." VSI's argument that § 1681n creates no private right of action for "cardholders" is unavailing because: (1) Follman is a consumer; and (2) the allegation that VSI failed to comply with § 1681c(g) when it gave Follman a receipt that included the expiration date of his card is an allegation that VSI failed to comply with a statutory requirement with respect to a consumer: Follman.

**\*3** It is of no moment that, inasmuch as a "cardholder" might be an entity as opposed to an individual, § 1681c(g) protects a broader class than just consumers. Section 1681c(g) is "clearly intended for the protection of consumers, even if it applies broadly to both individual cardholders and entity cardholders. If a defendant willfully ... fails to comply with § 1681 c(g) with respect to any consumer, that consumer has a private right of action under ...§ 1681n."*Leowardy v. Oakley, Inc.,* No. SACV 07-53 CJC, 2007 U.S. Dist. LEXIS 31229, *5-6 (C.D.Cal. Apr. 10, 2007).[FN2]

## II. Plaintiff Has Demonstrated a Plausible Entitlement to Relief Under FACTA.

[3] VSI also attacks Follman's Complaint on the ground that, under the Supreme Court's decision in *Bell Atlantic,* it fails to plead sufficient facts to state a plausible claim for a willful violation of § 1681 c(g). Willfulness in this context is defined to include both reckless and knowing violations of the statute. *Safeco Ins. Co. v. Burr,* --- U.S. ----, ---- - ----, 127 S.Ct. 2201, 2208-09, 167 L.Ed.2d 1045 (2007). Follman has sufficiently alleged willfulness under this definition. His Amended Complaint alleges that FACTA was enacted in 2003 and that it gave merchants who accept credit cards three years within which to comply with its requirements. It alleges that VSI was aware of FACTA's truncation requirement because VISA, MasterCard, American Express and JCB-companies that sell cash registers and other devices for the processing of credit cards-informed VSI about that requirement. Further, the Amended Complaint, at ¶¶ 39-41, alleges that:

The card issuing organizations proceeded to require compliance with FACTA by contract, in advance of FACTA's mandatory compliance date. For example, the August 12, 2006 edition of "Rules for Visa Members" (p. 62), which is distributed to and binding upon all merchants that accept Visa cards, expressly requires that "only the last four digits of an account number should be printed on the customer's copy of the receipt" and "the expiration date should not appear at all."These statements were accompanied by a picture of a receipt showing precisely what had to be removed. VISA required complete compliance by July 1, 2006, five months ahead of the statutory deadline. Defendant accepts Visa cards and is a party to a contract requiring compliance with the above-quoted requirement.

Finally, the Amended Complaint alleges that most of VSI's business peers and competitors readily brought their receipt printing processes into compliance with FACTA. Nevertheless, the Amended Complaint alleges, VSI failed to comply with FACTA, issuing a credit card receipt to plaintiff containing the expiration date of his credit card. The Court finds that these allegations establish a plausible entitlement to relief on Follman's claim that VSI willfully violated the statute.

Follman further argues that it cannot have willfully violated the statute because the requirements of § 1681c(g) are so vague so as to make a willful violation impossible, or that it cannot have willfully violated § 1681 c(g) if its actions were consistent with a reasonable interpretation of the statute. The second argument, addressing VSI's interpretation of the statute, is not one the Court will address at this stage; "[o]n a motion to dismiss we are concerned only with the sufficiency of the complaint and defendant's argument goes beyond the complaint, asking us to consider its interpretation of the statute."*Follman v. Hospitality Plus of Carpentersville, Inc.,* No. 07 C 2934, 2007 U.S. Dist. LEXIS 77440, *6 (N.D.Ill. Oct. 17, 2007) (citing *Korman v. Walking Co.,* 503 F.Supp.2d 755, 761 (E.D.Pa.2007) ("Defendant's imploration of the Court to determine whether Defendant's interpretation was 'reasonable' is inappropriate here: at the motion to dismiss stage, the Court's only role is to determine whether the *complaint* is sufficient."). With respect to

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----
--- F.Supp.2d ----, 2007 WL 4522614 (N.D.Ill.)                                                    Page 5
**(Cite as: --- F.Supp.2d ----, 2007 WL 4522614)**

whether the statute is so vague so as to make a willful violation impossible, that argument must also be rejected. The plain meaning of the statute is that no merchant may print more than the last five digits of the card number, nor may it print the expiration date of the card on the receipt. *Id.* at *9. Other courts that have considered the same question have uniformly arrived at the same conclusion. *See, e.g., id.;Arcilla,* 488 F.Supp.2d at 971 ("the Court ... holds that § 1681c(g) is not unconstitutionally vague"); *Aeschbacker,* 2007 U.S. Dist. LEXIS 34852 at *11 ("The plain meaning of § 1681 c(g) is that a retailer may not print more than the last five digits of the credit card number, and may not print the expiration date. The Court rejects Defendant's argument that the statute is vague and ambiguous."); *Pirian v. In-N-Out Burgers,* No. SACV 061251 DOC, 2007 U.S. Dist. LEXIS 25384. *10 (C.D.Cal. Apr. 5, 2007) ("Thus, Section 1681c(g)'s plain language makes it clear that the statute prohibits both the printing of more than the last five digits of the card number and the printing of the expiration date. The 'or' simply puts merchants on notice that a violation of this statute occurs if they print either of these prohibited items-the expiration date or the last five digits of the card number.").[FN3]

### III. A Request for Statutory Damages in the Absence of Actual Injury Does Not Violate Principles of Due Process or Recognized Tort Law.

**\*4**[4][5] VSI next argues that Follman's request for punitive and statutory damages do not comport with "Constitutional Due Process standards" and will be grossly excessive because Follman has not alleged any actual damages in this case. "A statutory penalty violates due process only where it is 'so severe and oppressive as to be wholly disproportioned to the offense and obviously unreasonable.'"*Arcilla,* 488 F.Supp. at 972 (quoting *St. Louis, Iron Mt. & S. Ry. Co. v. Williams,* 251 U.S. 64, 66-67 (1919)); see also *State Farm Auto. Ins. Co. V. Campbell,* 538 U.S. 408, 416-17, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003) (punitive damage awards must not be grossly excessive). As the court recognized in *Arcilla,* it would not be excessive in this case, at the level of a single violation, to award the maximum statutory damages, even to a plaintiff who suffered no pecuniary damages. *See id.*(citing *Kenro, Inc. v. Fax Daily, Inc.,* 962 F.Supp. 1162, 1167 (S.D.Ind.1997) ($500 penalty under Telephone Consumer Protection

Act not excessive); *Texas v. Am. Blastfax, Inc.,* 121 F.Supp.2d 1085, 1090 (W.D.Tex.2000) (following *Kenro* )). And also like *Arcilla,* the thrust of VSI's argument is not that *one* $1000 "fine" would be grossly excessive, but rather that damages for a class of over 100 plaintiffs poses the risk of a damages ratio of "statutory damages to actual harm" that might be greater than 10,000: 1. This concern "is premature, and would be appropriate *at the earliest* in opposition to" a class certification motion. *Arcilla,* 488 F.Supp. at 973. VSI has not cited to a single case where a complaint has been dismissed for failure to state a claim because it requested damages in an amount that might hypothetically be excessive. Accordingly, the request for statutory damages does not require dismissal of the claim for violation of "Constitutional Due Process standards."

VSI also argues that the request for statutory damages is impermissible because it runs afoul of "recognized tort law," which VSI argues, citing *Doe v. Chao,* 540 U.S. 614, 621, 124 S.Ct. 1204, 157 L.Ed.2d 1122 (2004), "requires the demonstration of harm from which damages may reasonably be determined."(Mem. In Support of Mtn. to Dismiss at p. 12). In *Doe,* the Court considered a claim for statutory damages under the Privacy Act, which provides:

> In any suit ... in which the court determines that the agency acted in a manner which was intentional or willful, the United States shall be liable to the individual in an amount equal to the sum of ... actual damages sustained by the individual as a result of the refusal or failure, but in no case shall a person entitled to recovery receive less than the sum of $ 1,000 ...

5 U.S.C. § 552a(g)(4). The Court examined the text of the statute and noted that:

> When the statute gets to the point of guaranteeing the $1,000 minimum, it not only has confined any eligibility to victims of adverse effects caused by intentional or willful actions, but has provided expressly for liability to such victims for "actual damages sustained." It has made specific provision, in other words, for what a victim within the limited class may recover. When the very next clause of the sentence containing the explicit provision guarantees $1,000 to a "person entitled to recovery," the simplest reading of that phrase looks

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----
--- F.Supp.2d ----, 2007 WL 4522614 (N.D.Ill.)
**(Cite as: --- F.Supp.2d ----, 2007 WL 4522614)**

Page 6

back to the immediately preceding provision for recovering actual damages, which is also the Act's sole provision for recovering anything (as distinct from equitable relief).

**\*5** *Doe,* 540 U.S. at 620. The Court found that an award of statutory damages required a demonstration of actual damages-but only because of the text of the statute itself. *See id. at 627* ("The statute guarantees $1,000 only to plaintiffs who have suffered some actual damages."). "At no point did the Court look to 'general principles of tort law' for anything but guidance as to Congress' [sic] intent." *Arcilla,* 488 F.Supp. at 973-74 (citing *Doe, 540 U.S. at 621-22).*

[6] In this case, the Court need not resort to principles of tort law because the intent of Congress is apparent in the plain language of the applicable statute. Section 1681n clearly provides for statutory damages even without actual damages:

(a) Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any *consumer* is liable to that *consumer* in an amount equal to the sum of-

(1) (A) any actual damages sustained by the consumer as a result of the failure *or* damages of not less than $100 and not more than $1000; ...

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

(emphasis added). The only reasonable interpretation of § 1681n is that a consumer whose rights have been violated may elect to pursue either actual *or* statutory damages, but a showing of actual harm is not necessary to pursue statutory damages. *See Arcilla,* 488 F.Supp. at 974 (same). Accordingly, "recognized tort law" does not require dismissal of the Amended Complaint.

### *CONCLUSION*

For the reasons stated herein, VSI's Motion to

Dismiss is DENIED.

So ordered.

FN1. Follman is also the plaintiff in a putative class action against Hospitality Plus of Carpentersville, Inc. in which he alleges an identical violation of FACTA and is represented by the same counsel as in this case. *See Follman v. Hospitality Plus of Carpentersville, Inc.,* No. 07 C 2934, 2007 U.S. Dist. LEXIS 77440, (N.D.Ill. Oct. 17, 2007).

FN2. While the question of a private right of action to enforce § 1681c(g) has not been extensively litigated, to this Court's knowledge, every other court to have considered the issue has reached the same conclusion. *See, e.g., Arcilla v. Adidas Promotional Retail Operations, Inc., 488 F.Supp.2d 965, 969 n. 1 (C.D.Cal.2007)* ("The Court easily concludes [a private right of action] exists, and other courts have uniformly agreed."); *Aeschbacher v. California Pizza Kitchen, Inc.,* No. CV 07-215-VBF(JWJx), 2007 U.S. Dist. LEXIS 34852, *3 ("the plain language of the statute provides for a private right of action for violations of § 1681c(g)."); *Eskandari v. IKEA U.S. Inc.,* No. SACV 06-1248 JVS (RNBx), 2007 U.S. Dist. LEXIS 23007, *6 ("The Court finds that the plaint language of *Sections 1681c(g)* and *1681n* provides a right of action for consumers.").

FN3. Because the language of the statute is clear, the Court declines VSI's invitation to ignore the canons of statutory construction and look beyond the statute's plain meaning to other materials, including a bill-the Credit and Debit Card Receipt Clarification Act of 2007, H.R. 4008, 110th Cong. (1st Sess.2007) (the "Bill")-VSI submitted as "supplemental authority." The Bill, which would amend § 1681n, is not yet law and may never be law. While the Bill does suggest that some merchants may have misunderstood the truncation requirement in § 1681c(g), the Bill would *not* amend that section. Instead, the bill proposes the

--- F.Supp.2d ----
--- F.Supp.2d ----, 2007 WL 4522614 (N.D.Ill.)
**(Cite as: --- F.Supp.2d ----, 2007 WL 4522614)**

addition of a new subsection to § 1681n, which proposed subsection provides that:

> For the purposes of this section, *any person who printed an expiration date on any receipt* provided to a consumer cardholder at a point of sale or transaction between December 4, 2004 and the date of the enactment of this subsection *but otherwise complied* with the requirements of section 605(g) for such receipt shall not be in willful noncompliance with section 605(g) by reason of printing such expiration date on the receipt.

(emphasis added). Even if the Court were to consider the Bill in reaching its decision in this case, it would only bolster this Court's conclusion that printing an expiration date on any receipt provided to a consumer cardholder constitutes a violation of § 1681c(g).

N.D.Ill.,2007.
Follman v. Village Squire, Inc.
--- F.Supp.2d ----, 2007 WL 4522614 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

--- F.Supp.2d ----                                                                                     Page 1
--- F.Supp.2d ----, 2007 WL 2398474 (N.D.Ill.)

**(Cite as: --- F.Supp.2d ----)**

Iosello v. Leiblys, Inc.
N.D.Ill.,2007.
Only the Westlaw citation is currently available.
United States District Court,N.D. Illinois,Eastern
Division.
Christopher IOSELLO., Plaintiff,
v.
LEIBLYS, INC., Defendant.
**No. 07 C 2454.**

Aug. 22, 2007.

Cathleen M. Combs, Daniel A. Edelman, James O.
Latturner, Thomas Everett Soule, Edelman, Combs,
Latturner & Goodwin, LLC, Chicago, IL, for
Plaintiff.
Daniel A. Kaufman, Laura Shroyer Liss, Michael
Best & Friedrich LLP, Chicago, IL, for Defendant.

MEMORANDUM OPINION
SAMUEL DER-YEGHIAYAN, District Judge.
**\*1** This matter is before the court on Defendant
Leiblys, LLC's (" Leiblys" ) motion to dismiss. For
the reasons stated below, we deny the motion to
dismiss.

BACKGROUND

Plaintiff Christopher Iosello (" Iosello" ) alleges that
Leiblys does business as Culver's of Gurnee. Iosello
also claims that Leiblys " accepts credit cards or debit
cards for the transaction of business." (A.Compl.Par.
13). According to Iosello, he made a purchase from
Leiblys using his credit card on or about January 21,
2007, and the receipt for the transaction contained the
expiration date of Iosello's credit card. Iosello
brought the instant action and includes in the
amended complaint a claim alleging a willful
violation of the " Fair and Accurate Credit
Transactions Act (" FACTA" ) amendment, **15
U.S.C. § 1681c(g)**, to the Fair Credit Reporting Act
(" FCRA" ), 15 U.S.C. §§ 1681 et seq. Leiblys moves
to dismiss the instant action.

LEGAL STANDARD

In ruling on a motion to dismiss, brought pursuant to
Federal Rule of Civil Procedure 12(b)(6), the court
must draw all reasonable inferences that favor the
plaintiff, construe the allegations of the complaint in

the light most favorable to the plaintiff, and accept as
true all well-pleaded facts and allegations in the
complaint. *Thompson v. Ill. Dep't of Prof'l
Regulation,* 300 F.3d 750, 753 (7th Cir.2002);
*Perkins v. Silverstein,* 939 F.2d 463, 466 (7th
Cir.1991). In order to withstand a motion to dismiss,
a complaint must allege the " operative facts" upon
which each claim is based. *Kyle v. Morton High Sch.,*
144 F.3d 448, 454-55 (7th Cir.1998); *Lucien v.
Preiner,* 967 F.2d 1166, 1168 (7th Cir.1992). A
plaintiff is required to include allegations in the
complaint that " plausibly suggest that the plaintiff
has a right to relief, raising that possibility above a '
speculative level' " and " ' if they do not, the
plaintiff pleads itself out of court." ' *E.E.O.C. v.
Concentra Health Servs., Inc.,* 2007 WL 2215764, at
\*2 (7th Cir.2007)(quoting in part *Bell Atlantic Corp.
v. Twombly,* --- U.S. ----, ----, 127 S.Ct. 1955, 1964,
167 L.Ed.2d 929 (2007)). Under the current notice
pleading standard in federal courts, a plaintiff need
not " plead facts that, if true, establish each element
of a ' cause of action...." ' *See Sanjuan v. Amer. Bd.
of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251
(7th Cir.1994)(stating that " [a]t this stage the
plaintiff receives the benefit of imagination, so long
as the hypotheses are consistent with the complaint"
and that " [m]atching facts against legal elements
comes later." ). The plaintiff need not allege all of the
facts involved in the claim and can plead conclusions.
*Higgs v. Carver,* 286 F.3d 437, 439 (7th Cir.2002);
*Kyle,* 144 F.3d at 455. However, any conclusions
pled must " provide the defendant with at least
minimal notice of the claim," *Kyle,* 144 F.3d at 455,
and the plaintiff cannot satisfy federal pleading
requirements merely " by attaching bare legal
conclusions to narrated facts which fail to outline the
bases of [his] claims." *Perkins,* 939 F.2d at 466-67.
The Seventh Circuit has explained that " [o]ne pleads
a ' claim for relief' by briefly describing the events."
*Sanjuan,* 40 F.3d at 251; *Nance v. Vieregge,* 147 F.3d
589, 590 (7th Cir.1998)(stating that " [p]laintiffs need
not plead facts or legal theories; it is enough to set
out a claim for relief" ).

DISCUSSION

*I. Willfulness*

**\*2** Leiblys argues that its motion to dismiss should be
granted because the complaint " does not allege

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**App. 000011**

sufficient facts ... to state a plausible ... entitlement to relief for a willful violation of FACTA." (Mot.3). FACTA is part of the FCRA and requires retailers to truncate credit card information on electronically printed receipts given to customers. **15 U.S.C. § 1681c(g)(1).** Title 15, United States Code, Section 1681c(g) (" Section 1681c(g)" ) provides, in relevant part, that " no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction" and applies only to electronically printed receipts. **15 U.S.C. § 1681c(g)(1) and (2).** A defendant willfully violates the FCRA under 15 U.S.C. § 1681n (" Section 1681n" ) if a defendant's violation was either done knowingly or recklessly. *See Safeco Ins. Co. of Am. v. Burr,* --- U.S. ----, ---- - ----, 127 S.Ct. 2201, 2208-10, 167 L.Ed.2d 1045 (2007)(finding that liability under Section 1681n(a) for " willfully fail[ing] to comply" with FCRA covers both knowing and reckless violations of the statute and that " a company subject to the FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless" ).

Leiblys argues that Iosello has not pled facts sufficient to suggest that Leiblys willfully violated Section 1681c(g), but rather that Iosello pled facts which suggest that Leiblys negligently violated Section 1681c(g). However, Iosello alleges in the amended complaint that FACTA was enacted in 2003. (A.Compl.Par. 30). Further, Iosello claims that Leiblys provided Iosello " a computer generated receipt which displayed [Iosello's] card expiration date," after the effective date of FACTA. (A.Compl.Par. 11). Iosello also contends in the amended complaint that Leiblys knew, or should have known, of the enactment of FACTA and the FACTA requirements under Section 1681c(g) since " VISA, MasterCard, the PCI Security Standards Council-companies that sell cash registers and other devices for the processing of credit or debit card payments, and other entities informed" Leiblys about the requirements of FACTA and the need for Leiblys to comply with the statute. (A.Compl.Par. 32). Iosello further alleges in the amended complaint that a number of public statements have been made to the media by the credit card companies and that the credit card issuing organizations required compliance

by merchants prior to FACTA's effective date. In addition, Iosello claims in the amended complaint that many of Leiblys' business peers and competitors programmed their card machines and devices to comply with FACTA. Finally, Iosello alleges that Leiblys violated FACTA by printing greater than five digits of a credit card number or the expiration date of the credit card on receipts for those individuals with whom Leiblys conducted business, even though Leiblys was aware of, and repeatedly informed about, the requirements under Section 1681c(g) requiring electronically printed receipts to have truncated credit card and debit card numbers and no expiration dates. Finally, Iosello alleges in the amended complaint that the United States Congress enacted FACTA in order to help prevent identity theft by individuals who steal the identity of others by acquiring one's credit card number and expiration date. We note that we are merely at the motion to dismiss stage and are ruling based upon the allegations in the complaint, which we must accept as true, and that Leiblys is not precluded from raising the issue of willfulness at the summary judgment stage. Therefore, we conclude that sufficient allegations have been pled in the amended complaint that " plausibly suggest" that Leiblys willfully violated FACTA. *Concentra Health Servs.,* 2007 WL 2215764, at *2.

### II. Vagueness

**\*3** Leiblys also argues that Section 1681c(g) is vague and that, as such, Leiblys could not have willfully violated FACTA. A law is void for being vague and ambiguous if it " fails to give fair warning of what is prohibited, if it fails to provide explicit standards for the persons responsible for enforcement and thus creates a risk of discriminatory enforcement, and if its lack of clarity chills lawful behavior." *Anderson v. Milwaukee County,* 433 F.3d 975, 978 (7th Cir.2006); *see also Coe v. Cook County,* 162 F.3d 491, 496 (7th Cir.1998)(stating that " [s]tatutes and other enactments present a constitutional issue of vagueness when they deter constitutionally protected activity, fail to provide even minimum guidance as to people's legal obligations, or give law enforcers excessive discretion that might be exercised in arbitrary or invidious ways" ). A statute that regulates economic activity " is subject to a less strict vagueness test [than criminal statutes] because its subject matter is often more narrow, and because businesses, which face economic demands to plan behavior carefully, can be expected to consult relevant legislation in advance of action." *Village of*

--- F.Supp.2d ----                                                                                    Page 3

--- F.Supp.2d ----, 2007 WL 2398474 (N.D.Ill.)

**(Cite as: --- F.Supp.2d ----)**

*Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 498, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982). Further, " [t]he fact that Congress might, without difficulty, have chosen clearer and more precise language equally capable of achieving the end which it sought does not mean that the statute which it in fact drafted is unconstitutionally vague." *United States v. Powell,* 423 U.S. 87, 94, 96 S.Ct. 316, 46 L.Ed.2d 228 (1985). Thus, Section 1681c(g) must be sufficiently clear that its prohibitions would be understood by an ordinary person operating a profit-driven business. *See Roberts v. U.S. Jaycees,* 468 U.S. 609, 629, 104 S.Ct. 3244, 82 L.Ed.2d 462 (1984)(noting that the " void-for-vagueness doctrine reflects the principle that a statute which either forbids or requires the doing of an act in terms so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law" ).

Leiblys proposes three different statutory interpretations in support of its contention that Section 1681c(g) is vague and ambiguous. However, the plain language of Section 1681c(g) has only one reasonable meaning. Section 1681c(g) provides that: [N] o person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.

**15 U.S.C. § 1681c(g).** The plain meaning of the statute is that a merchant shall not print more than the last 5 digits of the credit card number upon any receipt *and* a merchant shall not print the expiration date upon any receipt. In other words, a retailer must print no more than five digits of a card number, and a retailer must also remove the expiration date from the credit card receipt. Printing either more than five digits of the credit card number or the expiration date of the credit card violates Section 1681c(g).

**\*4** Leiblys has proposed various readings of Section 1681c(g) in support of its contention that Section 1681c(g) is vague and ambiguous. However, each of Leiblys' proposed interpretations of Section 1681c(g) statute are without merit. For example, Leiblys' suggestion that Section 1681c(g) could be interpreted as stating that " no person shall print ... more than the last five digits of the card number on the receipt ... *and* ... [no person shall print] more than the last five number of the expiration date on the receipt,"

(Mot.13)(emphasis in original), is impractical since credit card expiration dates contain generally four digits (e.g., 09/08) or, at time, six digits (e.g., 09/30/08 or 09/2008). In addition, if Section 1681c(g) were read to allow a business to print the expiration date on a receipt so long as the credit card number is truncated, as suggested in one of Leiblys' interpretations, the language of Section 1681c(g) containing the phrase " or expiration date" would be rendered meaningless. **15 U.S.C. § 1681c(g).** Congress enacted FACTA with the intent of helping to prevent the possibility of thieves stealing the identity of another by obtaining one's credit card number and the expiration date of that credit card. Businesses generally require one's credit card number and the expiration date of that credit card to transact business. Access to both the credit card number and the expiration date of that credit card makes it easier for a thief to commit identity theft. The existence of a law prohibiting the printing of more than the last five digits of the credit card number makes it difficult for a thief to obtain the victim's credit card number. The existence of a law prohibiting the printing of the expiration date of a credit card makes it even more difficult to commit identity theft. Leiblys' alternative readings of Section 1681c(g) do nothing to further these goals. Thus, Leiblys has not met its burden to show that Section 1681c(g) is vague and ambiguous. *See Koutnik v. Brown,* 456 F.3d 777, 781 (7th Cir.2006)(noting that a party challenging a statute on vagueness grounds " must demonstrate that the law is impermissibly vague in all of its applications" ).

*III. Class Claims*

Leiblys also makes various references to the potential class action allegations in the amended complaint. However, such arguments are premature as Iosello has not moved for class certification. Any arguments regarding the appropriateness of class certification should be raised if Iosello moves to certify a class pursuant to Federal Rule of Civil Procedure 23.

CONCLUSION

Based on the foregoing analysis, we deny Leiblys' motion to dismiss.

N.D.Ill.,2007.
Iosello v. Leiblys, Inc.
--- F.Supp.2d ----, 2007 WL 2398474 (N.D.Ill.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Slip Copy                                                                                                            Page 1
Slip Copy, 2008 WL 623806 (E.D.Pa.)
**(Cite as: Slip Copy, 2008 WL 623806)**

Miller v. Sunoco, Inc.
E.D.Pa.,2008.
Only the Westlaw citation is currently available.
United States District Court,E.D. Pennsylvania.
Jacob MILLER
v.
SUNOCO, INC., et al.
**Civil Action No. 07-1456.**

March 4, 2008.

James A. Francis, Francis & Mailman, PC, David A. Searles, Donovan Searles, LLC, Philadelphia, PA, for Jacob Miller.
Joe Nguyen, Henry F. Reichner, Reed Smith LLP, Philadelphia, PA, for Sunoco, Inc., East Gate Sunoco.

*MEMORANDUM AND ORDER*

KAUFFMAN, District Judge.
**\*1** Plaintiff Jacob Miller ("Plaintiff") brings this action on behalf of himself and a putative class against Defendant Black Sea Oil Corporation d/b/a East Gate Sunoco, and its alleged principal, Defendant Sunoco, Inc. (together, "Defendants"), alleging violations of the Fair and Accurate Credit Transactions Act of 2003 ("**FACTA**"), a part of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq. Now before the Court is Defendants' **Motion** to **Dismiss** Plaintiff's Amended Complaint. For the reasons that follow, the Motion will be granted in part and denied in part.

**I. BACKGROUND**

As alleged in the Amended Complaint, the facts are as follows. On or about February 8, 2007, Plaintiff purchased gasoline at the East Gate Sunoco gas station in Mt. Laurel, New Jersey. Am. Compl. ¶¶ 6, 14. Plaintiff used his Visa card to pay for the purchase. At the conclusion of the sale, Plaintiff received a receipt which included the last four digits of his credit card as well as its expiration date. *Id.*

**FACTA** requires retailers to suppress or truncate credit card information on electronically printed receipts provided to cardholders as part of a sales

transaction. It provides that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of a card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction."15 U.S.C. § 1681c(g)(1). Plaintiff alleges that Defendants deliberately and willfully continue to issue electronically printed receipts containing both five digits of the card holder's account number and the expiration date, in direct violation of **FACTA's** truncation requirement. Am. Compl. ¶¶ 10-11. He seeks redress in the form of injunctive relief and monetary damages on behalf of himself and a class of individuals to whom, on or after December 4, 2006, Defendants provided electronically printed receipts containing "more than the last five digits of the person's credit card or debit card number and/or ... the expiration date of the person's credit or debit card."*Id.* ¶ 17.

Defendants seek dismissal of Plaintiff's claims on the basis of lack of subject matter jurisdiction and for failure to state a claim. In the alternative, Defendants seek dismissal of Plaintiff's claim for injunctive relief.

**II. LEGAL STANDARD**

"A **motion** to **dismiss** for want of standing is also properly brought pursuant to [Federal Rule of Civil Procedure] 12(b)(1), because standing is a jurisdictional matter."*Ballentine v. United States,* 486 F.3d 806, 810 (3d Cir.2007). In reviewing a **motion** to **dismiss** for lack of standing, the Court must accept as true all material allegations set forth in the complaint and construe those facts in favor of the nonmoving party. *See Warth v. Seldin,* 422 U.S. 490, 501, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)."On a **motion** to **dismiss** for lack of standing, the plaintiff bears the burden of establishing the elements of standing, and each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation. *Ballentine,* 486 F.3d at 810.

**\*2** When considering a **motion** to **dismiss** pursuant to Federal Rule of Civil Procedure 12(b)(6), this

**App. 000014**

Court is required "to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party."*Rocks v. City of Philadelphia,* 868 F.2d 644, 645 (3d Cir.1989). In deciding a 12(b)(6) motion, "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record."*Jordan v. Fox, Rothschild, O'Brien & Frankel,* 20 F.3d 1250, 1261 (3d Cir.1994)."To survive a **motion** to **dismiss**, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).' "*Victaulic Co. v. Tieman,* 2007 U.S.App. LEXIS 20077, at *15, 2007 WL 2389795 (3d Cir. Aug. 23, 2007) (citations omitted in original) (quoting *Bell Atl. Corp. v. Twombly,* --- U.S. ----, ----, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)).

## III. DISCUSSION

Defendants contend that the Court lacks subject matter jurisdiction because Plaintiff lacks standing to assert his claims, having suffered no identity theft, and therefore no "injury in fact." *See***Motion** to **Dismiss**, at 5-8. "It is axiomatic that a litigant first must clearly demonstrate that he has suffered an'injury in fact' in order to assert Article III standing to sue." *Wyoming v. Oklahoma,* 502 U.S. 437, 465, 112 S.Ct. 789, 117 L.Ed.2d 1 (1992) (internal quotations omitted). A plaintiff need not demonstrate that he suffered actual monetary damages, however, if a statute conferring a private right of action has been violated. *See Havens Realty Corp. v. Coleman,* 455 U.S. 363, 373, 102 S.Ct. 1114, 71 L.Ed.2d 214 (1982) ("[T]he actual or threatened injury required by Art. III may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing."(citations omitted)).**FACTA** provides consumers a private right of action for willful non-compliance with the requirements of the Act. *See Ehrheart v. Lifetime Brands, Inc.,* 498 F.Supp.2d 753, 755 (E.D.Pa.2007) ("**FACTA** does not require that a plaintiff have suffered actual monetary damages in order to sue for violation of the Act."); *Korman v. Walking Co.,* 503 F.Supp.2d 755, 759 (E.D.Pa.2007) ("Being handed a receipt that omits certain of one's credit card information is a legally protected interest created by **FACTA**."); *Ramirez v. MGM Mirage, Inc.,* 524 F.Supp.2d 1226, 1231 (D.Nev.2007) ("Every district court to consider the

issue has found a plaintiff has standing to pursue a **FACTA** claim for statutory damages even without showing actual damages."). Because **FACTA** has created an unambiguous legal right to electronically printed receipts that truncate the consumer's credit card number information, the Court finds that Plaintiff has stated facts sufficient to confer standing.

Defendants further argue that the claims should be dismissed pursuant to *Fed.R.Civ.P. 12(b)(6)* because the Amended Complaint fails to allege that Defendants willfully failed to comply with the requirements of **FACTA**. "In order to be willful for purposes of *15 U.S.C. § 1681n(a),* the Defendant's violation of **FACTA** must have been either knowing or reckless."*Ehrheart,* 498 F.Supp.2d at 756 (citing *Safeco Ins. Co. of Am. v. Burr,* ---U.S. ----, ----, 127 S.Ct. 2201, 2208-10, 167 L.Ed.2d 1045 (2007)). In his Amended Complaint, Plaintiff alleges that "notwithstanding the fact that they had over three years to comply, Defendants continue to issue receipts at the point of sale transactions which contain both 5 digits from the credit card or account number as well as the expiration date, in direct violation of the Receipt Provision."Am. Compl. ¶ 10. Plaintiff further alleges that "Defendants continue to deliberately, willfully, intentionally, recklessly and negligently violate **FACTA** by issuing receipts which do not comply with the FCRA," although many credit card companies, including Visa and MasterCard, advised companies of the need for compliance with the truncation requirement. *Id.* ¶¶ 11, 31.Plaintiff has thus pled sufficient facts to preclude dismissal at this stage of the proceedings. *See Ehrheart,* 498 F.Supp.2d 756;*Pirian v. In-N-Out Burgers,* 2007 WL 1040864, at *6 (C.D.Cal. Apr.5, 2007); *Iosello v. Leiblys, Inc.,* 502 F.Supp.2d 782, 785 (N.D.Ill.2007).[FN1]

> [FN1.] Defendants further allege that Defendant Sunoco should be dismissed because the Amended Complaint does not allege that it was the entity that accepted Plaintiff's credit card. *See***Motion** to **Dismiss,** at 11. The Amended Complaint alleges that "Defendant East Gate was acting as an agent, servant and/or employee of Defendant Sunoco."Am. Compl. ¶ 15. Because the Court is required, at this stage in the proceedings, to accept as true all of the allegations in Plaintiff's Amended

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                      Page 3
Slip Copy, 2008 WL 623806 (E.D.Pa.)
**(Cite as: Slip Copy, 2008 WL 623806)**

Complaint, dismissal of Defendant Sunoco
would be premature.

**\*3** Finally, Defendants seek dismissal of Plaintiff's
claims for injunctive relief, arguing that the right to
seek injunctive relief under the FCRA is reserved to
the FTC. The Court agrees. Congress vested the
power to obtain injunctive relief exclusively with the
FTC. *Washington v. CSC Credit Servs. Inc.,* 199 F.3d
263, 268 (5th Cir.2000); *Gelman v. State Farm Mut.
Auto. Ins. Co.,* 2007 WL 2306578, at \*9 (E.D.Pa.
Aug.9, 2007) ("The affirmative grant of power to the
FTC to pursue injunctive relief, coupled with the
absence of a similar grant to private litigants when
they are expressly granted the right to obtain
damages and other relief, persuasively demonstrates
that Congress vested the power to obtain injunctive
relief solely with the FTC."); *In re Trans Union
Corp. Privacy Litig.,* 211 F.R.D. 328,339
(N.D.Ill.2002).[FN2] Accordingly, Plaintiff's claims for
injunctive relief will be dismissed.

> [FN2.] Plaintiff acknowledges that the vast
> majority of district courts that have
> addressed the issue of injunctive relief have
> followed the Fifth Circuit's decision in
> *Washington v. CSC Credit Services Inc.,* 199
> F.3d 263, 268 (5th Cir.2000).

## IV. CONCLUSION

For the foregoing reasons, Defendants' **Motion** to
**Dismiss** will be granted with respect to the claims for
injunctive relief, and denied as to the remaining
claims. An appropriate Order follows.

### *ORDER*

**AND NOW,** this 4th day of March, 2008, upon
consideration of Defendants' **Motion** to **Dismiss**
Plaintiff's Amended Complaint (docket nos. 12, 13),
and all responses thereto, and for the reasons stated in
the accompanying Memorandum, it is **ORDERED**
that the Motion is **GRANTED** in part and **DENIED**
in part. It is **FURTHER ORDERED** that Plaintiff's
claims for injunctive relief are **DISMISSED.**

E.D.Pa.,2008.
Miller v. Sunoco, Inc.
Slip Copy, 2008 WL 623806 (E.D.Pa.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.



--- F.Supp.2d ----
--- F.Supp.2d ----, 2007 WL 4377681 (W.D.Pa.)
**(Cite as: --- F.Supp.2d ----, 2007 WL 4377681)**

Page 1

Ehrheart v. Verizon Wireless
W.D.Pa.,2007.
Only the Westlaw citation is currently available.
United States District Court,W.D. Pennsylvania.
Nichole EHRHEART, individually and on behalf of
all others similarly situated, Plaintiffs,
v.
VERIZON WIRELESS, and Does 1 through 10,
inclusive, Defendants.
**Civil Action No. 07-1165.**

Dec. 11, 2007.

Gary F. Lynch, Carlson Lynch Ltd, New Castle, PA,
R. Bruce Carlson, Carlson Lynch, Sewickley, PA, for
Plaintiffs.
Amy E. Dias, Jones Day, Pittsburgh, PA, John M.
Gore, Michael A. Carvin, Noel J. Francisco, Jones
Day, Washington, DC, for Defendants.

*OPINION and ORDER OF COURT*

AMBROSE, Chief Judge.
**\*1** In June of 2007, Plaintiff Nicole Ehrheart
("Ehrheart") received from Defendant Verizon
Wireless ("Wireless") an electronically printed
receipt which contained the expiration date of one of
Ehrheart's credit or debit cards. Ehrheart has brought
this action on behalf of herself and all others
similarly situated, based upon Verizon's alleged
violation of the Fair and Accurate Credit Transaction
Act ("**FACTA**").

Congress enacted **FACTA**, which amended the Fair
Credit Reporting Act ("FCRA"), in part to assist
victims of identity theft. *See* H.R.Rep. No. 108-267 at
66 (2003) (statement of the Committee of the
Conference). Consistent with that intent, **FACTA**
amended § 1681c of the FCRA so as to preclude a
person that accepts credit cards or debit cards for the
transaction of business, from printing more than the
last 5 digits of the card numbers or the expiration
date, upon any electronically printed receipt provided
to the cardholder at the point of sale. *See* 15 U.S.C. §
1681c(g)(1). Although enacted in 2003, **FACTA**
provided merchants up to a three-year grace period
within which to comply.

Ehrheart does not claim that she suffered actual
damages. That is, she does not contend that anyone
has stolen her identity. Instead, she seeks to hold
Verizon liable for "willful noncompliance" with
**FACTA** and demands a corresponding statutory
award of damages pursuant to § 1681 n.[FN1]

> FN1. Section 1681n provides that "[a]ny
> person who wilfully fails to comply with
> any requirement imposed under this
> subchapter with respect to any consumer is
> liable to that consumer in an amount equal
> to the sum of any actual damages sustained
> by the consumer as a result of the failure
> **OR** damages of no less than $100 and not
> more than $1,000." 15 U.S.C. section
> 1681n(a) (emphasis added).

Verizon has filed a **Motion** to **Dismiss**. *See* Docket
No. [14]. According to Verizon, Ehrheart has failed
to adequately plead that Verizon's alleged **FACTA**
violation was willful. At most, Verizon urges, the
allegations in the Complaint suggest that it was
negligent in failing to comply. Ehrheart responds that
she can prove willfulness under **FACTA** by
objectively demonstrating that Verizon recklessly
failed to comply with **FACTA's** truncation
requirements.

After careful consideration, and for the reasons set
forth below, the Motion is denied.

*STANDARD OF REVIEW*

In ruling on a **motion** to **dismiss** brought pursuant to
Rule 12(b) (6) of the Federal Rules of Civil
Procedure, I must construe all allegations of the
complaint in the light most favorable to the plaintiff.
I must also accept as true all well-pleaded facts and
allegations, and must draw all reasonable inferences
therefrom in favor of the plaintiff. *Worldcom, Inc. v.
Graphnet, Inc., 343 F.3d 651, 653 (3d Cir.2003)*.
However, as the Supreme Court made clear in *Bell
Atlantic v. Twombly, --- U.S. ----, 127 S.Ct. 1955,
1965, 167 L.Ed.2d 929 (2007)*, the "[f]actual
allegations must be enough to raise a right to relief

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----, 2007 WL 4377681 (W.D.Pa.)
**(Cite as: --- F.Supp.2d ----, 2007 WL 4377681)**

above the speculative level."Thus, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."*Id.* (citations omitted).

*ANALYSIS*

The narrow issue before me is whether the Complaint satisfactorily alleges, in light of *Bell Atlantic v. Twombly,* --- U.S. ----, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), that Verizon willfully failed to comply with § 1681c(g). I find that it does. To have been "willful," Verizon's failure to comply with **FACTA** must have been either knowing or reckless. *See Safeco Ins. Co. Of Am. v. Burr,* --- U.S. ----, 127 S.Ct. 2201, 2208-10, 167 L.Ed.2d 1045 (2007). The Complaint alleges that **FACTA** was enacted in 2003. The Complaint also alleges that Verizon knew or should have known of **FACTA** and the truncation requirements based upon industry knowledge and actual knowledge. Ehrheart explains that Verizon contracted with Visa and that Visa issued to its merchants a manual referencing **FACTA's** requirements. Further, the Complaint contains allegations that, because of its contract with Visa, Verizon was contractually obligated to comply with **FACTA's** truncation requirements. Further, the Complaint alleges that many press conferences were held regarding **FACTA**, that the Federal Trade Commission issued a business alert regarding the requirements. Additionally, Ehrheart contends that Verizon's peers and competitors timely programmed their card machines to comply with **FACTA**. Finally, the Complaint alleges that, despite being aware of **FACTA's** requirements, and having three years to comply with those requirements, Verizon failed to do so.

**\*2** In light of these contentions, I find that the Complaint sufficiently alleges that Verizon's violation of **FACTA** was either knowing and reckless. Accordingly, I find that the Complaint satisfies the *Twombly* standard for plausibly alleging that Verizon's violation of **FACTA** was willful. *See Ehrheart v. Lifetime Brands, Inc.,* 498 F.Supp.2d 753 (E.D.Pa.2007) (finding customer sufficiently alleged that retailer's violation of **FACTA** was willful); *Iosello v. Leiblys, Inc.,* 502 F.Supp.2d 782 (N.D.Ill.2007) (same); *Follman v. Hospitality Plus of*

*Carpentersville, Inc .,* Civ. No. 7-2934, 2007 WL 3052962 (N.D.Ill. Oct. 17, 2007). The **Motion** to **Dismiss** is denied.

—————————————

*ORDER OF COURT*

AND NOW, this **11th** day of December, 2007, after careful consideration, and for the reasons set forth in the accompanying Opinion, it is Ordered that the **Motion** to **Dismiss** (Docket No. [14] ) is DENIED.

W.D.Pa.,2007.
Ehrheart v. Verizon Wireless
--- F.Supp.2d ----, 2007 WL 4377681 (W.D.Pa.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

--- F.Supp.2d ----                                                      Page 1

--- F.Supp.2d ----, 2007 WL 2141979 (E.D.Pa.)

**(Cite as: --- F.Supp.2d ----)**

Ehrheart v. Lifetime Brands, Inc.
E.D.Pa.,2007.
Only the Westlaw citation is currently available.
United States District Court,E.D. Pennsylvania.
Jennifer EHRHEART, individually and on behalf of
all others similarly situated
v.
LIFETIME BRANDS, INC., d/b/a Pfaltzgraff, et al.
**No. CIV.A. 07-1433.**

July 20, 2007.

**Background:** Consumer brought putative class action against retailer under Fair and Accurate Transaction Act (FACTA). Retailer moved to dismiss.

**Holdings:** The District Court, Padova, J., held that:

(1) customer sufficiently alleged injury in fact, and

(2) customer sufficiently alleged that retailer's violation of FACTA was willful.

Motion denied.

**[1] Antitrust and Trade Regulation 29T ☞0**

29T Antitrust and Trade Regulation
Customer's allegation that retailer gave her a receipt, or receipts, on which were printed more than the last five digits of her credit card or debit card number and/or on which were printed the expiration date of her credit card, sufficiently alleged injury under Fair and Accurate Transaction Act (FACTA), as required to have standing to assert claim under FACTA. Consumer Credit Protection Act, § 605(g), 15 U.S.C.A. § 1681c(g).

**[2] Antitrust and Trade Regulation 29T ☞0**

29T Antitrust and Trade Regulation
Fair and Accurate Transaction Act (FACTA) does not require that a plaintiff have suffered actual monetary damages in order to sue for violation of the Act. Consumer Credit Protection Act, § 616, 15 U.S.C.A. § 1681n.

**[3] Antitrust and Trade Regulation 29T ☞0**

29T Antitrust and Trade Regulation
Customer's allegations that retailer knew of, or should have known of Fair and Accurate Transaction Act's (FACTA) requirements concerning the truncating of credit card numbers on electronically printed credit and debit card receipts and the prohibition on printing expiration dates because credit card companies and companies that sold cash registers and other devices for processing credit and debit card payments and other entities had all informed retailer of the requirements of FACTA, and that, despite this knowledge, and despite having three years to comply with these requirements, retailer violated these requirements by printing more than five digits of the credit card number or the expiration date of the credit card on receipts provided to persons with whom retailer transacted business, sufficiently alleged that retailer's violation of FACTA was willful, as required for retailer to be subject to FACTA liability. Consumer Credit Protection Act, § 616(a), 15 U.S.C.A. § 1681n(a).

**[4] Antitrust and Trade Regulation 29T ☞0**

29T Antitrust and Trade Regulation
In order to be willful, for purposes of liability under Fair and Accurate Transaction Act (FACTA), the defendant's violation of FACTA must have been either knowing or reckless. Consumer Credit Protection Act, § 616(a), 15 U.S.C.A. § 1681n(a).

Edward W. Ciolko, Gerald D. Wells, III, Joseph H. Meltzer, Joseph A. Weeden, Schiffrin Barroway Topaz & Kessler, LLP, Radnor, PA, Gary F. Lynch, Carlson Lynch Ltd., New Castle, PA, for Plaintiff.
Peter Breslauer, Gregory J. Hauck, Montgomery McCracken Walker & Rhoads LLP, Philadelphia, PA, for Defendant.

ORDER-MEMORANDUM
PADOVA, J.
*1 AND NOW, this 19th day of July, 2007, upon consideration of Defendant's Motion to Dismiss (Docket No. 4), and Plaintiff's response thereto, IT IS HEREBY ORDERED that said Motion is DENIED. IT IS FURTHER ORDERED that Plaintiff shall file an Amended Complaint with ten (10) days of the date of this order, naming the correct defendant in place of Lifetime Brands, Inc.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----                                                                      Page 2

--- F.Supp.2d ----, 2007 WL 2141979 (E.D.Pa.)

**(Cite as: --- F.Supp.2d ----)**

The Complaint asserts a claim against Defendant for violation of the Fair and Accurate Transaction Act of 2003 (" FACTA" ), which requires retailers to truncate credit card information on electronically printed receipts given to customers. FACTA is part of the Fair Credit Reporting Act, (" FCRA" ), 15 U.S.C. §§ 1681 et seq. FACTA provides, in relevant part, that " no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." **15 U.S.C. § 1681c(g)(1)**. This provision applies only to electronically printed receipts. 15 U.S.C. § 161c(g)(2). This provision took effect in two phases depending on when the retailer's cash register was installed: " [W]ith respect to cash registers installed on or after January 1, 2005, compliance was required immediately, while registers in use before that date were required to comply beginning on December 4, 2006." *Arcilla v. Adidas Promotional Retail Operations, Inc.,* Civ. A. No. 07-0211 GAF, 2007 U.S. Dist. LEXIS 48206, at *4-*5 (C.D.Cal. May 7, 2007) (citing **15 U.S.C. § 1681c(g)(3)**). The Complaint alleges that, after the effective date of FACTA, Defendant " at the point of sale or transaction with Plaintiff, provided Plaintiff with one or more electronically printed receipts on each of which Defendant printed more than the last five digits of Plaintiff's credit card or debit card number and/or printed the expiration date of Plaintiff's credit or debit card." (Compl.¶ 30.) Plaintiff seeks to represent two classes of persons to whom Defendant provided electronically printed receipts which printed more than the last five digits of their credit or debit card or the expiration date of that persons's credit card number. The composition of the classes is based on the different effective dates of the act, which depend upon the date on which cash register used by Defendant to print the offending receipt was first put into use.

Defendant Lifetime Brands, Inc. seeks dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). When determining a Motion to Dismiss pursuant to Rule 12(b)(6), the court may look only to the facts alleged in the complaint and its attachments. *Jordon v. Fox, Rothschild, O'Brien & Frankel,* 20 F.3d 1250, 1261 (3d Cir.1994). The court must accept as true all well pleaded allegations in the complaint and view them in the light most favorable to the Plaintiff. *Angelastro v. Prudential-Bache*

*Securities, Inc.,* 764 F.2d 939, 944 (3d Cir.1985). However, the court " need not credit a complaint's ' bald assertions' or ' legal conclusions." ' *California Pub. Employee Ret. Sys. v. The Chubb Corp.,* 394 F.3d 126, 143 (3d Cir.2004) (citing *Morse v. Lower Merion School Dist.,* 132 F.3d 902, 906 (3d Cir.1997)). In considering a Rule 12(b)(6) motion, " we do not require heightening pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly, --- U.S. ----, ----, 127 S.Ct. 1955, 1960, 167 L.Ed.2d 929 (2007).*

**\*2** [1][2] Defendant maintains that the Complaint must be dismissed because Ehrheart lacks standing to bring the claim asserted in the Complaint, because the Complaint fails to plausibly allege that Defendant acted willfully, and because the Complaint names the wrong defendant. Defendant argues that, because the Complaint does not allege that Ehrheart suffered identity theft as a result of the alleged failure to truncate her electronically printed credit card receipt(s), she has not suffered an injury in fact and, consequently, does not have standing to assert a claim for violation of FACTA. FACTA, however, created a right to electronically printed receipts that truncate the consumer's credit card number and which do not print the expiration date of the consumer's credit card. 15 U .S.C. § 1681c(g). The Complaint alleges that Defendant gave Ehrheart a receipt, or receipts, which violated FACTA by printing more than the last five digits of her credit card or debit card number and/or printed the expiration date of her credit card. That is an injury under FACTA. Moreover, FACTA does not require that a plaintiff have suffered actual monetary damages in order to sue for violation of the Act. Title 15, United States Code, Section 1681n states that " [a]ny person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer" for (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000 ...." 15 U.S.C. § 1681n(a). Consequently, Plaintiff is entitled to monetary damages from Defendant as a result of a violation of FACTA whether or not she suffered any actual monetary damages. We find that the Complaint sufficiently alleges Plaintiff's standing to assert the FACTA claim asserted in the Complaint.

[3][4] Defendant also argues that the Complaint should be dismissed because it does not allege that

--- F.Supp.2d ----                                                                    Page 3

--- F.Supp.2d ----, 2007 WL 2141979 (E.D.Pa.)

**(Cite as: --- F.Supp.2d ----)**


Defendant willfully failed to comply with Section 1681c(g). In order to be willful for purposes of 15 U.S .C. § 1681n(a), the Defendant's violation of FACTA must have been either knowing or reckless. *See Safeco Ins. Co. of Am. v. Burr, --- U.S. ----, ---- -----, 127 S.Ct. 2201, 2208-10, 167 L.Ed.2d 1045 (2007).* The Complaint alleges that FACTA was enacted in 2003. (Comp.¶ 33.) The Complaint further alleges that Defendant knew of, or should have known of FACTA's requirements concerning the truncating of credit card numbers on electronically printed credit and debit card receipts and the prohibition on printing expiration dates because, in the past several years, VISA, MasterCard, the PCI Security Standards Council, companies that sell cash registers and other devices for processing credit and debit card payments, and other entities have all informed Defendant of the requirements of FACTA and Defendant's need to comply with FACTA. (*Id.* ¶ 34.) The Complaint further alleges that, despite knowing about and having been repeatedly informed about FACTA's requirements regarding the truncating of credit and debit card numbers, and prohibition on printing expiration dates, on electronically printed receipts, and despite having three years to comply with these requirements, Defendant violated these requirements by printing more than five digits of the credit card number or the expiration date of the credit card on receipts provided to persons with whom Defendant transacts business. (*Id.* ¶ 35.) We find that the Complaint sufficiently alleges that Defendant's violation of FACTA was either knowing or reckless and, accordingly, that the Complaint plausibly alleges that Defendant's violation of FACTA was willful in accordance with 15 U.S.C. § 1681n(a).


**\*3** Defendant further argues that the Complaint should be dismissed because Plaintiff has named the wrong defendant. Defendant states that the Pfaltzgraff stores are owned by Pfaltzgraff Factory Stores, Inc., not by Defendant. Plaintiff has asked for the opportunity to amend her complaint to name the correct Defendant. Plaintiff may file an amended complaint in order to name the correct Defendant within ten days of the date of this Order.


E.D.Pa.,2007.
Ehrheart v. Lifetime Brands, Inc.
--- F.Supp.2d ----, 2007 WL 2141979 (E.D.Pa.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**App. 000021**

Westlaw.

Slip Copy                                                                         Page 1
Slip Copy, 2007 WL 1690886 (N.D.Cal.)
**(Cite as: Slip Copy)**

H

Lopez v. Gymboree Corp.
N.D.Cal.,2007.
Only the Westlaw citation is currently available.
United States District Court,N.D. California.
Jennifer LOPEZ, individually and on behalf of all
others similarly situated, Plaintiff,
v.
The GYMBOREE CORPORATION and Does 1-10,
Defendants.
**No. C 07-0087 SI.**
**Member Case No. 07-739 SI.**
**Related Case No. 07-2270 SI.**

June 9, 2007.

Eric A. Grover, Keller Grover LLP, San Francisco,
CA, James Mark Moore, Robert Ira Spiro, Spiro
Moss Barness LLP, Los Angeles, CA, Scott Allen
Miller, Law Offices of Scott A. Miller, A.P.C.,
Encino, CA, for Plaintiff.
Brian David Anderson, Sheppard Mullin, San
Francisco, CA, for Defendants.

**ORDER DENYING DEFENDANT'S MOTIONS
TO DISMISS AND/OR FOR A MORE
DEFINITE STATEMENT**
SUSAN ILLSTON, United States District Judge.
**\*1** On June 1, 2007, the Court heard argument on
defendant's motions to dismiss and/or for a more
definite statement in this case and the consolidated
member case, *Mitchell v. The Gymboree
Corporation,* C 07-739 SI. As set forth below, the
Court DENIES the motions.

**LEGAL STANDARDS**

**1. Motion to dismiss**

Under Federal Rule of Civil Procedure 12(b)(6), a
district court must dismiss a complaint if it fails to
state a claim upon which relief can be granted. The
question presented by a motion to dismiss is not
whether the plaintiff will prevail in the action, but
whether the plaintiff is entitled to offer evidence in
support of the claim. *See Scheuer v. Rhodes,* 416 U.S.
232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974),
*overruled on other grounds by Davis v. Scherer,* 468
U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984).

In answering this question, the Court must assume
that the plaintiff's allegations are true and must draw
all reasonable inferences in the plaintiff's favor. *See
Usher v. City of Los Angeles,* 828 F.2d 556, 561 (9th
Cir.1987). Even if the face of the pleadings suggests
that the chance of recovery is remote, the Court must
allow the plaintiff to develop the case at this stage of
the proceedings. *See United States v. City of
Redwood City,* 640 F.2d 963, 966 (9th Cir.1981).

If the Court dismisses the complaint, it must then
decide whether to grant leave to amend. The Ninth
Circuit has " repeatedly held that a district court
should grant leave to amend even if no request to
amend the pleading was made, unless it determines
that the pleading could not possibly be cured by the
allegation of other facts." *Lopez v. Smith,* 203 F.3d
1122, 1130 (9th Cir.2000) (citations and internal
quotation marks omitted).

**2. Motion to strike**

Federal Rule of Civil Procedure 12(f) provides that "
the court may order stricken from any pleading any
insufficient defense or any redundant, immaterial,
impertinent, or scandalous matter."

**DISCUSSION**FN1

> FN1. The *Lopez* and *Mitchell* actions are
> virtually identical. In the interest of
> simplicity, this order refers to the *Lopez*
> complaint.

Plaintiff filed this action under the Fair and Accurate
Credit Transactions Act of 2003 (" FACTA" ), 15
U.S.C. § 1681, *et seq.,* which amends several
provisions of the Fair Credit and Reporting Act ("
FTCA" ). Plaintiff brings this action on behalf of
herself and a putative nationwide class of consumers.
Complaint ¶ 16. Plaintiff alleges that Gymboree
violated Section 1681c(g) of the FACTA when, on or
about December 7, 2006, Gymboree printed the
expiration date of plaintiff's credit card on a receipt
provided to plaintiff at the point of a sale or
transaction between plaintiff and Gymboree. *Id.* ¶ 10.
On behalf of the class, plaintiff alleges that
Gymboree has violated the same provision of
FACTA by " print[ing] the expiration date and/or

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                    Page 2

Slip Copy, 2007 WL 1690886 (N.D.Cal.)

**(Cite as: Slip Copy)**

print[ing] more than the last five digits of Class Members' credit card or debit card numbers on the receipts provided to Class Members at the point of a sale or transaction between GYMBOREE and the Class Members." *Id.* ¶ 13.

Plaintiff does not allege actual damages, and seeks to recover only statutory and punitive damages under Section 1681n of FCRA. That section provides that any person who willfully fails to comply with FCRA's requirements is liable for " actual damages sustained by the customer as a result of the failure *or* damages of not less than $100 and not more than $1,000." 15 U.S.C. § 1681n(a)(1)(A) (emphasis added).

### 1. Allegations of willfulness

**\*2** Defendant contends that plaintiff has not sufficiently alleged that Gymboree willfully violated FACTA. The complaint alleges that " Congress gave companies which were using ' older' Cash Registers put into use before January 1, 2005, significant additional time to ' fix' the problem with respect to those Cash Registers." Complaint ¶ 8. The complaint further alleges,
In addition, years ago, VISA, Mastercard, and other entities, including Cash Register sellers, began informing retailers of the need to truncate credit card information to comply with various state laws, with VISA or Mastercard policies and/or regulations, and/or with FACTA. Indeed, VISA implemented new operations regulations, applicable to new Cash Registers, as early as July 2003, in response to legislation in other states requiring suppression of the expiration date and some digits on cardholder receipts, requiring similar suppression of such information for VISA transactions. GYMBOREE ignored all these warnings, as well as the terms of FACTA itself, and continued to print Prohibited Information on customer receipts. In contrast, most businesses and retail companies in the United States- particularly large, sophisticated entities like Defendants-elected to take the steps needed to replace, modify, or re-program their Cash Registers in order to comply with the law.

*Id.* ¶ 9. With regard to both the named plaintiff, and the class generally, the complaint alleges,GYMBOREE's violations, as alleged herein, were not an accident or an isolated oversight. Rather, GYMBOREE knowingly and intentionally continued to use Cash Registers which were not programmed

to, or otherwise did not, comply with Section 1681(g). GYMBOREE knew that its receipt-printing practice contravened the rights of consumers under the FCRA, or, at a minimum, recklessly disregarded whether its practice contravened consumers' rights.

*Id.* ¶¶ 11, 15.

The Supreme Court recently clarified FCRA's willfulness standard in *Safeco Insurance Company of America v. Geico*, --- U.S. - - - -, --- S.Ct. ----, --- L.Ed.2d - - - -, 2007 WL 1582951 (U.S. June 4, 2007).[FN2] In *Safeco,* the Court held that liability under § 1681n(a) for " willfully fail[ing] to comply" with FCRA covers both knowing and reckless violations of the statute. The Court further explained that " a company subject to the FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id.* at \*12.

> FN2. Defendant objects that plaintiff's " Notice of Lodging Newly-Decided Authority" violates the Civil Local Rules because plaintiff did not seek the Court's permission prior to filing the Notice. The Court notes that at the June 1, 2007 hearing, the parties informed the Court that the Supreme Court's decision in *Safeco* was imminent. The Court finds that defendant's objection is not well-founded as the parties fully expected that once *Safeco* was issued the Court would consider that decision in connection with the instant motion.

Here, the complaint alleges that Gymboree " knowingly and intentionally" continued to use cash registers that did not comply with FACTA, and that Gymboree " knew" that its receipt-printing practices violated consumers' rights under FACTA, or at a minimum " recklessly disregarded" whether its practice violated consumers' rights. The Court finds that these allegations of both knowing and reckless conduct are sufficient to allege " willfulness" under the FACTA. Whether plaintiff can prove that defendant acted willfully is a different matter not appropriate for determination at this stage of the litigation.

### 2. Vague and ambiguous

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                    Page 3

Slip Copy, 2007 WL 1690886 (N.D.Cal.)

**(Cite as: Slip Copy)**

**\*3** Defendant challenges Section 1681c(g) of FACTA as vague and ambiguous, and argues that Gymboree could not have willfully violated a vague and ambiguous statute. Section 1681 c(g) provides as follows: " [n]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." **15 U.S.C. § 1681c(g)(1).** Courts have interpreted this language as requiring both truncation of credit card numbers *and* suppression of expiration dates. *See, e.g., Arcilla v. Adidas Promotional Retail Operations, Inc.,* ---F.Supp.2d ----, 2007 WL 1498334 (C.D.Cal. May 3, 2007).

Defendant argues that section is vague and ambiguous because it can be read as allowing a business to print the expiration date on a receipt provided that the credit card number is truncated. Defendant also advances a second interpretation under which the phrase " last 5 digits" modifies both " card number" and " expiration date," thus permitting a business to print the card number and the expiration date on the card as long as fewer than the " last 5 digits" of each number appear on the receipt.

" The void-for-vagueness doctrine reflects the principle that a statute which either forbids or requires the doing of an act in terms so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law." *Roberts v. U.S. Jaycees,* 468 U.S. 609, 629, 104 S.Ct. 3244, 82 L.Ed.2d 462 (1984) (internal citation and quotations omitted). Further, " when the statute regulates the conduct of businesses ... the vagueness test is relaxed, because businesses have a greater ability to determine the meaning of legislation in advance of their conduct than do individuals." *Big Bear Super Market No. 3 v. INS,* 913 F.2d 754, 757 (9th Cir.1990).

The Court finds that Section 1681c(g) is not vague and ambiguous because the plain language of this section has only one reasonable meaning. " No person ... shall print more than the last 5 digits of the card number or the expiration date upon any receipt" means that (1) no person shall print more than the last 5 digits of the credit card number upon any receipt and (2) no person shall print the expiration date upon any receipt. Both of defendant's proposed alternative

interpretations are illogical and strained. Allowing a business to print an expiration date as long as the credit card number is truncated ignores the " or expiration date" language from the Section. Similarly, defendant's argument that " last 5 digits" modifies both the credit card number and expiration date makes no practical sense, as credit card expiration dates are generally either 4 or 6 digits long. Finally, the Court notes that other courts have uniformly rejected similar vagueness challenges to § 1681(g). *See Arcilla,* 2007 WL 1498334, \*3-5; *Pirian v. In-N-Out Burgers,* 2007 WL 1040864, \*3 (C.D.Cal. Apr.5, 2007); *Aeschbacher v. California Pizza Kitchen,* 2007 WL 1500853, \*3 (C.D.Cal. Apr.3, 2007).

### 3. Damages and harm

**\*4** Defendant raises a number of arguments challenging plaintiff's damages claim. First, defendant asserts that it cannot have acted willfully because plaintiff does not allege " actual harm," by which defendant means economic loss. Defendant does not cite any authority for this assertion, and the Court agrees with the other courts which have found this argument " is a non sequitur." *See Pirian,* 2007 WL 1040864, at \*7. A defendant acts " willfully" under the FCRA if the defendant intends to violate the law, or recklessly disregards a risk of violating the law. *See Safeco,* --- U.S. ----, ----, 127 S.Ct. 2201, --- L.Ed.2d ----, ----, 2007 WL 1582951, \*12. Whether a defendant acts " willfully" has no bearing on whether or in what manner a plaintiff has been injured. A defendant can willfully violate FACTA without causing any actual economic losses, and indeed the statute contemplates as much by providing for statutory damages.

Defendant also argues that the complaint should be dismissed because plaintiff's failure to allege actual harm violates principles of tort law. Defendant's assertion lacks merit, as defendant attempts to import tort law principles into a statutory enactment which explicitly provides for statutory damages without proof of actual economic loss. Defendant's reliance on *Doe v. Chao,* 540 U.S. 614, 124 S.Ct. 1204, 157 L.Ed.2d 1122 (2004), is misplaced. *Chao* involved a claim under the Privacy Act, and the Supreme Court held as a matter of " straightforward textual analysis" that the Privacy Act, unlike the FCRA, required proof of actual damages. *See id.* at 620.

Defendant next argues that plaintiff's claim for

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                    Page 4

Slip Copy, 2007 WL 1690886 (N.D.Cal.)

**(Cite as: Slip Copy)**

punitive damages should be stricken because plaintiff
failed to allege actual economic harm. To the extent
defendant suggests that, as a matter of law, punitive
damages are only available if economic harm is also
present, defendant is incorrect. *See Yohay v. City of
Alexandria Employees Credit Union, Inc.,* 827 F.2d
967, 972 (4th Cir.1987). Similarly, defendant
wrongly asserts that awarding punitive damages
absent economic harm would constitute a per se due
process violation. To the contrary, the Supreme Court
has instructed that courts reviewing the
constitutionality of a punitive damages award should
consider several " guideposts," including, *inter alia,*
" the disparity between the actual *or potential* harm
suffered by the plaintiff and the punitive damage
award." *State Farm Mut. Auto. Ins. Co. v. Campbell,*
538 U.S. 408, 418, 123 S.Ct. 1513, 155 L.Ed.2d 585
(2003) (emphasis added). The Court will not strike
plaintiff's punitive damages claim based on the
wholly speculative argument that any potential
punitive damages award might be constitutionally
excessive; defendant is free to raise due process
challenges if and when a punitive damages award is
actually imposed in this case.

Finally, defendant also contends that awarding
statutory damages to a nationwide class would violate
Gymboree's due process rights, and that the Court
should strike the class allegations because they are
broader than the individual plaintiff's allegations. The
Court finds that both of these arguments are
premature, and should be raised in connection with
any class certification proceedings.

## CONCLUSION

**\*5** For the foregoing reasons, the Court hereby
DENIES defendant's motions to dismiss and/or strike.
(Docket No. 15 in 07-87 and Docket No. 9 in 07-
739).

**IT IS SO ORDERED.**

N.D.Cal.,2007.
Lopez v. Gymboree Corp.
Slip Copy, 2007 WL 1690886 (N.D.Cal.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                                                                          Page 1
Not Reported in F.Supp.2d, 2007 WL 1113984 (C.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

Leowardy v. Oakley, Inc.
C.D.Cal.,2007.
Only the Westlaw citation is currently available.
United States District Court,C.D. California.
Stephanie LEOWARDY
v.
OAKLEY, INC., et al.
**No. SACV 07-53 CJCANX.**

April 10, 2007.

| Michelle Urie | N/A |
| Deputy Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| None Present | None Present |

PROCEEDINGS: (IN CHAMBERS) ORDER DENYING DEFENDANTS' MOTION TO DISMISS [filed 03/15/07]

**\*1** Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for Monday, April 16, 2007 at 1:30 p.m. is hereby vacated and off calendar.

Plaintiff Stephanie Leowardy seeks to represent a class of similarly situated consumers in an action against Defendants Oakley, Inc., Oakley Sales Corp., and Oakley Direct, Inc. (collectively, " Oakley" ) for violations of the Fair Credit Reporting Act (" FCRA" ), 15 U.S.C. §§ 1681, *et seq.* Specifically, Ms. Leowardy alleges that Oakley violated § 1681c(g), which prohibits printing certain credit card or debit card information on receipts. Oakley alleges that there is no private right of action under § 1681c(g) and thus that Ms. Leowardy has failed to state a claim on which relief can be granted. Oakely's motion is DENIED.

Ira Spiro, James Mark Moore, Spiro Moss Barness, Los Angeles, CA, for Stephanie Leowardy.
Matthew R. Orr, Scott J. Ferrell, Call Jensen & Ferrell, Newport Beach, CA, for Oakley Direct Inc. and Oakley Sales Corp.

CIVIL MINUTES-GENERAL
CARNEY, J.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. The issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Development Corp.,* 108 F.3d 1370, 1374 (9th Cir.1997). When evaluating a Rule 12(b)(6) motion, the Court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Mayo v. Gomez,* 32 F.3d 1382, 1384 (9th Cir.1994). Dismissal of a complaint for failure to state a claim is only proper if it appears beyond doubt that the claimant can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

The FCRA generally provides a private right of action for violations of its various provisions. Section 1681n states that " [a]ny person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer." 15 U.S.C. § 1681n(a). Section 1681o provides for similar liability for

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

App. 000026

Not Reported in F.Supp.2d                                                                                   Page 2
Not Reported in F.Supp.2d, 2007 WL 1113984 (C.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

negligent non-compliance with the FCRA. *See* 15 U.S.C. § 1681o(a). Thus, the general rule is that a private right of action lies on behalf of any consumer against any person that willfully or negligently fails to comply with the FCRA. " That with these words Congress created a private right of action for consumers cannot be doubted. That right to sue is for violation of *any requirement* ' imposed with respect to any consumer." ' *Nelson v. Chase Manhattan Mortgage Corp.,* 282 F.3d 1057, 1059 (9th Cir.2002) (emphasis added).

Section 1681c(g) states that " no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." **15 U.S.C. § 1681c(g)(1)**. Oakley argues that because this subsection refers to " cardholders" and not " consumers," there can be no liability under § 1681n. Oakley notes that " consumer," as used in the FCRA, means " an individual." 15 U.S.C. § 1681a(c). It argues that because both individuals and entities may hold credit or debit cards, and because entities are not consumers under the FCRA, protection for " cardholders" under § 1681c(g) creates broader liability that may be enforced through a private right of action.

**\*2** Oakley's argument is inconsistent with the controlling law of the circuit. In *Nelson,* the Ninth Circuit indicated that a provision need not be explicitly directed at consumers, and only at consumers, to create liability under § 1681n. *Nelson,* 282 F.3d at 1060. The court considered whether a consumer could bring a class action to enforce § 1681s-2(b). That section imposes specific duties on furnishers of credit report information when they have been notified of a dispute pertaining to a credit report. *See* 15 U.S.C. § 1681s-2(b). The defendant argued that since the section did not explicitly state that it applied to " consumers," it did not impose a requirement " with respect to any consumer" necessary for liability under § 1681n. *Nelson,* 282 F.3d at 1059.<sup>FN1</sup> The court dismissed this argument as having only " specious plausibility," and held that the statute was clearly intended for the protection of consumers, even if the term " consumer" was not specifically used. *Id.*

> FN1. At the time *Nelson* was decided, § 1681s-2(b) referred only to " persons." It was amended by the Fair and Accurate Credit Transactions Act of 2003, Pub.L. No. 108-159, § 314, 117 Stat.1952, and now explicitly uses the term " consumer." *See* 15 U.S.C. § 1681s-2(b)(1)(E).

Similarly, § 1681c(g) is clearly intended for the protection of consumers, even if it applies broadly to both individual cardholders and entity cardholders. If a defendant willfully or negligently fails to comply with § 1681c(g) with respect to any consumer, that consumer has a private right of action under §§ 1681n and 1681o. Ms. Leowardy is an individual consumer, not an entity, and the class she seeks to represent consists solely of individual consumers. Accordingly, the FCRA allows her to bring a private action against Oakley for alleged violations of § 1681c(g).<sup>FN2</sup>

> FN2. The question of a private right of action to enforce § 1681c(g) has not been extensively litigated, but the only two other courts to consider the issue of which this Court is aware have reached the same conclusion. *See Eskandari v. IKEA U.S., Inc.,* No. SACV 06-1248 JVS (RNBx), 2007 WL 845948 (C.D.Cal. Mar. 12, 2007); *Aeschbacher v. Cal. Pizza Kitchen,* No. CV 07-215 VBF (JWJx) (C.D.Cal. Apr. 3, 2007).

C.D.Cal.,2007.
Leowardy v. Oakley, Inc.
Not Reported in F.Supp.2d, 2007 WL 1113984 (C.D.Cal.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**App. 000027**

Westlaw.

Not Reported in F.Supp.2d                                                    Page 1
Not Reported in F.Supp.2d, 2007 WL 1040864 (C.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

**C**

Pirian v. In-N-Out Burgers
C.D.Cal.,2007.
Only the Westlaw citation is currently available.
United States District Court,C.D. California.
Anriette PIRIAN
v.
IN-N-OUT BURGERS, and Does 1 through 10
No. SACV061251DOCMLGX.

April 5, 2007.

Douglas A. Linde, Erica L. Allen, Chant Yedalian, Linde Law Firm, Los Angeles, CA, for Anriette Pirian.
George A. McNamee, III, In-N-Out Burgers, Irvine, CA,

| Kristee Hopkins | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
| NONE PRESENT | NONE PRESENT |

PROCEEDING (IN CHAMBERS): ORDER DENYING DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant In-N-Out Burgers' Motion to Dismiss and Motion to Strike or, in the Alternative, Motion for a Mere Definite Statement (" Motion" ). The Court finds the matter appropriate for decision without oral argument. Fed.R.Civ.P. 78; Local R. 7-15. Accordingly, the hearing set for April 2, 2007 was removed from the Court's calendar. After considering the moving, opposing, and replying papers, the Court hereby DENIES the Motion.

I. BACKGROUND

Defendant In-N-Out Burgers (" INO" ) operates a chain of fast food restaurants. Plaintiff Anriette Pirian (" Plaintiff" ) filed this purported class action against INO on December 26, 2006. Plaintiff alleges that after December 4, 2006 INO continued to print more than the

Megan Molloy Elder, Robert L. Wallan, Sheri Flame Eisner, Pillsbury WinthropShaw Pittman, Los Angeles, CA, for In-N-Out Burgers.

*CIVIL MINUTES-GENERAL*

CARTER, J.

DOCKET ENTRY

**\*1** [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
Date: _____ Deputy Clerk: _____

last five digits of a debit/credit card number and/or the card's expiration dates on receipts in violation of the Fair and Accurate Credit Transactions Act (" FACTA" ). FACTA was enacted and signed into law in 2003 to protect individuals from identity theft, but gave merchants three years to comply with some of its requirements including the provision regarding credit/debit card receipts. Thus, merchants were required to fully comply with FACTA no later than December 4, 2006. Despite being given three years to comply, Plaintiff alleges that INO violated FACTA by printing more than the last five digits of credit/debit card numbers and/or the expiration date on receipts after December 4, 2006. INO now moves to dismiss Plaintiff's Complaint, to strike her request for punitive damages,[FN1] or alternatively, for a more definite statement.

FN1. INO's motion also seeks to strike Plaintiff's request for injunctive relief. However, after the motion was filed, the parties resolved this issue through stipulation and consequently, the Court

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                    Page 2

Not Reported in F.Supp.2d, 2007 WL 1040864 (C.D.Cal.)

**(Cite as: Not Reported in F.Supp.2d)**

need not address this part of INO's motion. *See* Stip. to Strike Pl.'s Req. for Injunctive Relief, Docket No. 13.

## II. LEGAL STANDARDS

### A. Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Dismissal should not be granted unless " it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1990) (stating that a complaint should be dismissed only when it lacks a " cognizable legal theory" or sufficient facts to support a cognizable legal theory). The Court must construe the complaint liberally by viewing it in the light most favorable to the plaintiff. *Chang v. Chen,* 80 F.3d 1293, 1296 (9th Cir.1996); *Balistreri,* 901 F.2d at 699. The Court accepts as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations. *See Westlands Water Dist. v. Firebaugh Canal,* 10 F.3d 667, 670 (9th Cir.1993); *NL Indus., Inc. v. Kaplan,* 792 F.2d 896, 898 (9th Cir.1986).

### B. Motion to Strike

**\*2** Federal Rule of Civil Procedure 12(f) provides that a court " may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Motions to strike are disfavored and " are generally not granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *LeDuc v. Ky. Cent. Life Ins. Co.,* 814 F.Supp. 820, 830 (N.D.Cal.1992). The Ninth Circuit has defined " immaterial" matter as " that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir.1993) (internal quotation marks and citation omitted), *rev'd on other grounds,* 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994).

### C. Motion for a More Definite Statement

Federal Rule of Civil Procedure 12(e) allows a party to move for a more definite statement when the complaint " is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."

Fed.R.Civ.P. 12(e). " A motion for [a] more definite statement pursuant to Rule 12(e) attacks the unintelligibility of the complaint, not simply the mere lack of detail, and therefore, a court will deny the motion where the complaint is specific enough to apprise the defendant of the substance of the claim being asserted." *Beery v. Hitachi Home Elecs. (Am.), Inc.,* 157 F.R.D. 477, 480 (C.D.Cal.1993). " If the detail sought by a motion for more definite statement is obtainable through discovery, the motion should be denied." *Id.; see also Famolare, Inc. v. Edison Bros. Stores, Inc.,* 525 F.Supp. 940, 949 (E.D.Cal.1981). Under the liberal federal pleading standards, all that is required of a complaint is " a short and plain statement of the claim" that gives the defendant " fair notice of what the plaintiff's claim is and the grounds upon which it rests." Fed.R.Civ.P. 8(a); *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). Therefore, a Rule 12(e) motion may not be used to compel the plaintiff to set forth " the statutory or constitutional basis for his claim, only the facts underlying it." *McCalden v. Cal. Library Ass'n,* 955 F.2d 1214, 1223 (9th Cir.1990). However, " even though a complaint is not defective for failure to designate the statute or other provision of law violated, the judge may in his discretion ... require such detail as may be appropriate in the particular case." *McHenry v. Renne,* 84 F.3d 1172, 1179 (9th Cir.1996).

## III. DISCUSSION

FACTA is a subset of the Fair Credit Reporting Act (" FCRA" ), codified at 15 U.S.C. §§ 1681, *et seq.* The FACTA provision at issue provides that: " no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." **15 U.S.C. § 1681c(g)(I).**

**\*3** INO first moves to dismiss Plaintiff's Complaint on the ground that INO could not have willfully violated this vague and ambiguous statute.[FN2] INO's argument is premised on its contention that the FACTA provision it allegedly violated, Section 1681c(g), is vague and ambiguous. In its attempt to demonstrate that Section 1681c(g) is vague and ambiguous, INO must contort the provision's plain meaning. First, INO argues that Section 1681c(g) could be read to impose different obligations on businesses that accept credit or debit cards. This is absurd. Nothing in the language of Section 1681c(g) suggests such an interpretation. Section 1681c(g) simply provides that it applies to business that accept both credit and debit cards and ensures that even if a merchant only accepts one

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

type of card, e.g. credit cards, the provision applies to that merchant's printing of credit card numbers and expiration dates. Next, INO argues that Section 1681c(g) could be read so that the " last five digits" modifies both the card number and the expiration date or could be read to permit the printing of the expiration date as long as fewer than the last five digits of the card number appear on the receipt. Again, this is a tortured reading of a statute that is not ambiguous on its face. The last five digits clearly modifies only the card number and not the expiration date. Section 1681c(g) expressly prohibits printing more than the last five digits of the credit/debit card numbers and also prohibits printing the card's expiration date.

> FN2. Plaintiff's opposition complains that INO failed to meet and confer regarding many of the arguments raised in its instant motion, including the vagueness argument and thereby violated Local Rule 7-3 requiring counsel to thoroughly discuss the substance of contemplated motions. INO's reply asserts that all of its arguments derive from the willfulness and actual damage arguments addressed in the meet and confer. To avoid future problems along these lines, the Court admonishes the parties to comply with the local rules and thoroughly discuss the substance of contemplated motions in an effort to avoid unnecessary motion practice.

The fact that the statute could have been drafted with alternate wording that may have been even clearer is of no consequence because the statute as written is not vague or ambiguous. *See United States v. Gilbert,* 266 F.3d 1180, 1183 (9th Cir.2001) (stating that " [w]here legislative ' will has been expressed in reasonably plain terms, that language must ordinarily be regarded as conclusive." ' ) (citing *Negonsott v. Samuels,* 507 U.S. 99, 104, 113 S.Ct. 1119, 122 L.Ed.2d 457 (1993)). Thus, when the statute's plain language renders its meaning reasonably clear, the court should not investigate further unless its " application leads to unreasonable or impracticable results." *Gilbert,* 266 F.3d at 1183; *Seattle-First Nat'l Bank v. Conaway,* 98 F.3d 1195, 1197 (9th Cir.1996) (" Canons of statutory construction dictate that if the language of a statute is clear, we look no further than that language in determining the statute's meaning" ). Here the plain meaning of FACTA Section 1681c(g) is that " no person shall print more than the last five digits of a card number on a receipt" and " no person shall print the expiration date on a receipt." Thus, Section 1681c(g)'s plain language makes it clear that the statute prohibits both the printing of more than the last five digits of the card number and the printing of the expiration date. The " or"

simply puts merchants on notice that a violation of this statute occurs if they print either of these prohibited items-the expiration date or the last five digits of the card number. Consequently, because the Section 1681c(g)'s language is clear, the Court declines INO's invitation to ignore the canons of construction and look beyond the statute's plain meaning to legislative history, prior versions of the statute and other materials.

**\*4** INO next moves to dismiss Plaintiff's Complaint on the ground that the relief sought by the Complaint would violate principles of tort law and due process. INO contends that the recovery of statutory damages without allegations of actual harm is contrary to general common law tort principles. INO cites to *Doe v. Chao,* 540 U.S. 614, 124 S.Ct. 1204, 157 L.Ed.2d 1122 (2004), where the Supreme Court held that the Privacy Act required that a plaintiff sustain actual damages to recover. *Id.* at 620. This case in inapposite because of material differences between the Privacy Act damages provision interpreted in *Chao* and the FCRA damages provision at issue here. The Privacy Act provides, in pertinent part, that if the court determines that the government agency acted in a willful or intentional manner, " the United States shall be liable to the individual in an amount equal to ... actual damages sustained by the individual as a result of the refusal or failure, but in no case shall a person entitled to recovery receive less than the sum of $1,000." 5 U.S.C. § 552a(g)(4)(A). The Supreme Court held that the government's argument that the recovery was limited to cases in which victims proved actual damages was supported by a straightforward analysis of the text. *Chao,* 540 U.S. at 620-21. By contrast, for willful violations, the FCRA provides that a consumer may recover " any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000." 15 U.S.C. § 1681n(a)(1). Unlike the Privacy Act, the FCRA explicitly provides for statutory damages even in the absence of actual damages. Thus, the plain language of the FCRA's damages provision deflates INO's argument that Plaintiff must prove actual damages to recover for INO's alleged violations of FACTA. While Congress required actual damages for violations of the Privacy Act, Congress did not impose any such requirement for FCRA violations. Instead Congress explicitly provided that FCRA plaintiffs may recover statutory damages of $100 to $1,000 for willful violations. Courts interpreting the FCRA agree with this analysis. *See e.g. Hernandez v. Chase Bank USA, N.A.,* 429 F.Supp.2d 983, 988-89 (N.D.Ill.2006) (denying motion to dismiss because the complaint stated a FCRA violation despite not alleging actual damages: " The decision in *Murray* forecloses any arguments that actual damages

Not Reported in F.Supp.2d                                                                                                                       Page 4

Not Reported in F.Supp.2d, 2007 WL 1040864 (C.D.Cal.)

(Cite as: Not Reported in F.Supp.2d)

need to be established for a willful violation of the FCRA" ) (referencing *Murray v. GMAC Mortg. Corp., 434 F.3d 948 (7th Cir.2006)*). As the Seventh Circuit observed in *Murray,* statutes like the FCRA provide for modest damages without proof of injury because the actual loss suffered by an individual is likely to be small and hard to quantify: " a modest concern about privacy, a slight chance that information would leak out and lead to identity theft." *Murray,* 434 F.3d at 953. While INO argues that *Murray* is distinguishable because there the plaintiff suffered actual harm, the Seventh Circuit did not rely on this harm in ruling that the plaintiff could seek only statutory damages under the FCRA to facilitate class certification. Moreover, the same potential harm mentioned by the Seventh Circuit, i.e. the slight chance that the information might leak and lead to identity theft is present here as discarded receipts containing individuals' complete credit/debit card numbers could fall into the hands of identity thieves who can use the numbers to commit credit card fraud. Accordingly, the Court finds no reason to depart from the statutory scheme allowing Plaintiff to seek statutory damages without pleading actual damages.

*5 As to INO's due process argument, INO argues that allowing Plaintiff to recover statutory damages where no actual harm is alleged would violate the procedural and substantive constitutional limitations on damage awards. *See State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 416, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003) (" The Due Process Clause of the Fourteenth Amendment prohibits the imposition of grossly excessive or arbitrary punishments on a tortfeasor" ). While the Court is cognizant of concerns regarding excessive damages, it would be premature to dismiss Plaintiff's complaint on this ground because the Court cannot evaluate INO's claim about potentially " annihilating" damages in the abstract without any ability to determine the size of the class or judge INO's overall conduct. As other courts have recognized, concerns regarding excessive damages are best addressed if the class is certified and damages are assessed. *See e.g. Murray,* 434 F.3d at 954; *but see Ratner v. Chem. Bank New York Trust Co.,* 54 F.R.D. 412 (S.D.N.Y.1972) (refusing to certify a Truth in Lending Act class where plaintiffs sought $13 million in statutory damages but alleged no actual damages). Moreover, as Plaintiff contends, the constitutional guidelines regarding the excessiveness of a damage award cannot be properly applied before the amount of damages has been determined. *See State Farm,* 538 U.S. at 418. Finally, the Court notes that Congress has not chosen to limit the aggregate award to a FCRA class as it has in other contexts. *Cf.* 15 U.S.C. § 1640(a)(2)(B) (limiting total

amount of recovery to " the lesser of $500,000 or 1 per centum of the net worth of the creditor" under the Truth in Lending Act); 15 U.S.C. § 1692k(a)(2)(B) (same limit under Fair Debt Collection Practices Act). If Plaintiff is able to prove that INO willfully violated Section 1681c(g)(1) on a large scale, entitling Plaintiff and the class to statutory damages, the Court will reduce any unconstitutionally excessive damages award at that time.

INO next argues that Plaintiff's request for punitive damages be stricken on the ground that due process limits Plaintiff's ability to recover punitive damages without alleging actual harm. However, FACTA explicitly provides that a person who willfully fails to comply with its requirements is liable for " such amount of punitive damages as the court may allow." 15 U.S.C. § 1681n. Thus, because Plaintiff has pled willfulness, she may pray for punitive damages at this stage. Such a prayer for relief, expressly authorized by the applicable statute is not " redundant, immaterial, impertinent, or scandalous" as required for the Court to strike this portion of the Complaint. Moreover, while the Court acknowledges that punitive damages may prove to be unconstitutionally excessive at a later stage of this litigation, there is no basis on which to make that finding at this early stage. Finally, the Court rejects INO's argument that due process requires Plaintiff to allege actual harm as the Supreme Court has expressly instructed courts to examine a punitive damages award in relation to the plaintiff's actual or potential harm. Specifically, one of the three guideposts articulated in *State Farm* is the " disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award." *State Farm,* 538 U.S. 408 at 418, 123 S.Ct. 1513, 155 L.Ed.2d 585. Thus, while Plaintiff has not alleged any actual harm, the analysis as to the excessiveness of a punitive damages award is not limited to actual harm; rather the Court may take account of potential harm as well. Here there is potential harm from printing more than the last five digits of the card number and the expiration date on receipts in that these receipts may be misplaced, lost, or stolen, placing the consumer at an increased risk of credit card fraud and/or identity theft. Accordingly, INO's motion to strike Plaintiff's request for punitive damages is denied.

*6 INO further moves to dismiss Plaintiff's Complaint or strike her prayer for punitive damages on the ground that she has not adequately alleged willfulness. The Court disagrees. Pursuant to the liberal notice pleading standards of the Federal Rules, Plaintiff may generally plead willfulness. *See* Fed.R.Civ.P. 8(e) (directing that averments in pleadings be " simple, concise, and direct" ). In particular, Rule 9 provides that " malice, intent,

Not Reported in F.Supp.2d, 2007 WL 1040864 (C.D.Cal.)

**(Cite as: Not Reported in F.Supp.2d)**

knowledge, and other condition of mind of a person may be averred generally." Fed.R.Civ.P. 9(b). The only exception to notice pleading for fraud and mistake, which must be pled with particularity, is inapplicable to allegations of willfulness. *See, e.g. Ferguson Beauregard/Logic Controls v. Mega Sys., LLC,* 350 F.3d 1327, 1343 (Fed.Cir.2003) (stating that willfulness is not equivalent to fraud and thus, need not be pled with particularity). Plaintiff alleges that despite having had three years to comply with FACTA, INO willfully violated the law and failed to protect Plaintiff and the purported class against identity theft and credit and debit card fraud by printing more than the last five digits of the card number and/or the expiration date on receipts. Compl. ¶ 3. Plaintiff also alleges that INO knew of and was informed about FACTA's specific requirements mandating the truncation of card numbers and prohibiting the printing of expiration dates. Compl. ¶ 35. Plaintiff alleges that despite its knowledge of the FACTA receipt requirements and the importance of truncating card numbers and not printing expiration dates, INO willfully, intentionally, and recklessly violated FACTA's requirements. Compl. ¶ 37. These willfulness allegations are sufficient to satisfy the liberal notice pleading requirements of the Federal Rules. For the proposition that Plaintiff's willfulness allegations are insufficient, INO cites to *Howard v. Blue Ridge Bank,* 371 F.Supp.2d 1139 (N.D.Cal.2005), where the court dismissed the plaintiff's claim for willful noncompliance of the FCRA because the plaintiff alleged that defendants acted " negligently" instead of " willfully." *Id.* at 1143. While the court in *Howard* further reasoned that even if the plaintiff had used the word willfully, the factual allegations would be insufficient, the case is distinguishable. In *Howard,* the issue was whether defendants had received notice from the credit reporting agencies. By contrast, in the instant action the only issue is whether INO failed to make a good faith effort to fulfill its obligations under FACTA. Unlike the situation in *Howard* where the defendants allegedly violated another provision of the FCRA, there is no requirement that INO receive notice from another entity to invoke its obligations under the FCRA. Rather FACTA is a direct prohibition on what merchants like INO may print on credit/debit card receipts. Consequently, there are no underlying facts to allege to show willfulness beyond INO's knowledge of its obligations under FACTA and its failure to comply. Thus, in the instant case, Plaintiff may allege willfulness by simply pleading that INO was aware of FACTA, yet failed to bring its receipt printing into compliance with FACTA's requirements before the end of the three year grace period.

**\*7** Finally, INO argues that Plaintiff's failure to allege actual harm means that INO could not have acted willfully. This is a non sequitur. INO has not cited to any case law requiring actual harm for a defendant's actions to be willful. Moreover, INO's alleged conduct satisfies the requirements for willfulness under the controlling Ninth Circuit case law to which INO cites, *Reynolds v. Hartford Fin. Servs. Group, Inc.,* 435 F.3d 1081 (9th Cir.2006). Although certiorari was granted in *Reynolds,* which is currently pending before the Supreme Court, for now, this Court follows *Reynolds.* In *Reynolds,* the Ninth Circuit adopted the Third Circuit's definition of willfulness in the FCRA context, holding that " as used in FCRA ' willfully' entails a ' conscious disregard' of the law, which means ' either knowing that policy [or action] to be in contravention of the rights possessed by consumers pursuant to the FCRA or in reckless disregard of whether the policy [or action] contravened those rights." ' *Id.* at 1098 (quoting *Cushman v. Trans Union Corp.,* 115 F.3d 220, 227 (3d Cir.1997)). The Ninth Circuit summarized the consequences of its holding as follows:

In sum, if a company knowingly and intentionally performs an act that violates FCRA, either knowing that the action violates the rights of consumers or in reckless disregard of those rights, the company will be liable under 15 U.S.C. § 1681n for willfully violating consumers' rights. A company will not have acted in reckless disregard of a consumers' rights if it has diligently and in good faith attempted to fulfill its statutory obligations and to determine the correct legal meaning of the statute and has thereby come to a tenable, albeit erroneous, interpretation of the statute. In contrast, neither a deliberate failure to determine the extent of its obligations nor reliance on creative lawyering that provides indefensible answers will ordinarily be sufficient to avoid a conclusion that a company acted with willful disregard of FCRA's requirement. Reliance on such implausible interpretations may constitute reckless disregard for the law and therefore amount to a willful violation of the law.

*Id.* at 1099. FACTA gives consumers' the right to receive receipts containing no more than the last five digits of their credit or debit card number and omitting the expiration date. Plaintiff has alleged that INO intentionally or recklessly continued to print expiration dates and/or more than the last five digits of the card numbers despite being aware of its obligations under FACTA. There is no evidence that INO made a good faith attempt to comply with FACTA. Consequently, under current law, Plaintiff has adequately alleged willfulness.

Finally, Plaintiff's pleading is not " so vague or ambiguous that [INO] cannot reasonably be required to

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                      Page 6
Not Reported in F.Supp.2d, 2007 WL 1040864 (C.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

frame a responsive pleading." Fed.R.Civ.P. 12(e). INO can obtain the information it seeks as to whether it allegedly violated the FACTA by printing both the expiration date and more than the last five digits of the account number on the receipts or whether INO only violated one of these requirements through discovery. INO's motion for a more definite statement is therefore denied. *See Beery v. Hitachi Home Elecs. (Am.), Inc., 157 F.R.D. 477, 480 (C.D.Cal.1993)* (" If the detail sought by a motion for more definite statement is obtainable through discovery, the motion should be denied." ); *Famolare, Inc. v. Edison Bros. Stores, Inc., 525 F.Supp. 940, 949 (E.D.Cal.1981)*.

IV. DISPOSITION

**\*8** For the reasons set forth above, Defendant INO's Motion is hereby DENIED.

The Clerk shall serve this minute order on all parties to the action.

C.D.Cal.,2007.
Pirian v. In-N-Out Burgers
Not Reported in F.Supp.2d, 2007 WL 1040864 (C.D.Cal.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                                                              Page 1
Not Reported in F.Supp.2d, 2007 WL 1113997 (C.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

C

Blanco v. El Pollo Loco, Inc.
C.D.Cal.,2007.
Only the Westlaw citation is currently available.
United States District Court,C.D. California.
Veronica BLANCO, et al,
v.
EL POLLO LOCO, INC., et al.
**No. SACV 07-54 JVSRNBX.**

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

Proceedings: (In Chambers)  Order Denying Defendant's Motion to Dismiss or, in

the Alternative, for a More Definite Statement

(Fld 3-12-07)

### I. *BACKGROUND*

**\*1** This putative class action arises under the Fair Credit Reporting Act (" FCRA" ), 15 U.S.C. §§ 1681, *et seq.* The FCRA prohibits printing certain credit card or debit card information on receipts. *See* 15 U.S.C. § 1681c(g). Plaintiff Veronica Blanco (" Blanco" ) alleges that defendant El Pollo Loco, Inc. (" El Pollo Loco" ) has willfully violated Section 1681c(g) by issuing receipts that included the restricted information. (*See* Complaint, ¶¶ 1, 10-11.) In the instant motions, El Pollo Loco moves to dismiss the complaint, or in the alternative, to strike Blanco's prayer for punitive damages and for a more

April 3, 2007.

Ira Spiro, James Mark Moore, Spiro Moss Barness, Los Angeles, CA, for Veronica Blanco.
Cary Donahue Sullivan, Ralph H. Blakeney, Pillsbury Winthrop, Costa Mesa, CA, for El Pollo Loco Inc.

CIVIL MINUTES-GENERAL

SELNA, J.

definite statement.[FN1]

> [FN1.] The parties have requested that the Court take judicial notice of a number of exhibits submitted in support of the motion and opposition. (*See* Def.'s RJN, Exhs. 1-49; Pl.'s RJN, Exhs. 1-12.) El Pollo Loco objects to consideration of the content of Blanco's exhibits 1-4 and 11 on the ground that the content is hearsay. Under Rule 201 of the Federal Rules of Evidence, the Court shall take judicial notice of adjudicative facts that are not subject to reasonable dispute if requested by a party and supplied with the necessary information.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                    Page 2
Not Reported in F.Supp.2d, 2007 WL 1113997 (C.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

Fed.R.Evid. 201; *see also Oneida Indian Nation of New York v. State of New York,* 691 F.2d 1070, 1086 (2d Cir.1982) (judicial notice of legislative history is proper when there is no dispute as to the authenticity of the materials); *Green v. Warden, U.S. Penitentiary,* 699 F.2d 364, 369 (7th Cir.1983) (judicial notice of the existence and subject matter of other lawsuits is proper). The Court takes judicial notice of documents 4, 8, 9 and 10 submitted by Blanco and documents 1 and 13 through 49 submitted by El Pollo Loco. The Court also considers documents 5, 6, and 8 submitted by El Pollo Loco as relevant legislative history.

## II. *LEGAL STANDARDS*

### A. *Motion to Dismiss*

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss will not be granted unless it appears that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In resolving a Rule 12(b)(6) motion, the Court must construe the Complaint in the light most favorable to the plaintiff and must accept all well-pleaded factual allegations as true. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-38 (9th Cir.1996). The Court must also accept as true all reasonable inferences to be drawn from the material allegations in the Complaint. *Pareto v. F.D.I.C.,* 139 F.3d 696, 699 (9th Cir.1998).

### B. *Motion to Strike*

Under Rule 12(f), a party may move to strike " any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" contained in the pleadings. Fed.R.Civ.P. 12(f). The grounds for a motion to strike must appear on the face of the pleading under attack, or from matters which the Court may take judicial notice. *SEC v. Sands,* 902 F.Supp. 1149, 1165 (C.D.Cal.1995). " Motions to strike are generally disfavored because of the limited importance of pleadings in federal practice and because it is usually used as a delaying tactic." *RDF Media Ltd. v. Fox Broadcasting Co.,* 372 F.Supp.2d 556, 566 (C.D.Cal.2005); *see also* William Schwarzer, *et al.,* Federal Civil Procedure Before Trial § 9:375 (2006).

### C. *Motion for a More Definite Statement*

Under Rule 12(e), a party is entitled to a more definite

statement where " a pleading to which a responsive pleading is permitted is so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed.R.Civ.P. 12(e). Rule 12(e) motions should be granted only where a complaint is " so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." *Delta Educ., Inc. v. Langlois,* 719 F.Supp. 42, 50 (D.N.H.1989) (quoting 5A Wright & Miller, Federal Practice and Procedure § 1376). A court should deny a motion for a more definite statement if the detail the motion claims is lacking can be obtained through discovery. *Beery v. Hitachi Home Elecs. (America), Inc.,* 157 F.R.D. 477, 480 (C.D.Cal.1993).

## III. *DISCUSSION*

### A. *Motion to Dismiss*

**\*2** A consumer may sue any person who willfully fails to comply with requirements imposed by the FCRA with respect to consumers. 15 U.S.C. § 1681n. In the instant action, Blanco alleges that El Pollo Loco willfully violated **15 U.S.C. § 1681c(g)**, which provides: " no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." **15 U.S.C. § 1681c(g)(1)**. El Pollo Loco moves to dismiss the complaint for failure to state a claim on several grounds.

First, El Pollo Loco argues it could not have willfully violated Section 1681c(g) because the statute is vague and ambiguous. El Pollo Loco suggests that it is not clear whether the statute prohibits printing (1) the expiration date or more than the last five digits of the card number; or (2) more than the last five digits of either the expiration date or the account number.[FN2] El Pollo Loco contends that because Section 1681c(g) may be read in more than one way, it could not have violated the statute willfully. The Court disagrees. Section 1681c(g) is not so vague as to violate due process. Moreover, the complaint alleges that El Pollo Loco printed receipts that contained " the expiration date ... and/or more than the last five digits of [the card] number." (*See, e.g.,* Complaint, ¶ 20.) [FN3] Thus, Blanco has alleged a violation under either of the interpretations suggested El Pollo Loco.

FN2. El Pollo Loco's numerous references to materials that focus exclusively on truncation of the card number are only minimally helpful. The

**App. 000035**

Not Reported in F.Supp.2d                                                                                         Page 3

Not Reported in F.Supp.2d, 2007 WL 1113997 (C.D.Cal.)

**(Cite as: Not Reported in F.Supp.2d)**

plain language of the statute expressly prohibits printing the expiration date.

FN3. In its reply brief, El Pollo Loco argues that the receipt provided by Blanco's counsel contains a truncated card number and a four-digit expiration date (*i.e.,* MM/YY). The receipt is not attached to the complaint, nor has it been submitted as an exhibit to this motion. Accordingly, the Court does not look beyond the pleadings.

How El Pollo Loco read the statute is, of course, relevant to whether it acted willfully. *See Reynolds v. Hartford Fin. Svcs. Group,* 435 F.3d 1081, 1099 (9th Cir.2006), *cert. granted,* --- U.S. ----, 127 S.Ct. 36, 165 L.Ed.2d 1014 (U.S. Sept. 26, 2006) (" A company will not have acted [willfully under Section 1681n] if it has diligently and in good faith attempted to fulfill its statutory obligations and to determine the correct legal meaning of the statute and has thereby come to a tenable, albeit erroneous, interpretation of the statute." ). Whether El Pollo Loco made a plausible interpretation of the law or acted diligently and in good faith, however, are not questions that can be answered at the pleading stage.

Second, El Pollo Loco argues that the complaint should be dismissed because it contains boilerplate allegations regarding willfulness. Under the notice pleading standard, however, plaintiffs need not plead the particular facts constituting willfulness with specificity.FN4 *See* Fed R. Civ. P. 8(e)(1) (" Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required." ); *c.f.* Fed.R.Civ.P. Form 10 (exemplar complaint alleging that defendants " willfully or recklessly or negligently" drove a vehicle). Blanco's allegations of willfulness are sufficient under federal pleading standards.

FN4. Even under the heightened Rule 9 pleading standard, " [m]alice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed.R.Civ.P. 9(b).

Third, El Pollo Loco argues that it could not have acted willfully because Blanco has not alleged any actual harm. A defendant acts willfully under Section 1681n if it " knowingly and intentionally performs an act violating the FCRA, either knowing that the action violates the rights of consumers or in reckless disregard of those rights." *Reynolds,* 435 F.3d at 1099. Neither this standard nor the plain language of Section 1681n requires proof of " actual harm" beyond the violation of the consumer's rights.FN5

FN5. In any event, Blanco has alleged that she was " exposed to at least an increased risk of identity theft by reason of [El Pollo Loco's] conduct." (Complaint, ¶ 23.)

**\*3** Fourth, El Pollo Loco argues that proof of actual harm is required to recover statutory damages. Section 1681n contains no such requirement. FN6 *See* 15 U.S.C. § 1681n(a)(1)(A) (" [a]ny person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer ... *or damages of not less than $100 or more than $1,000"* (emphasis added)). El Pollo Loco argues that allowing statutory damages without proof of actual damages would violate principles of due process. *See, e.g., BMW of N. Am., Inc. v. Gore,* 517 U.S. 559, 574, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996) (" Elementary notions of fairness enshrined in our constitutional jurisprudence dictate that a person receive fair notice not only of the conduct that will subject him to punishment, but also of the severity of the penalty that a State may impose." ). By their very nature, however, statutory damage provisions give a defendant fair notice of the " severity of the penalty" that may be imposed. El Pollo Loco's arguments regarding the potential for enormous statutory damages on behalf of a class are premature at this stage of the litigation.

FN6. *Doe v. Chao,* 540 U.S. 614, 124 S.Ct. 1204, 157 L.Ed.2d 1122 (2004), cited by El Pollo Loco, is distinguishable. In *Chao,* the Court held that plaintiffs had to show some actual damage in order to recover damages under the Privacy Act. *Chao,* 540 U.S. at 627. The Privacy Act provides that a plaintiff may recover " actual damages sustained by the individual as a result of the refusal or failure, but in no case shall a person entitled to recovery receive less than the sum of $1,000." Id. at 619. The FRCA, in contrast, authorizes recovery of actual damages or " statutory" damages $100 to $1,000. 15 U.S.C. § 1681n(a)(1)(A).

For the foregoing reasons, El Pollo Loco's motion to dismiss the complaint is denied.

### B. *Motion to Strike*

El Pollo Loco moves to strike Blanco's prayer for punitive damages. El Pollo Loco argues that any award of punitive damages will be constitutionally excessive because

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d, 2007 WL 1113997 (C.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

Blanco has not alleged any actual harm. Section 1681n authorizes the award of " such punitive damages as the court may allow." 15 U.S.C. § 1681n(a)(2). Should punitive damages be awarded in this case, the Court will certainly apply the standards set forth in *State Farm Mutual Automobile Insurance Co. v. Campbell,* 538 U.S. 408, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003) and its progeny to ensure that they are within constitutional limits. However, the Court does not find it appropriate to strike Blanco's prayer at this stage of the proceedings.

El Pollo Loco also argues that Blanco's boilerplate allegations of willfulness are insufficient to state a claim for punitive damages. As discussed above, however, Blanco's allegations of willfulness are sufficiently pleaded. Accordingly, El Pollo Loco's motion to strike is denied.

### C. *Motion for a More Definite Statement*

The Court finds that a more definite statement is not warranted in this case. The complaint alleges sufficient detail to put El Pollo Loco on notice as to the substance of Blanco's claim. The detail that El Pollo Loco claims to be lacking can be obtained through discovery. Accordingly, El Pollo Loco's motion for a more definite statement is denied.

### IV. *CONCLUSION*

For the foregoing reasons, El Pollo Loco's motion to dismiss, motion to strike, and motion for a more definite statement are denied. El Pollo Loco shall have 21 days from the date of the hearing to answer.

C.D.Cal.,2007.
Blanco v. El Pollo Loco, Inc.
Not Reported in F.Supp.2d, 2007 WL 1113997 (C.D.Cal.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                          Page 1

Not Reported in F.Supp.2d, 2007 WL 1500853 (C.D.Cal.)

**(Cite as: Not Reported in F.Supp.2d)**

C

Aeschbacher v. California Pizza Kitchen, Inc.
C.D.Cal.,2007.
Only the Westlaw citation is currently available.
United States District Court,C.D. California.
Fabiola AESCHBACHER
v.
CALIFORNIA PIZZA KITCHEN, INC., et al.
**No. CV 07-215VBFJWX.**

April 3, 2007.

| Rita Sanchez | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

| PROCEEDINGS (IN CHAMBERS): | ORDER DENYING DEFENDANT'S MOTION TO DISMISS, MOTION TO STRIKE, OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT |
|---|---|

**\*1** Pursuant to Rule 78 of the Federal Rules of Civil

Ira Spiro, James Mark Moore, Spiro Moss Barness, Los Angeles, CA, for Fabiola Aeschbacher.
Amy K. Jensen, Hinshaw and Culbertson, Clint D. Robison, Ropers Majeski Kohn & Bentley, Los Angeles, CA, for California Pizza Kitchen, Inc.

*CIVIL MINUTES-GENERAL*

FAIRBANK, J.

Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

App. 000038

Not Reported in F.Supp.2d                                                                                    Page 2

Not Reported in F.Supp.2d, 2007 WL 1500853 (C.D.Cal.)

(Cite as: Not Reported in F.Supp.2d)

argument. The hearing calendared for April 9, 2007 at 1:30 p.m. is hereby vacated and the matters taken off calendar. Defendant California Pizza Kitchen has not met its burden of persuading the Court that Plaintiff Fabiola Aeschbacher has failed to state a claim upon which relief may be granted, or that Plaintiff has failed to adequately plead the elements of the cause of action against Defendant. As a result, Defendant's motions to dismiss, motion to strike the punitive damages allegations, and motion for a more definite statement are DENIED.

1. 15 U.S.C. § 1681n Confers a Private Right of Action to Enforce 15 U.S.C. § 1681c(g).

Defendant contends that 15 U.S.C. § 1681n does not confer a private right of action based on a violation of 15 U.S.C. § 1681c(g). (Def.'s Mot. 2-8.) Defendant's argument is without merit. § 1681n states that " [a]ny person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer" for the amounts specified in § 1681n's subsections. Defendant asserts repeatedly that the Court must not find a private right of action created under § 1681n generally, but must focus on " the interaction between the liability provision, Section 1681n, and the underlying statute being violated." (Def.'s Reply 4.) But the interaction between the statutes is clear based on their plain language: § 1681n provides a private right of action for violations of § 1681c(g). Defendant clouds the issue with references to *Nelson v. Chase Manhattan Mortgage Corp.,* 282 F.3d 1057 (9th Cir.2002), but in that case the underlying statute being violated contained an explicit exception to § 1681n's general liability provisions. The exceptions were provided in §§ 1681s-2(c) and (d), and applied only for violations of § 1681s. The *Nelson* Court put it as plainly as possible: " There would be no doubt that a consumer could sue for their violations under sections 1681n & o if it were not for §§ 1681s-2(c) and (d)." *Nelson,* 282 F.3d at 1059. Defendant has not suggested that §§ 1681s-2(c) and (d), or any other such exceptions, apply to violations of § 1681c(g). The language of § 1681n is clear and there are no statutory exceptions which apply in this case. As a result, the plain language of the statute provides for a private right of action for violations of § 1681c(g).

Defendant's complex argument concerning Congress's intent is misplaced. Where the language of a statute is unambiguous, there is no occasion to examine legislative history. As the U.S. Supreme Court has held, " ... [C]anons of construction are no more than rules of thumb that help courts determine the meaning of legislation, and in interpreting a statute a court should always turn first to

one, cardinal canon before all others. We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then, this first canon is also the last: ' judicial inquiry is complete.' " *Connecticut Nat. Bank v. Germain,* 503 U.S. 249, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992) (citations omitted).

2. Defendant's " Cardholder vs. Consumer" Argument Lacks Merit.

**\*2** Defendant argues that Plaintiff has failed to " plead the requisite elements of the cause of action" because Plaintiff failed to allege that the offending receipt was provided to " the cardholder" (which would reflect the language of § 1681c(g)) rather than to a consumer. (Def.'s Mot. 8-10.) Again Defendant's argument lacks merit. In Paragraph 10 of her complaint, Plaintiff alleges that Defendant " printed the expiration of *Plaintiff's credit card or debit card number* on a receipt provided to Plaintiff ..." (Pl.'s Opp'n 5) (emphasis added.) Moreover, the definition of " cardholder" on which Defendant relies is taken not from the Fair Credit Reporting Act (under which the complaint is brought) but from the Truth In Lending Act, which contains a provision stating that " [t]he definitions ... set forth in this section are applicable for the purposes of this subchapter," *i.e.,* the Truth In Lending Act. 15 U.S.C. § 1602(a). The FCRA contains no definition for " cardholder." *See* 15 U.S.C. § 1681a. Thus, as Plaintiff argues, " Defendant's claim that Congress ' intended' to distinguish between these two terms" with respect to 1681(g) and 1681n " is unsupportable." (Pl.'s Opp'n 9.)

3. Defendant's " Due Process" Arguments Fail.

15 U.S.C. § 1681n reads, in part:

(a) ... Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of-
(1)(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or
[ ... ]
(1)(C) such amount of punitive damages as the court may allow ...

Defendant argues that subsections (1)(A) and (1)(C), taken together, form an impermissible double penalty. (Def.'s Mot. 10). Defendant's theory is that because

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                  Page 3

Not Reported in F.Supp.2d, 2007 WL 1500853 (C.D.Cal.)

**(Cite as: Not Reported in F.Supp.2d)**

subsection (a) requires a willful violation, that the statutory damages provision is necessarily punitive. But the most straightforward reading of the plain language of these provisions, taken together, is that section (1)(A) provides for compensatory damages, measured by an actual or statutory definition, while (1)(C) provides the possibility of punitive damages. Guidance from other courts supports the conclusion that the statutory damages provision is not punitive in nature. *See, e.g., Murray v. GMAC Mortgage Corp.,* 434 F.3d 948, 953 (7th Cir.2006)(" That actual loss is small and hard to quantify is why statutes such as the Fair Credit Reporting Act provide for modest damages without proof of injury." ) and *In re Trans Union Corp. Privacy Litigation,* 211 F.R.D. 328, 342 (N.D.Ill.2002)(" ... § 1681(a)(1)(A) clearly and unambiguously allows for actual or statutory damages as the measure of compensatory damages, but not both ..." ).

Defendant next argues that application of the statutory penalty (of between $100 and $1000 per violation) would violate Defendant's due process rights because " there is no meaningful application of the statutory damages." The first prong of this argument is that the statute has a " mandatory and mechanical application." The Defendant cites the fact that the penalty is mandatory, that it fails to distinguish between various levels of culpability, and that Congress has provided no guidance or standards by which to apply these damages. The Court rejects this argument. § 1681n provides liability only for willful violations, and thus persons with little culpability will not be liable under it. Moreover, Congress has provided a range of statutory damages, within which courts may exercise their discretion from case to case. And finally, by the plain language of the statute, courts are not required to invoke the statutory damages provision at all, but may content themselves with actual damages. 15 U.S.C. § 1681n.

**\*3** The second and third prongs of Defendant's " no meaningful application" argument is that the statute provides for ever-mounting, open-ended damages, and that a single wrongful act triggers virtually limitless penalties. Yet, as Plaintiff points out, it is not the failure to upgrade a cash register that violates the statute. It is the printing of prohibited information on receipts. (Pl.'s Opp'n 15.) Damages do not continue to mount unless a person continues to violate the law. Moreover, there is no possibility that a victim will, as Defendant suggests, " sit back" and allow penalties to accumulate on an unwitting merchant, because the statute requires *willful* violation before the statutory penalties can be imposed. 15 U.S.C. § 1681n(a).

The fourth prong of Defendant's " no meaningful application" argument is that the statute fails to provide for consideration of mitigating factors prior to determining the appropriate penalty for a wrongful act. Defendant's argument fails in light of the Court's finding that the statutory damages provision in § 1681n(a)(1)(A) is not punitive. Furthermore, as Plaintiff points out, because the statute applies only to willful violations of the law, ameliorating factors will presumably be taken into consideration when the court decides the issue of willfulness (not to mention the decision of where in the range between $100 and $1000 per violation the statutory damages award should fall, *or* the decision whether to invoke the statutory damages provision at all.)

Defendant argues that the damages assessed under § 1681n are disproportionately excessive to any actual damages. As noted above, " [t]hat actual loss is small and hard to quantify is why statutes such as the Fair Credit Reporting Act provide for modest damages without proof of injury." *Murray,* 434 F.3d at 953. It is Plaintiff's prerogative to choose a statutory measure of compensatory damages. And as Plaintiff points out, Defendant's argument, if accepted, would provide Defendants with *more* protection the *more* often they violate the law. The Court declines to offer that kind of protection.

4. Defendant's Vagueness Argument Fails.

15 U.S.C. § 1681c(g) provides that " [n]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." Defendant argues that this provision is vague and ambiguous because while it is clear that it prohibits printing more than five digits of the credit card number, it is unclear whether the statute prohibits printing any digits of the expiration date, or merely prohibits printing more than the last five digits of the expiration date, Defendant's argument seems plausible at first blush, but fails under closer scrutiny. Plaintiff asserts that credit card expiration dates are typically four digits (*e.g.,* 01-99) rarely six digits (*e.g.,* 01-31-99), and never eight digits (*e.g.,* 01-31-1999). Taking this reasonable assertion as true, it is immediately apparent that Congress could not have intended to prohibit only the printing of more than five digits of the expiration date. Such a prohibition would be utterly meaningless for all cards having a four-digit expiration date, and even in the case of six-digit expiration dates it would only protect the first digit of the entire date, *which can only be a one or zero.* Finally, even in the case of

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                    Page 4

Not Reported in F.Supp.2d, 2007 WL 1500853 (C.D.Cal.)

**(Cite as: Not Reported in F.Supp.2d)**

eight-digit dates (which the Defendant proffers as a legitimate possibility (*see* Def's. Mot. 18 n10)), the prohibition would only protect three digits, two of which (the digits representing the month) represent only 12 combinations, and the other of which (the first digit of the day of the month) must be a number between 0 and 3, The Court finds that no reasonable person could believe that Congress intended to protect cardholders' expiration date in such a way. The plain meaning of § 1681c(g) is that a retailer may not print more than the last five digits of the credit card number, and may not print the expiration date. The Court rejects Defendant's argument that the statute is vague and ambiguous.

5. Defendant's argument that Plaintiff has not adequately pled " willfulness" fails.

**\*4** Defendant next argues that Plaintiff has failed to adequately plead that Defendant *willfully* violated the statute. Defendant asserts that Plaintiff's allegations of willfulness are " conclusory" and that they " fail to set forth *how* Defendant willfully violated the statute." (Def.'s Mot. 19)(emphasis added.) Defendant's argument lacks merit. It is well-established law that " Plaintiff need not prove evidentiary facts or set forth a complete and convincing picture of the alleged wrongdoing." Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* 8:28.1. (The Rutter Group 2006). Moreover, as Plaintiff argues, " willfulness" is not an element of the underlying conduct at issue, but merely a prerequisite to the awarding of statutory, as opposed to actual, damages. *See* 15 U.S.C. §§ 1681c(g), 1681 n(a); *see also* 15 U.S.C. § 1681o (providing actual damages for *negligent* violations of § 1681c(g)). The Court rejects Defendant's argument.

6. Defendant's motion to strike Plaintiff's request for punitive damages.

On the basis of its assertion that Plaintiff has failed to allege willfulness, Defendant moves that Plaintiff's request for punitive damages should be stricken. The Court rejects Defendant's argument that Plaintiff failed to adequately plead willfulness; as a result, Defendant's motion to strike is DENIED.

7. Defendant's Motion for a More Definitive Statement.

Also based on its argument regarding Plaintiff's allegations of willfulness, Defendant moves alternatively for a More Definite Statement. For reasons already stated, this motion is DENIED.

8. Defendant's Requests for Judicial Notice.

In connection with its argument that the FCRA does not create a private right of action for violations of 15 U.S.C. § 1681c(g), Defendant asks that the Court take judicial notice of an amicus brief filed by the FTC in *Nelson v. Chase Manhattan Mortgage Corporation,* 2000 WL 33980550 (2000). (Def.'s Req. for Jud. Notice 2-15.) The thrust of the FTC's argument is that a private right of action is created by a *different* provision, § 1681s-2. Though this would seem at odds with Defendant's position, Defendant asserts that " [i]n this instance, the reasoning is far more important than the outcome."

Defendant's argument turns on the question of Congressional intent. Since the statute in question is completely unambiguous, resort to legislative intent is unnecessary and inappropriate. The FTC's amicus brief does *not* provide any support for the proposition that the statute at issue in this case is ambiguous; it is meant only to support Defendant's irrelevant foray into legislative intent. Thus the amicus brief is itself irrelevant, and as a result, the request for judicial notice is DENIED.

9. Plaintiff's Requests for Judicial Notice.

First, Plaintiff asks that the Court take judicial notice of President Bush's public statement upon signing the Fair and Accurate Credit Transactions Act of 2003, which amended several of the statutory provisions at issue in this case. (Pl.'s Req, for Jud. Notice Ex. 1.) This document is provided to refute Defendant's arguments with respect to legislative intent. As the statute in question is unambiguous, this document is irrelevant, and so the request for judicial notice is DENIED.

**\*5** Second, Plaintiff asks judicial notice of a Minute Order from *Clark v. Marshalls of MA, Inc.,* Case No. CV 06-8135 (C.D.Ca.2007). In essence Plaintiff asks that the Court take notice of a relevant legal precedent. As this is not a proper subject for judicial notice, Plaintiff's request is DENIED.

Finally, Plaintiff asks judicial notice of " Rules for Visa Merchants," " MasterCard Identification Features," and " Card Security Information Features," which seem to be advertising materials taken from the websites of various credit card companies. Not only are these inappropriate for judicial notice, they are inadmissible as evidence. Plaintiff has not shown how they are relevant. Moreover, the documents are unauthenticated and it is not clear when they were downloaded or whether they were available online during the relevant time period. The

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                 Page 5
Not Reported in F.Supp.2d, 2007 WL 1500853 (C.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

request is DENIED.

        10. Timeliness of Opposition Papers

Plaintiff served Defendant with copies of its opposition
papers by mail on March 26th; Plaintiff filed copies of the
opposition with the Court on March 27th. Local Rule 7-9
provides that opposition papers shall be served no later
than 14 days before the hearing on the motion; as a result,
the deadline for opposition papers was March 26, 2007.
The Court exercised its discretion to read the late-filed
opposition, but the Plaintiff is cautioned to comply with
all Local Rules in the future.

                *CONCLUSION*

Because Defendant has failed to establish that Plaintiff
cannot state a claim upon which relief can be granted, or
that Plaintiff has failed to properly allege that Defendant's
violation of the 15 U .S.C. § 1681 was willful, the Court
DENIES Defendant's motion to dismiss, its motion to
strike, and its motion for a more definite statement.

C.D.Cal.,2007.
Aeschbacher v. California Pizza Kitchen, Inc.
Not Reported in F.Supp.2d, 2007 WL 1500853 (C.D.Cal.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                              Page 1

Not Reported in F.Supp.2d, 2007 WL 1100412 (C.D.Cal.)

**(Cite as: Not Reported in F.Supp.2d)**

**C**

Clark v. Marshalls of MA, Inc.
C.D.Cal.,2007.
Only the Westlaw citation is currently available.
United States District Court,C.D. California.
Jessica CLARK
v.
MARSHALLS OF MA, INC.
**No. CV 06-8135 ABC (SHx).**

March 12, 2007.

Chant Yedalian, Douglas A. Linde, Erica L. Allen, Linde Law Firm, Los Angeles, CA, for Jessica Clark.

Heather C. Meservy, Leo P. Norton, Michelle C. Doolin, Cooley Goddard Kronish, San Diego, CA, for Marshalls of MA, Inc.

ORDER RE: Defendant's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) (In Chambers)

AUDREY B. COLLINS, Judge.

*1 Defendant Marshalls of CA, LLC's [FN1] (" Defendant" ) Motion to Dismiss, filed on February 16, 2007, is scheduled to be heard on March 19, 2007. The Court has determined that it does not require oral argument, and takes the motion off calendar. See Fed.R.Civ.P. 78; Local Rule 7-15. After consideration of the materials submitted by the parties and the case file, the Court hereby DENIES Defendant's Motion to Dismiss.

    FN1. Defendant, Marshalls of CA, LLC was improperly sued as Marshalls of MA, Inc.

Plaintiff Jessica Clark (" Plaintiff" ) alleges that Defendant violated the Fair and Accurate Transactions Act (" FACTA" ) [FN2] by printing the last four digits of Plaintiff's debit card number *and* the debit card expiration date on Plaintiff's receipt for her purchase at one of Defendant's stores in Los Angeles. Plaintiff asserts that this constitutes a willful violation of the FACTA, which states: " [n]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number *or* the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." **15 U.S.C. § 1681c(g)** (emphasis added). Because Plaintiff has alleged a " willful" violation of the FACTA, Plaintiff seeks statutory

damages. See 15 U.S.C. § 1681n.

    FN2. FACTA is a subset of statutes contained within the Fair Credit Reporting Act (" FCRA" ), codified at 15 U.S.C. § 1681, *et seq.*

In its motion, Defendant argues that Plaintiff has failed to adequately plead willfulness as required by 15 U.S.C. § 1681n. Specifically, Defendant argues that Plaintiff's Complaint contains only " cut-and-paste allegations" and that the receipt from Plaintiff's purchase (i.e., the receipt which Plaintiff alleges demonstrates Defendant violated the FACTA) " undercuts her willful violation claim." (Motion at 2:2-6). Plaintiff counters that its pleadings are adequate under the Federal Rules of Civil Procedure. The Court agrees.

The term willful, as used in the FACTA, means " reckless disregard" -i.e., a company is liable for a willful violation of the FACTA if it " knowingly and intentionally performs an act that violates [FACTA], either knowing that the action violates the rights of consumers, or in reckless disregard of those rights." *Reynolds v. Hartford Financial,* 435 F.3d 1081 (9th Cir.2006) (*citing* 15 U.S.C. § 1681n); *see also Stevenson v. TRW, Inc.,* 987 F.2d 288, 294 (5th Cir.1993) (to show willfulness under FACTA, Plaintiff need not show malice or evil motive).

Under Rule 8 of the Federal Rules of Civil Procedure, " each averment of a pleading [must be] simple, concise and direct." Fed.R.Civ.P. 8. Additionally, Rule 9 states that " [m]alice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed.R.Civ.P. 9(b). As a result, allegations regarding state of mind, such as willfulness, may be averred generally. Here, the allegations in Plaintiff's Complaint, which include allegations that Defendant was aware of the requirements imposed by the FACTA, yet despite this willfully printed prohibited information on her receipt are sufficient.

*2 Defendant's argument that the violation was only " partial" is irrelevant to the issue of whether the Complaint sufficiently states a claim for a willful violation of the FACTA. The Complaint clearly alleges that Defendant violated the FACTA by

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d, 2007 WL 1100412 (C.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

printing *both* the last four digits of Plaintiff's credit card number and the expiration date of Plaintiff's credit card on her receipt. Under the clear language of the FACTA, this is a violation. *See* **15 U.S.C. § 1681c(g)**.

Similarly, Defendant's argument that Plaintiff's receipt undercuts her willful violation claim is irrelevant. Defendant argues that the information on the receipt shows that Defendant attempted to comply with the FACTA requirements, but failed. Defendant speculates that the failure to comply may have been due to some mistake or technical problem. However, accepting as true all material allegations in the Complaint, and reading the Complaint in the light most favorable to the Plaintiff, Plaintiff has adequately plead a willful violation of the FACTA. *See Pareto v. F.D.I.C.,* 139 F.3d 696, 699 (9th Cir.1998). Defendant's assertions regarding the reasons for the violation do not bear on whether Plaintiff has properly plead a claim for willful violations of the FACTA.[FN3]

> **FN3.** Additionally, the Court agrees with Plaintiff's analysis of the authority cited by Defendant. Specifically, the Court finds that contrary to Defendant's assertions, the cases cited by Defendant do not stand for the proposition that Plaintiff must plead willfulness with specificity. Nor do they support Defendant's argument that Plaintiff's Complaint is deficient. *See e.g., Rush v. Macy's New York, Inc.,* 775 F.2d 1553, 1557 (11th Cir.1985) (examining issues relating to pleading requirements for a section of the FCRA dealing with consumer credit reports).

Accordingly, the Court hereby DENIES Defendant's motion to dismiss.

**IT IS SO ORDERED.**

C.D.Cal.,2007.
Clark v. Marshalls of MA, Inc.
Not Reported in F.Supp.2d, 2007 WL 1100412 (C.D.Cal.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**App. 000044**

Westlaw.

Not Reported in F.Supp.2d                                                                                    Page 1
Not Reported in F.Supp.2d, 2007 WL 845948 (C.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

C

Eskandari v. IKEA U.S. Inc.
C.D.Cal.,2007.
Only the Westlaw citation is currently available.
United States District Court,C.D. California.
Saed ESKANDARI
v.
IKEA U.S. INC., et al.
**No. SACV061248JVS(RNBX).**

March 12, 2007.

| Steve<br>Chung | Sharon<br>Seffens |
|---|---|
| Deputy<br>Clerk | Court<br>Reporter |
| Attorneys<br>Present for<br>Plaintiffs: | Attorneys<br>Present for<br>Defendants: |
| Gregory N.<br>Karasik | Jeffrey M.<br>Lenkov |
| J. Mark<br>Moore | David J.<br>Wilson |

Proceedings: Defendant's Motion to Dismiss

**\*1** Cause called and counsel make appearances. Tentative ruling issued. Counsel submit to tentative ruling. The Court denies defendant's motion to dismiss and rules in accordance with tentative as follows:

## I. *BACKGROUND*

This putative class action arises under the Fair Credit Reporting Act (" FCRA" ), 15 U.S.C. §§ 1681, *et seq.* The FCRA prohibits printing certain credit card or debit card information on receipts. *See* 15 U.S.C. § 1681c(g). Plaintiff Saeed Eskandari (" Eskandari" ) alleges that defendant IKEA U.S., Inc. (" IKEA" ) has willfully violated Section 1681c(g) by issuing receipts that included the restricted information. (*See* Complaint, ¶¶ 1, 10-11, 14-15, 24-25.) In the instant motion, IKEA moves to dismiss the complaint on the ground that the FCRA does not create a private right of action to enforce Section 1681c(g).

## II. *LEGAL STANDARD*

Ira Spiro, James Mark Moore, Spiro Moss Barness, Los Angeles, CA, for Saed Eskandari.
David J. Wilson, Jeffrey M. Lenkov, Michael Patrick O'Connor, Manning & MarderKass Ellrod Ramirez, Los Angeles, CA, for Ikea U.S. Inc.

CIVIL MINUTES-GENERAL
SELNA, J.

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss will not be granted unless it appears that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In resolving a Rule 12(b)(6) motion, the Court must construe the Complaint in the light most favorable to the plaintiff and must accept all well-pleaded factual allegations as true. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-38 (9th Cir.1996). The Court must also accept as true all reasonable inferences to be drawn from the material allegations in the Complaint. *Pareto v. F.D.I.C.,* 139 F.3d 696, 699 (9th Cir.1998).

## III. *DISCUSSION*

Whether the FCRA creates a private right of action to enforce Section 1681c(g) appears to be a matter of first impression. The FCRA provides generally that " [a]ny person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer ... or damages of not less than $100 or more than $1,000" plus reasonable attorney's fees. 15 U.S.C. § 1681n; *see*

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                              Page 2

Not Reported in F.Supp.2d, 2007 WL 845948 (C.D.Cal.)

**(Cite as: Not Reported in F.Supp.2d)**

*also* 15 U.S.C. § 1681o (establishing similar liability for negligent non-compliance). " That with these words Congress created a private right of action for consumers cannot be doubted. That right is to sue for violation of any requirement ' imposed with respect to any consumer." ' *Nelson v. Chase Manhattan Mortgage Corp.,* 282 F.3d 1057, 1059 (9th Cir.2002).

As used the FCRA, the term " consumer" means " an individual."   15 U.S.C. § 1681a(b). IKEA argues that there is no private right of action to enforce Section 1681c(g) because that section refers to " cardholders" rather than " consumers." *See* 15 U.S.C. § 1681c(g).[FN1] IKEA asserts that cardholders may be entities or individuals, and that Section 1681c(g) therefore imposes a broader requirement that cannot create liability under Section 1681n.[FN2] (*See* Def.'s Motion at 3-4 (" [A] private individual is given standing to sue to enforce only those FCRA requirements that apply only to individual consumers." ).)

> FN1. " [N]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided *to the cardholder* at the point of the sale or transaction." 15 U.S.C. § 1681c(g) (emphasis added).

> FN2. The Court need not decide whether the definition of " cardholder" set forth in the Truth in Lending Act at 15 U.S.C. § 1602(m) also applies to the FCRA as argued by IKEA. IKEA concedes that some cardholders are consumers, while Eskandari concedes that not all cardholders are consumers. For purposes of this motion, it is sufficient that Eskandari falls within that group of cardholders who are also consumers.

**\*2** The Court does not read Section 1681n so narrowly. A provision need not be explicitly directed at consumers to create liability. *See Nelson,* 282 F.3d at 1060 (15 U.S.C. § 1681s-2(b) may be enforced by private action even though it does not specifically mention " consumers"[FN3]). Although Section 1681c(g) applies to all cardholders and not just individual consumers, there can be no doubt that it creates requirements with respect to consumers because many of the cardholders are in fact individual consumers. Importantly, Congress did not explicitly prohibit private enforcement of Section 1681c(g) through Section 1681n. *Compare* 15 U.S.C. § 1681c(g) *with* 15 U.S.C. §§ 1681g(e)(6), 1681m(h)(8), 1681s-2(c).

> FN3. IKEA argues that Section 1681s-2(b) explicitly uses the term " consumer." (*See* Def.'s Reply at 13, *citing* 15 U.S.C. § 1681s-2(b)(1)(E).) At the time *Nelson* was decided, however, Section 1681s-2(b) only referred to " persons" and " consumer reporting agencies." The statute was amended by the Fair and Accurate Credit Transactions Act of 2003. *See* Pub.L. No. 108-159, § 314, 117 Stat.1952.

*Washington v. CSC Credit Services, Inc.,* 199 F.3d 263 (5th Cir.2000), upon which IKEA relies, is inapposite. *Washington* holds that " Congress vested the power to obtain injunctive relief [under the FCRA] solely with the [Federal Trade Commission]." *Id.* at 268. Eskandari does not request injunctive relief. He requests statutory damages, punitive damages, and attorneys' fees-relief that is specifically authorized by Section 1691n.

The Court finds that the plain language of Sections 1681c(g) and 1681n provides a private right of action for consumers. As this was a matter of first impression and because Section 1681c(g) does not use the term " consumers," the Court finds that IKEA's motion was not filed in bad faith or for purposes of harassment. Accordingly, the Court declines to award Eskandari attorney's fees under 15 U.S.C. § 1681n(c).

IV. *CONCLUSION*

For the foregoing reasons, IKEA's motion to dismiss is denied. The Court directs defendant to file their answer within 20 days.

C.D.Cal.,2007.
Eskandari v. IKEA U.S. Inc.
Not Reported in F.Supp.2d, 2007 WL 845948 (C.D.Cal.)

END OF DOCUMENT

**App. 000046**