### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| EDWARD A. BERMAN, on behalf of himself and all others similarly situated, </br></br> Plaintiff, </br></br> v. </br></br> IMNY, CHICAGO, LLC d/b/a Il Mulino, </br></br> Defendant. | Case No. 08 C 325 </br></br> Judge Amy J. St. Eve </br></br> Magistrate Judge Morton Denlow |

### DEFENDANTS' IMNY, CHICAGO, LLC'S
### REPLY IN SUPPORT OF MOTION TO DISMISS

Defendant, IMNY, CHICAGO, LLC (herein "IMNY"), through its attorneys Regas, Frezados & Dallas, LLP, requests this Court to Dismiss the Plaintiff's, Edward A. Berman's (herein "Berman"), First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and in reply to Plaintiff's Response in Opposition to Defendant's Motion to Dismiss states as follows:

The gravamen Defendant's Motion to Dismiss it that Plaintiff did not plead facts sufficient to raise his right to relief above the speculative level. The Plaintiff's Response in Opposition to Defendant IMNY, CHICAGO, LLC's Motion to Dismiss illustrates the Defendant's point by containing the very factual allegations he failed to include in his Complaint.

Plaintiff claims in his response that his Complaint makes the following allegation: "FACTA's requirements were publicized among merchants like *Il Mulino* … and card issuers . . . required merchants to comply by contract (Complaint ¶¶ 11-12)." However, Paragraphs 11-12 of Plaintiff's Complaint do not actually mention, or relate specifically to Il Mulino or allege that card issuers **required compliance** with FACTA. Plaintiff actually alleged that card issuers imposed "similar" requirements. Plaintiff thereby illustrates the insufficiency of the allegation in his

Complaint and seeks to rectify that lack. However, Plaintiff cannot cure a defect in his Complaint by improperly making a factual allegation in his response to a motion to dismiss.

Additionally, Plaintiff (improperly) pleads the factual allegation in his response that "the restaurant has been doing business for 23 years"; again Plaintiff waits to make this factual allegation in his response.[1] Plaintiff's failure to specifically tie the Defendant into his allegations in his Complaint forms the basis behind Defendant's Motion to Dismiss. Defendant's objection to Plaintiff's Complaint dealt with this very **failure to allege** these necessary facts in the Complaint.

The Plaintiff fails to allege the following necessary facts in his Complaint: (1) the Defendant was a merchant accepting credit cards during 2003; (2) the Defendant **knew** of FACTA's requirements; (3) contracts entered into by the Defendant **informed** the Defendant of FACTA's requirements; (4) Defendant knew it was in violation of FACTA; or, (5) Defendant's belief that it was not in violation of FACTA was reckless.

Plaintiff's response only serves to highlight the fact that these allegations are specifically absent from Plaintiff's Complaint. Plaintiff refers this Court to the numerous orders entered denying similar motions to dismiss; Plaintiff fails, however, to address Defendant's illustration of how Plaintiff's Complaint differs substantially from the Complaints that survived a motion to dismiss. In fact, the cases cited by Plaintiff illustrate the ease with which Plaintiff's allegations could have raised his right to relief above the speculative level. Taking all of Plaintiff's factual allegations as true, the Plaintiff and this Court must speculate upon the nexus between these allegations and the Defendant. Plaintiff's statement that these substantial differences are "distinctions without a difference" is flawed.

**WHEREFORE**, Defendant, IMNY, CHICAGO, LLC, prays that this Court enter an Order:

---

[1] Plaintiff is being disingenuous because the Defendant **was not formed as a corporate entity** in Delaware until May, 2005, and was not domesticated in Illinois until December, 2005. In short, the Defendant did not come into being until mid 2005. These facts are readily ascertainable from the respective web-sites for the secretary's of each respective state.

2

1. Dismissing Count I;

2. Alternatively, order plaintiffs to provide a more definite statement concerning the factual circumstances underlying their claims;

3. Dismissing Count II with prejudice; and,

4. Any other relief this Court deems fair and just.

Dated: May 15, 2008

                        IMNY, CHICAGO, LLC

                        By: s/ John B. Wolf
                        Regas, Frezados & Dallas, LLP
                        Attorney for Defendant
                        111 W. Washington St., Suite 1525
                        Chicago, Illinois 60602

John B. Wolf (ARDC No. 6287700)
William D. Dallas (ARDC No. 618678)
Regas, Frezados & Dallas, LLP
Attorneys for Defendant
111 W. Washington St., Suite 1525
Chicago, Illinois 60602
Phone (312) 236-4400

## SERVICE OF DOCUMENTS BY ELECTRONIC MEANS

The undersigned hereby certifies that on April 25, 2008 he caused the foregoing document to be filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, by using its Electronic Case Filing System which will send a Notice of Electronic Filing to the following Filing Users:

**John B. Wolf**

**Terrence Buehler**

**Jeffrey J. Halldin**

The undersigned also certifies that on the above date he caused the foregoing document to be mailed by United States Postal Service to the following non-Filing Users:

Not Applicable

By: s/ John B. Wolf
Regas, Frezados & Dallas, LLP
Attorney for Defendant
111 W. Washington St., Suite 1525
Chicago, Illinois 60602
Phone: (312) 236-4400
Fax: (312) 236-1129
Email: jwolf@rfd-law.com