# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 325 | **DATE** | 5/16/2008 |
| **CASE TITLE** | Berman vs. IL Mulino, Inc. | | |

**DOCKET ENTRY TEXT**

The Court grants in part and denies in part Defendant's motion to dismiss [19]. Answer due on or before 6/4/08.

■ [ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Plaintiff Edward Berman, on behalf of himself and all others similarly situated, brought the present two-count First Amended Complaint pursuant to the Fair and Accurate Transactions Act of 2003 ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681 *et seq.*, against Defendant IMNY, Chicago, d/b/a Il Mulino. Before the Court is Defendant's Motion to Dismiss Berman's First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants in part and denies in part Defendant's motion. Specifically, the Court dismisses Count II of the First Amended Complaint with prejudice.

## LEGAL STANDARD

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint." *Christensen v. County of Boone, Ill.*, 483 F.3d 454, 458 (7th Cir. 2007). Under Fed. R. Civ. P. 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which is rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 506, 122 S. Ct. 992, 152 L.Ed. 2d 1 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Under Rule 8(a)(2), a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1959 (2007). Put differently, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 127 S.Ct. at 1974; *see also Limestone Dev. Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008) (amount of factual allegations required to state a plausible claim for relief depends on complexity of legal theory). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007).

**STATEMENT**

**BACKGROUND**

In his First Amended Complaint, Berman brings a class action claim under 15 U.S.C. §1681c(g), which provides:

> No person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

15 U.S.C. § 1681c(g)(1). Berman specifically alleges that on December 4, 2007, he dined at Defendant's restaurant, Il Mulino, and paid for his meal using a credit card. (R. 8-1, First Am. Compl. ¶ 14.) Berman also alleges that the printed receipt from Il Mulino included both the last four digits of his credit card number and the credit card's expiration date. (*Id*. ¶¶ 14, 24.)

**ANALYSIS**

**I.      Count I – Statutory Damages**

First, Defendant argues that Count I should be dismissed under Rule 12(b)(6) because Berman's Section 1681c(g)(1) claim fails to give notice of the conduct and facts that form the basis of his claim. Specifically, Defendant maintains that Berman's allegations of willfulness are vague and conclusory.

The Seventh Circuit recently explained that sufficient factual allegations constituting "enough facts to state a claim to relief that is plausible on its face," *see Twombly,* 127 S.Ct. at 1974, depend on the complexity of the case. *See Limestone Dev. Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008). For example, complex antitrust or RICO cases require a fuller set of factual allegations to meet the *Twombly* standard. *See id.* Here, Berman brings a straight-forward FACTA claim based on his receipt from dining at Il Mulino that contained Berman's expiration date in violation of Section 15 U.S.C. § 1681c(g)(1).

Despite Defendant's argument to the contrary, Berman has set forth sufficient allegations that Defendant's actions were willful, including allegations that FACTA was enacted in 2003 giving merchants three years to comply with the law's requirements. (First Am. Compl. ¶¶ 9, 10.) Berman further alleges that after FACTA was enacted, its requirements were widely publicized to merchants accepting credit cards. (*Id.* ¶¶ 11, 12.) Also, Berman states that the vast majority of merchants accepting credit and debit cards replaced or re-programmed their equipment to comply with FACTA's truncation requirement. (*Id.* ¶ 14.) Berman also alleges that Defendant's failure to comply with FACTA was willful. (*Id.* ¶ 25.) Accepting Berman's allegations as true, these allegations plausibly suggest that Defendant violated Section 1681c(g)(1) based on Defendant's reckless or knowing violations of the truncation requirement. *See Safeco Ins. Co. v. Burr,* 127 S.Ct. 2201, 2208-10 (2007) (willfulness includes both reckless and knowing violations of statute); *see also, Follman v. Hospitality Plus of Carpentersville, Inc.,* 532 F.Supp.2d 960, 962 (N.D. Ill. 2007); *Iosello v. Leiblys, Inc.,* 502 F.Supp.2d 782, 785 (N.D. Ill. 2007); *see, e.g., Troy v. Home Run Inn, Inc.,* No. 07 C 4331, 2008 WL 1766526, at *2 (N.D. Ill. Apr. 14, 2008) (collecting cases). The Court thereby denies Defendant's Motion to Dismiss Count I of the First Amended Complaint.

**II.     Count II – Injunctive Relief**

Next, Defendant argues that the Court should dismiss Count II of the First Amended Complaint because Berman lacks standing to seek injunctive relief under FACTA. Berman agrees and voluntarily

**STATEMENT**

withdraws Count II of the First Amended Complaint.  The Court thus grants Defendant's Motion to Dismiss Count II.