**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| EDWARD A. BERMAN, on behalf of himself and all others similarly situated, | ) | |
| | ) | Case No. 08 C 325 |
| Plaintiff, | ) | |
| | ) | Judge Amy J. St. Eve |
| v. | ) | |
| | ) | Magistrate Judge Morton Denlow |
| IMNY, CHICAGO, LLC d/b/a Il Mulino, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER TO**
**PLAINTIFF'S FIRST AMENDED COMPLAINT**

IMNY, CHICAGO, LLC (herein "Defendant"), by its attorneys, answers EDWARD A. BERMAN's (herein "Plaintiff") First Amended Complaint as follows:

**INTRODUCTION**

1. This action is brought under the Fair Credit Reporting Act ("FCRA") as amended by the Fair and Accurate Credit Transactions Act ("FACTA"). FACTA provides that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." 15 U.S.C. § 1681 c (g) (1). Defendant is violating FACTA by printing receipts that include the expiration dates of its customers' credit and debit cards. Plaintiff, on behalf of himself and all others similarly situated, seeks (a) an injunction prohibiting Defendant from printing this information on its customers' receipts in the future and (b) statutory damages for Defendant's violations to date.

ANSWER:

In response to Paragraph 1 of the Complaint, Defendant admits that Plaintiff has brought this action, admits that Plaintiff cites a portion of 15 U.S.C. § 1681 c (g) (1), denies that it is violating FACTA by printing receipts that include the expiration dates of its customers' credit and debit cards, is without sufficient knowledge to form a belief as to the truth of the averments that Plaintiff has brought this action on behalf of himself and

all others similarly situated. To the extent that Paragraph 1 may be construed as alleging that Plaintiff is entitled to pursue his claim on any theory, or that he is entitled to any relief, that allegation is denied.

**PARTIES**

2. Plaintiff Edward A. Berman is a resident of Chicago, Illinois.

ANSWER

Defendant is without sufficient knowledge to form a belief as to the truth of the averments in paragraph 2.

3. Defendant is a limited liability company organized under the laws of Delaware with its principle [*sic*] office in New York, New York. Defendant operates a restaurant in Chicago, Illinois.

ANSWER

Defendant admits the allegations of Paragraph 3.

**JURSIDICTION AND VENUE**

4. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and 15 U.S.C. § 1681 because the claims asserted herein arise under the Fair Credit Reporting Act as amended by the Fair and Accurate Credit Transactions Act, 15 U.S.C. § 1681 c.

ANSWER

Defendant admits the allegations of Paragraph 4.

5. Venue is proper in this judicial district under U.S.C. § 1391 (b) because a substantial portion of the transaction alleged herein occurred here.

ANSWER

Defendant admits that venue is proper in this judicial district, but to the extent that Paragraph 5 may be construed as alleging that Plaintiff is entitled to pursue his claim on any theory, or that he is entitled to any relief, that allegation is denied.

**FACTUAL ALLEGATIONS**

6. Over the past several years, identity theft has become a growing concern for both consumers and businesses. In 1999, the Federal Trade Commission ("FTC") began collecting complaints of identity theft from consumers, but even after collecting over 600,000 complaints, it was unable to draw any firm conclusions about the problem in the general population. To get a better sense of the problem, the FTC commissioned a survey on identity theft in 2003. The results of the survey were astounding: nearly 10 million people in the year preceding the survey were victims of some form of identity theft which resulted in nearly $48 billion in losses to businesses and $5 billion in losses to individuals. The FTC also found that the incidence of identity theft had doubled each year in the two to three years preceding the survey.

ANSWER

Defendant is without sufficient knowledge to form a belief as to the truth of the averments in paragraph 6.

7. A common form of identity theft is accomplished by obtaining credit card information from lost or discarded receipts and using the information to engage in fraudulent credit transactions. Individuals using this form of identity theft are known as "dumpster divers."

ANSWER

Defendant is without sufficient knowledge to form a belief as to the truth of the averments in paragraph 7.

8. In response to the threat of dumpster diving, many states enacted laws prohibiting merchants from printing certain information on receipts such as credit card numbers and expiration dates, both of which are required to enter into credit transactions.

ANSWER

Defendant is without sufficient knowledge to form a belief as to the truth of the averments in paragraph 8.

9. In 2003, Congress addressed these same concerns by enacting the Fair and Accurate Credit Transactions Act ("FACTA"). FACTA amended the Fair Credit Reporting Act by prohibiting merchants from printing certain information on receipts. Under FACTA's truncation provision, "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or

the expiration date upon any receipt provided to the cardholder at the point of sale or transaction." 15 U.S.C. § 1681 c (g) (1).

ANSWER

Defendant admits that Congress enacted FACTA in 2003, admits that Plaintiff cites portions of 15 U.S.C. § 1681 c(g)(1), but to the extent that Paragraph 9 may be construed as alleging that Plaintiff is entitled to pursue his claim on any theory, or that he is entitled to any relief, that allegation is denied.

10. Recognizing that merchants may have to replace or reprogram their credit and debit card processing equipment, Congress created a phase-in period for FACTA's truncation requirement. Under this provision, merchants were required to comply with FACTA:

> (A) 3 years after December 4, 2003, with respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that is in use before January 1, 2005; and
>
> (B) 1 year after December 4, 2003, with respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that is first put to use on or after January 1, 2005.

15 U.S.C. § 1681 c (g) (3). In other words, FACTA covers new equipment since January 1, 2005 and old equipment since December 4, 2006.

ANSWER

Defendant denies the averments in paragraph 10 to the extent that they are inconsistent with 15 U.S.C. § 1681 c (g) (3), or any cited statutory provision. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining averments in paragraph 10.

11. After FACTA was enacted, its requirements were widely publicized among merchants accepting credit cards. For example, Visa, MasterCard, the PCI Standards Council (a consortium founded by Visa, MasterCard, Discover, American Express and JCB) and companies selling credit card processing equipment informed their customers of FACTA and its truncation requirement.

ANSWER

Defendant is without sufficient knowledge to form a belief as to the truth of the averments in paragraph 11.

12. In addition, credit card companies such as Visa, MasterCard and American Express imposed truncation requirements similar to FACTA's on merchants accepting their cards as early as July 2003. By contract, card issuing organizations also required merchants to truncate credit info well before FACTA took effect.

ANSWER

Defendant is without sufficient knowledge to form a belief as to the truth of the averments in paragraph 12.

13. On information and belief, the vast majority of merchants accepting credit and debit cards replaced or reprogrammed their equipment to comply with FACTA's truncation requirements.

ANSWER

Defendant is without sufficient knowledge to form a belief as to the truth of the averments in paragraph 13.

14. On December 4, 2007, Plaintiff dined at Defendant's restaurant and paid for his meal using a credit card. Plaintiff received a printed receipt from Defendant that included both the last four digits of his credit card number and the card's expiration date.

ANSWER

Defendant is without sufficient knowledge to form a belief as to the truth of the averments in paragraph 14.

**CLASS ALLEGATIONS**

15. Plaintiff brings this action as a class action under the Federal Rule of Civil Procedure 23 on behalf of a class consisting of the following individuals (the "Class"):

> All persons to whom Il Mulino provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring on or after January 1, 2005, which receipt displays (a) more than the last five digits of the person's credit card or debit card number or (b) the expiration date of the person's credit card or debit card.

ANSWER

Defendant is without sufficient knowledge to form a belief as to the truth of the averments in paragraph 15.

16. The Class is so numerous that joinder of all members is impracticable. On information and belief, the Class includes thousands of individuals. Although Plaintiff is presently unaware of the exact number of Class members or their identities, this information can be obtained in discovery.

ANSWER

Defendant is without sufficient knowledge to form a belief as to the truth of the averments in paragraph 16.

17. There are questions of law and fact common to the Class which questions predominate over any questions affecting only individual members. These questions include the following:

a. Whether Defendant's credit card equipment was programmed to print more than the last five digits of its customer's credit card numbers or the expiration date;

b. If so, whether Defendant's conduct violated FACTA;

c. If so, whether Defendant's conduct was willful;

d. If so, the appropriate measure of statutory damages; and

e. If so, the appropriate measure (if any) of punitive damages.

ANSWER

Defendant is without sufficient knowledge to form a belief as to the truth of the averments in paragraph 17.

18. Plaintiff's claims are typical of the claims of the Class. Plaintiff suffered similar injuries as those suffered by other members of the Class as a result of Defendant's failure to comply with FACTA.

ANSWER

Defendant is without sufficient knowledge to form a belief as to the truth of the averments in paragraph 18.

19. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has no interests that conflict with the interests of the Class, and the Plaintiff has retained counsel experienced in Class action litigation.

ANSWER

Defendant is without sufficient knowledge to form a belief as to the truth of the averments in paragraph 19.

20. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

ANSWER

Defendant is without sufficient knowledge to form a belief as to the truth of the averments in paragraph 20.

**COUNT I**
**Violation of the Fair Credit Reporting Act**
**15 U.S.C. § 1681 c (g)**

21. Plaintiff repeats and re-alleges each and every allegation above as though fully set forth herein.

ANSWER

Defendant repeats and re-alleges each and every answer above as though fully set forth herein.

22. The Fair Credit Reporting Act as amended by the Fair and Accurate Credit Transactions Act provides as follows:

> [N]o person that accepts credit or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

15 U.S.C. § 1681 c (g) (1).

ANSWER

Defendant admits that Plaintiff partially cites 15 U.S.C. § 1681 c (g) (1), but denies the averments in paragraph 22 to the extent they are inconsistent with the cited statute.

23. Defendant accepts credit cards and debit cards for the transaction of business.

ANSWER

Defendant admits the allegations of Paragraph 23.

24. Defendant violated FACTA by printing the expiration date of Plaintiff's credit card upon the receipt it provided to Plaintiff at the point of sale or transaction.

ANSWER

Defendant denies the averments in paragraph 24.

25. In light of the information supplied by credit card companies and organizations, as well as any contractual obligations imposed upon Defendant, Defendant's failure to comply with FACTA's truncation requirement was willful.

ANSWER

Defendant denies the allegations of Paragraph 25.

26. Because Defendant willfully violated FACTA, it is liable for statutory damages in the amount of $100 to $1,000 per violation, punitive damages, attorney's fees and costs.

ANSWER

Defendant denies the allegations of Paragraph 26.

**COUNT II**
**Injunctive Relief**

Count II of Plaintiff's Complaint has been dismissed with prejudice, and no further answers are required.

**Affirmative Defenses**

Defendant's alleged conduct of printing the expiration date on customer receipts prior to June 3, 2008 is not willful noncompliance of FACTA as a matter of law under the Fair Credit and Reporting Act as amended by the "Credit and Debit Card Receipt Clarification Act" signed into law on June 3, 2008 (H.R. 4008).

Defendant reserves the right to assert affirmative defenses as investigation and discovery proceed.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant IMNY, CHICAGO, LLC prays that this Court enter judgment in its favor and against the Plaintiff EDWARD A. BERMAN and any Class of Plaintiffs.

Dated: June 4, 2008

IMNY, CHICAGO, LLC

By: s/ John B. Wolf
Regas, Frezados & Dallas, LLP
Attorney for Defendant
111 W. Washington St., Suite 1525
Chicago, Illinois 60602

John B. Wolf (ARDC No. 6287700)
William D. Dallas (ARDC No. 618678)
Regas, Frezados & Dallas, LLP
Attorneys for Defendant
111 W. Washington St., Suite 1525
Chicago, Illinois 60602
Phone (312) 236-4400

**SERVICE OF DOCUMENTS BY ELECTRONIC MEANS**

The undersigned hereby certifies that on June 4, 2008 he caused the foregoing document to be filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, by using its Electronic Case Filing System which will send a Notice of Electronic Filing to the following Filing Users:

**John B. Wolf**

**Terrence Buehler**

**Jeffrey J. Halldin**

The undersigned also certifies that on the above date he caused the foregoing document to be mailed by United States Postal Service to the following non-Filing Users:

Not Applicable

By: s/ John B. Wolf

Regas, Frezados & Dallas, LLP
Attorney for Defendant
111 W. Washington St., Suite 1525
Chicago, Illinois 60602
Phone: (312) 236-4400
Fax: (312) 236-1129
Email: jwolf@rfd-law.com