**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| EDWARD A. BERMAN, on behalf of himself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No.  08 C 325 |
| v. ) ) | Judge Amy J. St. Eve |
| IMNY, CHICAGO, LLC d/b/a Il Mulino, ) ) | Magistrate Judge Morton Denlow |
| Defendant. ) | |

**PLAINTIFF'S STATEMENT CONCERNING THE CREDIT**
**AND DEBIT CARD RECEIPT CLARIFICATION ACT OF 2007**

Plaintiff EDWARD A. BERMAN, by his attorneys, submits this statement concerning the impact that the Credit and Debit Card Receipt Clarification Act of 2007 has on his Fair Credit Reporting Act claims pursuant to the Court's order of June 19, 2008.

**BACKGROUND**

Berman filed this putative class action on January 15, 2008, alleging that Il Mulino willfully violated the Fair Credit Reporting Act ("FCRA") as amended by the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681c(g), by printing its customers' credit and debit card expiration dates on their receipts.  On May 16, 2008, the Court denied Il Mulino's motion to dismiss Berman's claim for statutory damages and on June 4, 2008, Il Mulino answered the complaint.

On June 3, 2008, the FCRA was amended by the Credit and Debit Card Receipt Clarification Act of 2007 ("Clarification Act"), to provide as follows:

> For the purposes of this section, any person who printed an expiration date on any receipt provided to a consumer cardholder at a point of sale or transaction between December 4, 2004, and the date of the enactment of this subsection but otherwise complied with the requirements of section 605(g) for such receipt shall

>   not be in willful noncompliance with section 605(g) by reason of printing such expiration date on the receipt.

15 U.S.C. § 1681n(d). Section 3(b) of the Clarification Act further provides that the amendment "shall apply to any action, other than an action which has become final, that is brought for a violation of 605(g) of the Fair Credit Reporting Act to which such amendment applies without regard to whether such action is brought before or after the date of the enactment of this Act."

On June 11, 2008, counsel for Berman offered to voluntarily dismiss this action pursuant to Rule 41(a)(1)(ii) by filing a stipulation of dismissal signed by counsel for both parties. Counsel for Il Mulino responded on June 20, 2008, stating that the dismissal should be with prejudice.

### STATEMENT

There is a strong presumption that statutes apply prospectively only, but clear legislative intent to apply a statute retroactively can defeat the presumption and will be given effect unless it would violate the Constitution. *Landgraf v. USI Film Products*, 511 U.S. 244, 265 (1994); *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 619-20 (7th Cir. 2007); *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 536 (7th Cir. 2007).

The Clarification Act is intended to apply retroactively. By its terms, the Act covers transactions that occurred between December 4, 2004 and June 3, 2008 (its date of enactment) and "applies without regard to whether such action is brought before or after the date of the enactment of this Act." In fact, because the Act only covers transactions between December 4, 2004 and the date of its enactment, it appears that Congress intended it to apply retroactively but not prospectively.

Berman does not presently wish to challenge the constitutionality of the Clarification Act, but requests that any dismissal of his claims be without prejudice in case circumstances change.

2

## CONCLUSION

For the foregoing reasons, the Court should dismiss this action pursuant to Rule 41(a)(2) without prejudice, each side to bear their own costs.

Dated: June 24, 2008            Respectfully submitted,

EDWARD A. BERMAN, on behalf of himself and all others similarly situated, Plaintiff

By:    /s/ Jeffrey J. Halldin
BUEHLER & WILLIAMS
Attorney for Plaintiff
161 North Clark Street
Suite 2210
Chicago, Illinois 60601
Phone: (312) 372-2209
Fax:    (312) 456-3838
Email: jhalldin@touhylaw.com

**SERVICE OF DOCUMENTS BY ELECTRONIC MEANS**

The undersigned hereby certifies that on June 24, 2008 he caused the foregoing document to be filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, by using its Electronic Case Filing System which will send a Notice of Electronic Filing to the following Filing Users:

**John B. Wolf**

**Terrence Buehler**

**Jeffrey J. Halldin**

The undersigned also certifies that on the above date he caused the foregoing document to be mailed by United States Postal Service to the following non-Filing Users:

Not Applicable

    /s/   Jeffrey J. Halldin
BUEHLER & WILLIAMS
Attorney for Plaintiff
161 North Clark Street
Suite 2210
Chicago, Illinois 60601
Phone: (312) 372-2209
Fax:    (312) 456-3838
Email: jhalldin@touhylaw.com